UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and <br> MATTHEW BOGACZ, <br> Plaintiffs <br><br> v. <br><br> TOWN OF AGAWAM, TOWN OF AGAWAM <br> POLICE DEPT., AGAWAM POLICE CHIEF <br> ROBERT CAMPBELL, ANTHONY GRASSO, <br> JAMES WHEELER, RICHARD NILES, <br> KEITH BOPKO, JOHN MOCCIO, <br> OFFICER MCGOVERN, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANTS' DISCOVEY RESPONSES

The Plaintiffs, Deborah St. Peter and Matthew Bogacz, pursuant to Fed. R. Civ. Pro. 37(a) hereby request this Honorable Court to order the Defendants, Town of Agawam, Town of Agawam Police Dept., Agawam Police Chief Robert Campbell, Anthony Grasso, James Wheeler, Richard Niles, Keith Bopko, John Moccio, and Officer McGovern, to compel and disclose their answers and responses to the Plaintiffs discovery requests.

As reasons therefor, the Plaintiffs state the following:

1)   On or about August 16, 2004, on behalf of the Plaintiffs, attorney Dawn D. McDonald, Esq., did send via first class mail, directly to defense counsel, Jeffrey L. McCormick, Esq., Interrogatories and Requests for Production of Documents, from both Plaintiffs, Deborah St. Peter and Matthew Bogacz, to all named Defendants. (See all requests attached hereto and marked Exhibit "A.")

2)   On or about September 22, 2004, Plaintiffs attorney did correspond with defense counsel stating no responses had been made to the Plaintiffs discovery, and that no

extension of time had been requested by defense counsel. (See letter dated 9/22/04, attached hereto and marked Exhibit "B.")

3) On or about October 5, 2004, the Plaintiffs attorney again corresponded with defense counsel requesting responses to the Plaintiffs discovery, or for defense counsel to request an extension of time, if needed. (See letter dated 10/5/04, attached hereto and marked Exhibit "C.")

4) On or about November 5, 2004, Plaintiffs attorney sent further correspondence to defense counsel requesting a response from him in regard to when the Defendants would be able to comply with previously sent discovery requests, or when defense counsel would request an extension of time, neither of which had still been addressed by defense counsel. (See letter dated 11/5/04, attached hereto and marked Exhibit "D.")

5) On or about November 19, 2004, Plaintiffs attorney corresponded with defense counsel noticing depositions of the Defendants, and again addressing Defendants' failure to answer discovery requests. (See letter dated 11/19/04, attached hereto and marked Exhibit "E.")

6) On or about November 24, 2004, defense counsel corresponded with Plaintiffs attorney by way of a reply to Plaintiffs attorney's previous correspondence of November 19, 2004, stating he would be unavailable for the previously noticed depositions and further indicating that he wanted to discuss the scheduling of getting to Plaintiffs' counsel, the Defendants discovery responses. (See letter dated 11/24/04, attached hereto and marked Exhibit "F.")

7) On or about 11/29/04, Plaintiffs counsel telephoned defense counsel to discuss the lateness of the Defendants' discovery requests. Plaintiffs counsel left a message for defense counsel to call her, but did not receive a reply.

8) To this date, Plaintiffs attorney has still not received any form of response to the Plaintiffs discovery requests despite the aforementioned correspondence.

9) On or about November 18, 2004, defense counsel presented this Honorable Court with an Assented to Motion to Amend Scheduling Order. On or about November 19, 2004, this Honorable Court granted the defense counsel's motion and extended the discovery deadline to January 18, 2005.

10) Pursuant to the Court's current Scheduling Order, the Plaintiffs have only one month to obtain and review voluminous discovery responses from the Defendants, and to take seven depositions prior to the discovery deadline.

11) Review of the responses to the Plaintiffs written discovery requests are required before the Plaintiffs can proceed with taking the Defendants' depositions.

WHEREFORE, the Plaintiffs request that pursuant to Fed. R. Civ. Pro. 37(a) this Honorable Court allow Plaintiffs Motion to Compel Defendants' Discovery Responses against all Defendants and to further grant the Plaintiffs their right to reasonable attorneys fees, costs and expenses, necessitated by the filing of this motion, pursuant to Fed. R. Civ. Pro. 37(4)(a).

THE PLAINTIFFS
DEBORAH ST. PETER &
MATTHEW BOGACZ

By: _____
Dawn D. McDonald, Esq., BBO # 647256
Lisa Brodeur-McGan, Esq., BBO# 556755
Cooley Shair
1380 Main Street
Springfield, MA 01103
(413) 781-0750
(413) 733-3042 (facsimile)

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO RULE 37.1

I, Dawn D. McDonald, Esq., hereby certify that I discussed through oral and written communications, the aforementioned discovery dispute with Defense Counsel on:

| | | | |
|---|---|---|---|
| 1) | 8/16/04 | Written correspondence | Exhibit "A." |
| 2) | 922/04 | Written correspondence | Exhibit "B." |
| 3) | 10/5/04 | Written correspondence | Exhibit "C." |
| 4) | 10/29/04 | Telephone call | |
| 5) | 11/01/04 | Telephone call | |
| 6) | 11/5/04 | Written correspondence | Exhibit "D." |
| 7) | 11/18/04 | Written correspondence | Exhibit "G." |
| 8) | 11/19/04 | Written correspondence | Exhibit "E." |
| 8) | 11/24/04 | Written correspondence | Exhibit "F." |
| 9) | 11/29/04 | Telephone call | |

_____
Dawn D. McDonald, Esq.

## CERTIFICATE OF SERVICE

I, Dawn D. McDonald, Esq., hereby certify that on this ____17th____ of December, 2004, I caused the foregoing document to be served upon all the Defendants listed in motion, via first class mail, as follows: Jeffrey L. McCormick, Esq., Robinson Donovan, 1500 Main Street, Suite 1600, P. O. Box 15609, Springfield, MA 01103.

_____
Dawn D. McDonald, Esq.

4