UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

DEBORAH ST. PETER and )
MATTHEW BOGACZ, )
    Plaintiffs )
v. )
  )
TOWN OF AGAWAM, TOWN OF AGAWAM )
POLICE DEPT., AGAWAM POLICE CHIEF )
ROBERT CAMPBELL, ANTHONY GRASSO, )
JAMES WHEELER, RICHARD NILES, )
KETIH BOPKO, JOHN MOCCIO, )
OFFICER MCGOVERN, )
    Defendants )

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE THEIR DISCOVERY

Now come the Plaintiffs in the above-entitled matter and respectfully request this Honorable Court allow the Plaintiffs exclusively additional time within which they can complete their discovery.

As grounds for this request, the Plaintiffs assert the following:

1. Plaintiffs originally sent the Defendants interrogatories and requests for production of documents on or about August 16, 2004.

2. After numerous extensions were granted by both Plaintiffs' counsel and the Court to the Defendants to respond to Plaintiffs' discovery requests, Plaintiffs finally received most of the responses to their document requests on February 4, 2005; the deadline set by the Court.

3. While Defendants provided a voluminous amount of documentation to the Plaintiffs pursuant to their request, a review of the Defendants' responses revealed that there were a number of document responses missing to which the Plaintiffs believe they are entitled, and other documents which the Defendants mistakenly left out of their response.

4. Thereafter, Plaintiffs counsel sent a Rule 37 letter to defense counsel and, since that time, has been actively working with defense counsel to resolve outstanding discovery issues with respect to document responses.

5. The parties have drafted and agreed to a Confidentially Agreement to protect the parties with respect to any personal and private information which may be contained in personnel files and internal affair files, which Plaintiffs have requested but have not yet received from the Defendants, and with respect to medical and psychiatric records from the Plaintiff requested by the Defendants but not yet produced.

6. Additionally, Plaintiffs have proposed mediation to defense counsel prior to the taking of depositions, however defense counsel has not had an opportunity to present this option to their clients as of this date. Defense counsel will recommend mediation to the Defendants.

7. The Plaintiffs have noticed the depositions of all of the Defendants to be completed on or before March 18, 2005, however, was unable to attend on all of the dates as noticed. Additionally, as Plaintiffs have not yet received all of the Defendants' responses to document requests, to which they believe they are entitled, it appears that it would be impossible for Plaintiffs to complete the depositions of all of the Defendants prior to the Court's discovery deadline of March 18, 2005.

8. Plaintiffs have been unable to complete their discovery due to the Defendants' receiving extended time to respond to Plaintiffs discovery requests which only allowed the Plaintiffs a short period of time prior to the Court's deadline to complete their discovery.

9. Plaintiffs will agree to have their depositions taken on March 18, 2005, provided the Court grants the Plaintiffs an extension of time to complete their discovery.

10. By Plaintiffs allowing the Defendants to hold their depositions on March 18, 2005, this would enable the Defendants to complete their discovery prior to the Court's current discovery deadline, and would reduce the prejudicial delay to the Plaintiffs.

11. The Plaintiffs do not believe that they would need a significant amount of time beyond the current discovery deadline to complete their discovery, however, are hesitant to request a specified amount of time from the Court because of the outstanding issues.

12. Plaintiffs request that the current Status Conference scheduled for March 22, 2005, remain on the Court's schedule, so that any and all outstanding discovery issues can be presented to the Court and be discussed with all counsel present.

13. Additionally, while counsel for both parties are attempting to resolve their discovery disputes amicably, there is a strong possibility that the Parties may each need to file a Motion to Compel with the Court. The Parties suggest that any motions to compel, which may need to be filed by the parties, be addressed at the March 22nd Status Conference.

14. Plaintiffs' counsel has conferred with Defendants' counsel who has indicated their assent to this motion.

WHEREFORE, the Plaintiffs request this Honorable Court to grant their Motion for Extension of Time to Complete Their Discovery.

THE PLAINTIFFS
DEBORAH ST. PETER
MATTHEW BOGACZ

_____
Dawn D. McDonald, Esq.
BBO# 647256
Cooley, Shrair, P.C.
1380 Main Street
Springfield, MA 01103
(413) 781-0750; (413) 733-3042 (fax)

**CERTIFICATE OF SERVICE**

I, Dawn D. McDonald, hereby certify that I caused the foregoing to be served upon the Defendants by mailing and faxing a copy thereof on this 4th day of March, 2005, as follows: James McCormick, Esq., Robinson, Donovan, 1500 Main Street, 16th FL, Springfield, MA 01115.

_____
Dawn D. McDonald, Esq.

3