UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and | ) |
| MATTHEW BOGACZ, | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF AGAWAM, TOWN OF AGAWAM | ) |
| POLICE DEPT., AGAWAM POLICE CHIEF | ) |
| ROBERT CAMPBELL, ANTHONY GRASSO, | ) |
| JAMES WHEELER, RICHARD NILES, | ) |
| KEITH BOPKO, JOHN MOCCIO, | ) |
| OFFICER MCGOVERN, | ) |
| Defendants | ) |

### PLAINTIFFS' MOTION TO COMPEL
### DEFENDANTS' DISCOVERY RESPONSES AND MOTION TO RE-SET AND
### CONTINUE DEADLINES

The Plaintiffs, Deborah St. Peter and Matthew Bogacz, pursuant to Fed. R. Civ. Pro.

37(a) hereby request this Honorable Court to order the Defendants, Town of Agawam, Town of

Agawam Police Dept., Agawam Police Chief Robert Campbell, Anthony Grasso, James

Wheeler, Richard Niles, Keith Bopko, John Moccio, and Officer McGovern, to compel and

disclose their answers and responses to the Plaintiffs' discovery requests.

### INTRODUCTION

The Plaintiffs, Deborah St. Peter and Matthew Bogacz, seek damages for injuries

suffered when they were brutally beaten by members of the Agawam Police Department on

March 24, 2002 and then prosecuted for crimes they did not commit. The beatings arose out of a

purported speeding violation and escalated into violence on the part of the Agawam Police

officers involved. The Plaintiffs assert civil rights claims, claims for negligent hiring,

1

supervision and training, both intentional and negligent infliction of emotional distress,

conspiracy, assault and battery, false imprisonment, and abuse of process.

## PROCEDURAL HISTORY AND REQUEST FOR EXTENSION

As the Court is aware, this is the second motion to compel filed by the Plaintiffs. For a

variety of reasons, the Defendants have been unable to comply with a number of Court

scheduling orders and have, for a variety of reasons, requested several extensions in order to

complete discovery. The Plaintiffs have been hampered in their discovery efforts due to the

Defendants' failures to timely respond, or respond at all, to their written discovery requests,

which were originally sent to them on August 16, 2004. During the months of June and July of

2005, the parties were actively attempting to resolve all of their discovery issues without Court

involvement. Thereafter, the parties agreed to mediate the case and, in the interest of being cost

effective, agreed to suspend all discovery disputes, motions to compel, and nine of the Plaintiffs'

previously noticed depositions. The Plaintiffs' depositions had been scheduled on the last three

days available prior to the Court's deadline[1] because those were the only available days that all

concerned had available. The Defendants agreed to allow their depositions to be taken beyond

the deadline set by the Court if the case was not successfully mediated. The mediation was held

on November 21, 2005, the first date that both the parties and the mediator had available.

On October 13, 2005, the parties filed a Joint Motion to Continue Current Deadlines, as

the mediation had been scheduled for November 21, 2005. Because the non-expert deposition

deadline had already past, the Plaintiffs', perhaps mistakenly, failed to include that date in the

parties' motion. The Court granted the motion and set new deadlines for the disclosure of expert

information, expert depositions and the pre-trial conference.[2]

---

[1] The Court's deadline for non-expert depositions was June 3, 2005.
[2] The new deadlines are 12/9/05, 1/6/06, 2/10/06, and 3/16/06 respectively.

Unfortunately, the mediation proved unsuccessful. Immediately following the failed mediation, Plaintiffs' counsel re-noticed the previously postponed depositions.

Five of the eight depositions went forward on December 15, 16, and 19. During the course of those depositions, a number of issues arose concerning the documents and discovery previously provided by the Defendants or objected to by the Defendants. Additionally, new issues arose which were not foreseen by either party. Counsel discussed these issues prior to taking Chief Robert Campbell's deposition and Defendants' counsel agree that rather than beginning the deposition of Chief Campbell, he would go back to his clients and again request the information which was to be provided in discovery. He also agreed that he would make Chief Campbell and the other deponents available at a later date for their depositions. All of the discovery issues, both new and old, were set forth in a Rule 37.1 letter by Plaintiffs' counsel to Defense counsel on December 21, 2005. (See letter attached hereto as Exhibit A).

Defense counsel called and assured Plaintiffs' counsel that he would discuss the issues with his clients and let Plaintiffs' counsel know what documents would be forthcoming and when they could be expected. Defense counsel further agreed to provide dates for depositions after the Plaintiffs receive the requested discovery and further agreed to assent to a motion to extend time in order to complete all discovery and obtain experts.

On January 13, 2006, Defendants' counsel informed Plaintiffs' counsel that the Defendants would not produce the names of citizens who filed complaints concerning officer misconduct, nor would they produce any documents related to citizen complaints, investigations, or discipline for any of the other officers who responded to the call that is the subject of this litigation, who were not named Defendants. Defendants' counsel further agreed to provide

updated and complete training policies by January 20, 2006.  To date no additional discovery has been received.

The Court has indicated that it will not provide any further extensions to either party. Plaintiffs' counsel has in good faith and in the best interest of the Plaintiffs, attempted to work cooperatively with Defense counsel with respect to extensions, discovery disputes, etc.  It took an extended period of time for the Defendants to commit to mediate the case, and then an additional period of time to wait for the mediator to become available.  Unfortunately, given the procedural history of this case, the Plaintiffs now find themselves in a situation where the "cart is before the horse."  Plaintiffs cannot complete their depositions without the remaining documents requested of the Defendants and without the depositions and complete documentation, cannot hire an expert.

The Plaintiffs would like to move this case forward as quickly as possible to conclusion, however are unable to do so given the aforementioned discovery conundrum.  The Plaintiffs are begging the Court's patience and indulgence and are hereby requesting that the Court allow their motion to compel, set a deadline by which the Defendants must comply, allow Plaintiffs a period of time beyond that date to complete their depositions, and then an additional period of time to disclose trial expert information and reschedule the pre-trial conference.

## MOTION TO COMPEL

Plaintiffs have endeavored to gather any and all information and documentation on any prior civilian complaints against the Town of Agawam, and any prior civilian complaints and/or disciplinary measures that pertain to the any of the police officers who responded to the incident

4

in question, in order to substantiate their claims for negligent training and supervision, negligent hiring, and intentional infliction of emotional distress.

Some of the requests appear redundant. However, because the specific sources of this information were not readily apparent, Plaintiffs have cast a broad net, and requested information from numerous sources with the intent that it would contain admissible evidence or lead to the discovery of admissible evidence. The argument for the admissibility of each request is substantially the same.

The requests for interrogatories and production of documents for the Town of Agawam, and Officers Bopko, Grasso and Moccico, as well as Sergeant Niles, along with their corresponding answers from Defendants, have been grouped by subject matter for the convenience of the Court. Immediately following all of the discovery requests that ask for similar information is Plaintiffs' argument.

## DEFENDANT, TOWN OF AGAWAM'S ANSWERS TO THE PLAINTIFF DEBORAH ST. PETER'S, FIRST SET OF INTERROGATORIES

### QUESTION

12.    Of the officers who responded to the call which is the subject of the instant litigation, please identify which officers have had civilian complaints filed against them, the substance of the complaints, whether each complaint was investigated, the outcome of the investigation, whether discipline issued to the officer, and whether the discipline was contested or grieved by the officer in any way.

### ANSWER

OBJECTION. The Defendant objects to this interrogatory on the grounds that it is exempt from disclosure pursuant to M.G.L. c.4, §7 cl. (26)(c); invades the privacy of the individual officers pursuant to M.G.L. c.214, §1B; seeks information neither relevant nor

material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; exceeds the scope of discovery permitted by M.G.L. c.149, §52C; and is vague, overly broad, undefined and unlimited in time and scope.

## DEFENDANT TOWN OF AGAWAM POLICE DEPARTMENT'S RESPONSE TO PLAINTIFF, DEBORAH ST. PETER'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST**

1.    The entire personnel file of each officer who responded to the call, which is the subject of the instant litigation, as defined in M.G.L. c.148, §52 (c).

**RESPONSE**

OBJECTION. The Defendant objects to this request on the grounds that it is vague, overly broad, undefined and unlimited in time and scope; seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; is exempt from disclosures under M.G.L. c.4, §7, clause (26); exceeds the scope of discovery permitted by M.G.L. c.149, §52C; and is an unreasonable invasion of privacy. M.G.L. c.214, §1B. Further objecting, there is no such Massachusetts statute as M.G.L. c.148, §52 (c) as referenced in the Plaintiff's First Request for Production of Documents. Without waiving said objections, the Defendant states that if the request is narrowed by those parts of the personnel file relevant to the allegation in the Complaint, the Defendant will make a good-faith effort to produce same. In the alternative, the Defendant will agree to submit the personnel file to the Court for an in camera review and determination of the sections of the personnel file this Court deems discoverable.

### DEFENDANT TOWN OF AGAWAM POLICE DEPARTMENT'S RESPONSE TO PLAINTIFF, DEBORAH ST. PETER'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST**

2.      Any and all documentation relating to discipline of any of the officers who responded to

the call which is the subject of the instant litigation, from January 1, 1990 to the present,

if the discipline involved use of force or other civilian complaint, please provide

documentation relating to any such discipline regardless of the date.

**RESPONSE**

OBJECTION.  The Defendant objects to this request on the grounds that it is vague,

overly broad, undefined and unlimited in scope; the information sought is exempt from

disclosure under M.G.L. c.4, §7, clause (26) (c); exceeds the scope of discovery

permitted by M.G.L. c.149, §52C; and is an unreasonable invasion of privacy.  M.G.L.

c.214, §1B.

**SUPPLEMENTAL RESPONSE**

OBJECTION.  The Defendant objects to this request on the grounds that it is vague,

overly broad, undefined and unlimited in scope; seeks information neither relevant nor

material to this legal action nor reasonably calculated to lead to the discovery of

admissible evidence; the information sought is exempt from disclosure under M.G.L. c.4,

§7, clause (26) (c); exceeds the scope of discovery permitted by M.G.L. c.149, §52C; and

is an unreasonable invasion of privacy.  M.G.L. c.214, §1B.

**REQUEST**

7.      Please provide any and all civilian complaints for any of the officers who responded to

the call which is the subject of the instant litigation, for the time period of January 1,

7

1997 to the present. If the complaints were for excessive force or abuse of power, please provide any documents relating to the same regardless of when the complaint occurred.

**RESPONSE**

OBJECTION. The Defendant objects to this request on the grounds that the information sought is exempt from disclosure pursuant to M.G.L. c.4, §7, clause (26) (b); is exempt from disclosures under M.G.L. c.4, §7, clause (26) (c); exceeds the scope of discovery permitted by M.G.L. c.149, §52C; and is an unreasonable invasion of privacy. M.G.L. c.214, §1B. Without waiving said objections, please see Defendant, Town of Agawam Police Department's, Response to Plaintiff's Request for Production of Documents.

### DEFENDANT, KEITH BOPKO'S AND DEFENDANT, RICHARD NILES', FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF, DEBORAH ST. PETER'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST**

6.    Any and all internal affairs files which relate to your employment with the Agawam Police Department.

**RESPONSE**

OBJECTION. The Defendant objects to this request on the grounds that it is vague, overly broad, undefined and unlimited in time and scope; seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; is exempt from disclosures under M.G.L. c.4, §7, clause (26)(c); exceeds the scope of discovery permitted by M.G.L. c.149, §52C; and is an unreasonable invasion of privacy. M.G.L. c.214, §1B.

**SUPPLEMENTAL RESPONSE**

OBJECTION. The Defendant objects to this request on the grounds that it is vague, overly broad, undefined and unlimited in time and scope; seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; is exempt from disclosures under M.G.L. c.4, §7, clause (26)(c); exceeds the scope of discovery permitted by M.G.L. c.149, §52C; and is an unreasonable invasion of privacy. M.G.L. c.214, §1B. Without waiving said objections, see the documents produced and attached hereto as Exhibit "6."

## DEFENDANT, ANTHONY GRASSO'S AND DEFENDANT, JOHN MOCCIO'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF, DEBORAH ST. PETER'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST**

7.    Any and all documents of civilian complaints filed against you in your capacity as an Agawam police officer.

**RESPONSE**

OBJECTION. The Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; is overly broad, undefined and unlimited in time and scope; exceeds the scope of discovery permitted by M.G.L. c.149, §52C; and violates the officer's rights pursuant to M.G.L. c.214, §1B. Further objecting, the Defendant states that documents are exempt from disclosure under M.G.L. c.4, §7, cl. (26)(c).

**SUPPLMENTAL RESPONSE**

 The Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; is overly broad, undefined and unlimited in time and scope; exceeds the scope of discovery permitted by M.G.L. c. 149, §52C; and violates the officer's rights pursuant to M.G.L. c.214, §1B.  Further objecting, the Defendant states that the documents are exempt from disclosure under M.G.L. c.4, §7, cl. (26) (c).  Without waiving said objections, see the documents produced and attached hereto as Exhibit "8."

**ARGUMENT**

 In their attempts to resolve their discovery disputes, the parties agreed to enter into a confidentiality agreement.  This confidentiality agreement was drafted and signed by Plaintiffs and forwarded to the Defendants, however the Defendants have yet to file this document with the Court.

 One of the disputes between the parties, which was partly addressed by the confidentiality agreement, was the discoverability of documents contained in personnel files and Internal Affairs (IA) files (including civilian complaints).  The Defendants agreed that they would disclose any documents contained in the personnel or IA files which were relevant to the Plaintiffs' claims and that said documents would be covered by the confidentiality agreement.  On April 4, 2005, the Defendants delivered their supplemental responses, however they only supplemented the individual responses (which were redacted to such a degree as to render them useless), and did not supplement the Defendant Town of Agawam responses at all.  When Plaintiffs' counsel contacted Defense counsel to discuss the failure to supplement the Town

10

responses, counsel indicated that she had not thought about the Town's responses, only the individual Defendants' responses.

On April 8, 2005, Plaintiffs' counsel sent a letter to Defense counsel addressing the failure to supplement the Town responses and also the redacted supplemental response of the individuals. (See letter attached hereto as Exhibit B). Defense counsel promptly responded indicating that they objected to supplementing the Town responses and similarly objected to providing the redacted information contained on the supplied civilian complaints. (See electronic mail attached hereto as Exhibit C). Thereafter Defendants submitted a supplemental discovery response to the Plaintiffs reiterating their objection.

The issue was again raised following the failed mediation in the December 21, 2005 letter, and on January 13, 2006, Defendants again said they would not produce the documents for the other officers who were involved in the incident.

The Plaintiffs have claims for negligent hiring, negligent retention, negligent supervision and training, and intentional and negligent infliction of emotional distress.

Plaintiffs are entitled to receive any and all unredacted documents relating to civilian complaints, investigations and discipline therefore, for all of the officers involved in the incident, regardless of where they are maintained by the Defendants. The requested documents are relevant, not exempt from disclosure and not an unreasonable invasion of privacy.

A.    **The Requested Documents Are Relevant To The Plaintiffs' Claims.**

The Plaintiffs have a claim for negligent supervision and negligent retention. A Plaintiff may prevail on a cause of action for negligent supervision, if a supervisor had knowledge of the violent propensities or other misconduct of a particular officer, and failed to properly supervise him. Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553 (1st Cir. 1989).

11

Additionally, a supervisor may be liable for the conduct of their employees if "supervisors knew, of should have known, that the Defendants were very likely to violate constitutionally protected rights of members of the public." Dobos v. Driscoll, 404 Mass. 634, 646-647 (1980).

In a cause of action for negligent retention, plaintiff must plead and prove (1) that employer knew or should have known that employee had a particular unfitness for position so as to create a danger of harm to third persons; (2) that the particular unfitness was known or should have been known at time of employee's retention; and (3) that this particular unfitness proximately caused plaintiff's injury. Browne v. SCR Medical Transp. Services, Inc., 356 Ill.App.3d 642 (Ill.App. 1 Dist., 2005).

Plaintiffs claim, *inter alia*, that they were assaulted and beaten by Defendants in an extreme and outrageous manner, and they have a right to discover documents that may indicate that the Defendants have a history of such behavior that has gone unchecked. If citizens have filed complaints, investigations were or were not conducted, or disciplinary measures were taken against an officer for prior police misconduct, it could indicate that the employer, in this case the Town of Agawam, knew or should have known that the officer had a predisposition towards this type of conduct. If the disciplinary action did not involve training of the officer to prevent similar conduct in the future, this could show that the Town of Agawam was deliberately indifferent to the constitutional rights of its citizens, and "it is ... well settled that a deliberately indifferent police supervisor may be held liable for the constitutional violations of his subordinates". Camilo-Robles v. Hoyos, 151 F.3d 1 (1st Cir. 1998). Since a showing of "deliberate indifference" is critical for a claim of negligent supervision, any and all documentation that could show deliberate indifference on the part of the Town of Agawam police department should be provided to the Plaintiffs.

12

In its responses to interrogatories, Defendant Town of Agawam states that four lawsuits alleging civil rights violations have been filed between January 1, 2002 and January 1, 2003, against the Agawam Police Department and either a named Defendant and/or other police officers who responded to the scene in this case. One of these lawsuits involved Sergeant Richard Niles, a defendant in the instant action. Another of the lawsuits named Stephen Grasso, the supervisor on the scene in the instant case. Any information relating to prior complaints against any of the officers who responded to the scene, is directly relevant to this cause of action. Any complaints, investigations into conduct, and/or disciplinary measures taken against those same officers during their employment before the time of the alleged incident is relevant to show that supervisors knew or should have known of the propensity towards misconduct that could lead to a violation of constitutional rights.

Plaintiffs also have a claim for negligent training. "Liability will attach to the municipal employer where its failure to properly train its officers for a specific deficiency in training is the "moving force" behind a constitutional injury." Wilson v. Town of Mendon, 294 F.3d 1 (1st Cir. 2002). Plaintiffs are therefore entitled to discover any information that could show a failure to properly train officers, or a specific deficiency in the training of officers.

Count IV of Plaintiffs' Complaint alleges intentional infliction of emotional distress (hereinafter "IIED") and negligent infliction of emotional distress (hereinafter "NIED"). In order to establish a claim for IIED under Massachusetts law, plaintiff must prove that: (1) Defendants intended to inflict emotional distress or should have known that emotional distress was the likely result of their conduct; (2) Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community; (3) Defendants actions were the cause of the distress; and (4) the distress was severe and of a nature

that no reasonable person could be expected to endure it.  Orwat v. Maloney, 360 F.Supp.2d 146 (D. Mass. 2005).

In order to recover for NIED, a plaintiff has to prove "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case."  Rodriguez v. Cambridge Housing Authority, 443 Mass. 697 (2005).  The court has also allowed recovery for NIED absent physical harm where the defendant's conduct was extreme and outrageous, and was either intentional or reckless."  Id. at 701.

Plaintiffs should be given a chance to discover any documentation containing evidence of past misconduct, since, prior misconduct of this nature would tend to prove the first element of an IIED claim:  that the "Defendants should have known that emotional distress was the likely result of their conduct."  Orwat v. Maloney, 360 F.Supp.2d 146 (D. Mass. 2005).

All of the requested documentation that relates to on-the-job conduct of the officers in this case is material and relevant, and is reasonably calculated to lead to admissible evidence.

## B.    The Requested Documents Are Not Exempt From Disclosure  Under M.G.L. c.4, §7, cl. (26)(c) And Therefore Do Not Exceed The Scope of Permissible Discovery.

The requested documents concerning on-the-job citizen complaints, investigations into those complaints and any disciplinary actions against officers who were involved in the incident are not exempt from disclosure under M.G.L. c.4, §7, cl. (26)(c).  "Records in police custody consisting of officers' reports, witness interview summaries, and internal affairs report did not constitute "personnel records" protected from disclosure under Public Records Law; records related to internal investigation of citizen's allegations of police brutality were not exempt from

14

disclosure under Public Records Law." M.G.L. c. 4, § 7; c. 66, § 10.  Worcester Telegram & Gazette Corp. v. Chief of Police, 58 Mass.App.Ct. 1, 7  (2003).

The public at large is entitled to access to documentation relating to civilian complaints and police misconduct.  "[T]he internal affairs process exists specifically to address complaints of police misconduct (verbal and physical abuse, unlawful arrest, harassment), and other criminal acts that would undermine the relationship of trust and confidence between the police and the citizenry that is essential to law enforcement.  A citizenry's full and fair assessment of a police department's internal investigation of its officer's actions promotes the core value of trust between citizens and police essential to law enforcement and the protection of constitutional rights." Worcester Telegram & Gazette Corp. v. Chief of Police, 58 Mass.App.Ct. 1, 7 (2003). Since the general public can be granted access to internal affairs files, then certainly the Plaintiffs, whose alleged mistreatment is the subject of the investigation, should be allowed access to the requested documentation.

**C.    The Request For Documentation Related To Civilian Complaints, Investigations And Discipline For Any Officer Involved In The Incident Does Not Constitute An Invasion Of Privacy.**

Defendants indicated that they would disclose any documents reasonably related to the Plaintiffs' claims.  Relevant documents were agreed to be documents containing information on issues regarding police misconduct, civil rights, police brutality, etc.  Documents that related only to administrative infractions such as absenteeism were not considered to be relevant for the purposes of the request.

The only supplemental responses received were from the named Defendants, and those responses were redacted.  The request to Defendant Town of Agawam for documents relating to

15

any officers involved in the incident was not supplemented, and Defense counsel subsequently indicated that they objected to supplementing the Town of Agawam responses.

The Plaintiffs' request for the relevant documentation concerning officers involved in the incident is not an invasion of privacy under M.G.L. c.214, §1B. Massachusetts' right-of-privacy statute protects people from disclosure of facts that are of a highly personal or intimate nature when there exists no legitimate, countervailing interest. Dasey v. Anderson, 304 F.3d 148 (1st Cir. 2002). To state a valid claim for invasion of privacy, there must be an *unreasonable* interference with a person's privacy. Bennett v. City of Holyoke, 230 F.Supp.2d 207 (D.Mass.2002). In this case, the Plaintiffs have a legitimate interest in obtaining the requested documentation and it does not constitute unreasonable interference, as it is essential to substantiate their claim that their civil rights were violated. At least one of the Defendants and one other officer who responded to the scene have been named in two different prior lawsuits alleging civil rights violations. This demonstrates that the Town of Agawam knew or should have known of past improper conduct on the part of some members of the police force. The fact that yet another lawsuit alleging civil rights violations has been filed against the Agawam Police Department, tends to indicate that any corrective measures taken by the Agawam Police Department, if any, were not appropriately implemented by the supervisors. Indeed, two of the officers involved in the instant litigation were promoted to sergeant after the lawsuits had been settled.

## REQUEST

1.    Please provide any and all training materials or manuals, union contracts, policies, or
      rules of conduct which relate to the employment of police officers in the Town of

Agawam and how they are to carry out their job duties, for the time period January 1, 1997 to the present.

## RESPONSE

OBJECTION.

The Defendant objects to this request on the grounds that it seeks information neither relevant nor material to this legal action nor reasonably calculated to lead to the discovery of admissible evidence; and is vague, overly broad, undefined and unlimited in time and scope. Without waiving said objection, see the documents produced and attached hereto as Exhibit 14.

## ARGUMENT

The Defendants have indicated that they would produce the requested training materials by January 20, 2006. As of the time this motion was filed, these documents have not been produced. This argument is included in the event that the requested discovery is not produced as indicated.

This information is relevant to Count II of the Plaintiffs' complaint, specifically negligent supervision and training. "[a] municipality may be held liable in certain circumstances for constitutional violations caused by its failure to adequately train employees." City of Canton v. Harris, 489 U.S. 378 (1989). In order to become familiar with the Town of Agawam police department's training policies, Plaintiffs need all training manuals in use by the Agawam Police Department from the date of the incident to the present. Defendants have provided old and incomplete copies of the policy and training manual which at some point were in use by the department. Depositions and further discovery cannot be completed until Plaintiffs' counsel is provided with all of the relevant training manuals up to and including the present time. Because

a department's Policies and Procedures Manual generally spells out a course of conduct for

particular situations, and is typically enforced by the department supervisor, it is relevant and

material to proving Plaintiffs' claims of negligent supervision and training.

Again, the Defendants have agreed to produce these documents, however the Plaintiffs'

have yet to receive them and request that the Court order them produced and set a deadline for

production.

## DEFENDANT, TOWN OF AGAWAM'S ANSWERS TO THE PLAINTIFF MATTHEW BOGACZ'S, FIRST SET OF INTERROGATORIES

### QUESTION

**1.**    For each officer involved in this incident, whether a defendant or not, please state

how the Agawam Police Department trained them, dates of training, description

of training, and names of trainers and certifications given.

### ANSWER

OBJECTION

The defendant objects to this interrogatory on the grounds that it seeks information

neither relevant nor material to this legal action nor reasonably calculated to lead to the

discovery of admissible evidence; and is vague, overly broad, undefined and unlimited in

time and scope. Without waiving said objections, the Town states as follows: (training

schedules were provided for the named defendants).

### ARGUMENT

The Defendants have indicated that they would produce the requested training materials

for the named Defendants by January 20, 2006, however the request was for any officer who was

involved in the incident, not just the named Defendants. Once again, as of the time this motion

18

was filed, the documents have not been received by Plaintiffs' counsel. This argument is included in the event that the requested discovery is not produced as indicated.

Information on the training of the officers is not vague and overly broad, and is reasonably calculated to lead to the discovery of admissible evidence. A component of the Plaintiffs' claim is negligent supervision and training. Detailed information on the training each officer received is critical for Plaintiffs' claim of negligent training. "Liability will attach to the municipal employer where its failure to properly train its officers "amounts to deliberate indifference to the rights of persons with whom the police come into contact," and where a specific deficiency in training is the "moving force" behind a constitutional injury." Wilson v. Town of Mendon, 294 F.3d 1 (1st Cir. 2002). Plaintiffs are therefore entitled to discover any information that could show a failure to properly train officers, or a specific deficiency in the training of officers. Therefore, descriptions of training, certifications and names of trainers are relevant and material information.

The Plaintiffs request that the Court order the Defendants to fully and completely answer this interrogatory and further request that the Court set a deadline for production of this information.

**CONCLUSION**

The Plaintiffs would like to move this case forward as quickly as possible to conclusion, however are unable to do so given the aforementioned discovery conundrum. The Plaintiffs are begging the Court's patience and indulgence and are hereby requesting that the Court allow their motion to compel, set a deadline by which the Defendants must comply, allow Plaintiffs a period of time beyond that date to complete their depositions, and then an additional period of time to disclose trial expert information and reschedule the pre-trial conference.

19

Moreover, the Plaintiffs request that this Honorable Court grant them reasonable

attorneys fees, costs and expenses, necessitated by the filing of this motion, pursuant to Fed. R.

Civ. Pro. 37(4)(a).

THE PLAINTIFFS
DEBORAH ST. PETER &
MATTHEW BOGACZ

Dated: January 20, 2006                    By: _____
                                           Dawn D. McDonald, Esq., BBO # 647256
                                           Cooley, Shrair, P.C.
                                           1380 Main Street
                                           Springfield, MA 01103
                                           (413) 781-0750
                                           (413) 733-3042 (facsimile)

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO RULE 37.1

I, Dawn D. McDonald, Esq., hereby certify that I discussed through oral and written

communications, the aforementioned discovery dispute with Defense Counsel on numerous

occasions as set forth in this document and the attached exhibits.

_____
Dawn D. McDonald, Esq.

## CERTIFICATE OF SERVICE

I, Dawn D. McDonald, Esq., hereby certify that on this 20th day of January, 2006, I
caused the foregoing document to be served upon all the Defendants, via first class mail, as
follows: Jeffrey L. McCormick, Esq., Robinson Donovan, 1500 Main Street, Suite 1600, P. O.
Box 15609, Springfield, MA 01103.

_____
Dawn D. McDonald, Esq.

88593

20

EXHIBIT

A

LAW OFFICES

## COOLEY, SHRAIR P.C.

1380 MAIN STREET – FIFTH FLOOR
SPRINGFIELD, MASSACHUSETTS 01103-1616

TELEPHONE (413) 781-0750    TELECOPIER (413) 733-3042

WRITERS DIRECT DIAL
(413) 735-8045

EMAIL: dmcdonald@cooleyshrair.com

DAWN D. McDONALD•                                                   •ALSO ADMITTED IN CONNECTICUT

FILE NO. 24334.001

December 21, 2005

Mr. Jeffrey L. McCormick, Esq.
Robinson, Donovan Madden & Barry P.C.          SENT VIA FACSIMILE AND REGULAR
1500 Main Street                                MAIL
Box 15609
Springfield, MA 01115

RE:    *Deborah St. Peter and Matthew Bogacz v. Town of Agawam, et al.*
       Civil Action No. 04 30054 MAP

Dear Attorney McCormick:

        This letter is sent in order to memorialize our conversation of Monday, December 19, 2005, and is also sent pursuant to Federal Court Local Rule 37.1.

        As you know, throughout the course of the depositions of some of the Defendants which were taken on December 15, 16, & 19, 2005, a number of issues relating to the accuracy and/or completeness of the Defendants' discovery responses arose.

        Following the deposition of Detective Jennifer Blanchette, we discussed a number of discovery issues. I indicated to you that while I would be able to begin the deposition of Chief Robert Campbell, however I did not feel that I would be able to complete it because I lacked both the information and documents necessary to do so. Despite the fact that the Plaintiffs requested this documentation through written discovery, what was produced was either inaccurate and/or incomplete. After discussing a number of these issues, we agreed that rather than begin the deposition of Chief Campbell, you would go back to your clients and again request the information which was to be provided in discovery. You also agreed that you would make Chief Campbell available at a later date for his deposition.

        In the Plaintiff, Matthew Bogacz's, First Set of Interrogatories to the Defendant, Town of Agawam, question number one requested that the Town provide for "each officer involved in this incident whether a Defendant or not" dates of training, description of training and names of trainers and certifications given. The Town responded by providing training information relating only to the

Mr. Jeffrey McCormick
December 21, 2005
Page 2 of 5

named Defendants in this action and did not provide any training information relating to the other officers who responded to the scene in the early morning hours of March 24, 2002. The Plaintiff's

request that further training information be provided, as requested in the interrogatory request, for Officers, Brian Strong, Paul Chenevert, Andrew Parrelli, Sergeant Steven J. Grasso, Officer Theresa Moccio, and Officer Robert Burke. Additionally, there was no training information provided for Chief Robert Campbell. The Plaintiffs requested that all of this training information be provided.

Additionally, as you are also aware, Sergeant Niles, Edward McGovern and James Wheeler all testified during their depositions that the training information provided for them was either incomplete, inaccurate, or both. During our discussion you indicated that it was possible that your office may have erred in compiling this information and that it may be inaccurate or incomplete. You further indicated that you would make an attempt to correct this information.

Another issue which came up during your clients' testimony was in regard to the Agawam Police Department's policy and training manual. As you are aware, Officer Grasso testified that the policies I had in my possession were old. Additionally, the other officers deposed testified that the policies are now handed out throughout the year one section at a time. I believe it was clear from such testimony that I am not in possession of the most updated and current policies of the Agawam Police Department, and that it is unclear as to which policies I have in my possession. Because a component of the Plaintiffs' case is negligent supervision and negligent training, the policies and procedures manual is directly relevant to the Plaintiffs' claims. I cannot complete my depositions or the discovery in this matter without having all of the policies and procedures in my possession. You indicated that you would go back and speak with your client and request that they again provide any and all policies up to and including the present time.

I also indicated to you that the Massachusetts training policy and procedures manual which was provided by the Defendants, is also incomplete. It appears that I am missing a portion of the Administration section, the Traffic section, the Property Management section, and the Special Occurrences section. I request that the Defendants provide the complete Massachusetts State policies and procedures manual which was in use at the time of the incident.

Another issue which arose during Officer Grasso's testimony, was with regard to pictures of his alleged injuries. As you are aware, his report indicates that pictures were taken of him and logged into evidence. The Defendants have previously stated in their discovery answers that no pictures exist. I request that you address this issue again with your clients and, if the pictures do exist, please provide them as soon as possible.

We also discussed the fact that Plaintiffs had requested in their written discovery a number of civilian complaints that were not provided to the Plaintiffs. I raised this issue with Attorney Varon months ago prior to our agreement to mediate.

The substance/status of my conversations with Attorney Varon were as follows:

Mr. Jeffrey McCormick
December 21, 2005
Page 3 of 5

The Plaintiffs requested through interrogatories and Request for Production of Documents, that the Defendants identify and provide documents related to "any officer who responded to the call which is the subject of the litigation who had any civilian complaints filed against him, the substance of the complaints, whether each complaint was investigated, the outcome of the investigation, whether discipline was issued to the officer, and whether the discipline was contested or grieved by the officer in any way. The Plaintiffs also requested that the Defendants state whether any of the officers who responded to the call had received discipline of any kind; the action which warranted the discipline; the nature of the discipline; and whether the officer contested or aggrieved the discipline. The Plaintiffs also requested that the Defendants provide any documentation relating to the discipline of any of the officers who responded to the call in the early morning hours of March 24, 2002, from January 1, 1990 to the present and, further, if the discipline involved the use of force or any other civilian complaint, that the documentation relating to any such discipline be provided regardless of the date. I refer you to the Plaintiff's Request for Production of Documents to the Defendant, Town of Agawam, numbers 1, 2, 7, 8. The Defendants objected to these requests and did not provide any information.

Thereafter the parties agreed to enter into a confidentiality agreement and the Defendants agreed to supplement their discovery responses and to provide any civilian complaint or discipline report which was relevant or remotely similar to the claims alleged by the Plaintiffs. The Defendants supplemented their discovery responses and provided a number of civilian complaints relating to Anthony Grasso, Richard Niles, John Moccio and Keith Bopko. Upon review of the Defendants' supplemental responses, I again had a conversation with Attorney Varon wherein we discussed the fact that the Defendants had blacked out the names, addresses, and any other identifying information of the complaining individuals. After some back and forth, the bottom line was that the Defendants refused to provide un-redacted citizen complaints and documents. The Plaintiffs are entitled to this information and I request that you provide it as soon as possible.

I also discussed with Attorney Varon the fact that the Defendants only supplemented their response with respect to the named Defendants, and not with respect to the other officers who had responded to scene on March 24, 2002. When I mentioned this to Attorney Varon she indicated that she did not realize that the Plaintiffs were requesting the information relating to the other officers, that she had only looked for the named Defendants, and that she would have to have further discussions with you. The last email that I have from your office indicates that you are unwilling to provide the requested information relating to the other officers who responded to the scene, and that I should file a motion to compel. Thereafter, we agreed to suspend discovery disputes and depositions in order to mediate the case, so the motion to compel was never filed. I need this information prior to taking the deposition of Chief Campbell. If you still do not intend to provide this information, please notify me as soon as possible so I may file the appropriate motion with the Court.

As you know, each of the Defendants deposed thus far, were asked who they recall being present at the scene of the incident. Each of the deponents testified, basically in accordance with the dispatch log which was provided by the Defendants, with the exception of Officer Grasso who testified that there was an additional officer, Robert Burke, who was present at the scene. Officer Burke was not referenced on the dispatch log as being present. Given this new information, the

Mr. Jeffrey McCormick
December 21, 2005
Page 4 of 5

Plaintiffs wish to depose Officer Robert Burke. Please contact me as soon as possible so that we may discuss a date for the taking of his deposition.

Another old discovery issue which we have discussed previously, is whether there are any notes or files relating to an investigation conducted into the incident on March 24, 2002. The Defendants previously answered that there was no investigation conducted and that there are no documents relating thereto. Since that time, your clients have testified in their depositions that there was an investigation conducted, but that no witnesses were found. As you know, we have the testimony of Phyllis Delucchi, who testified that two detectives approached her, interviewed her and took notes during said interview. As you are also aware, Detective Blanchette testified that she and Detective Roland Dymon went to the Sherri Lane condominium complex and conducted interviews. She could not recall who they spoke with, how many people they spoke with, whether or not they took any notes and, in fact, could not recall much of anything. She also testified that Detective Dymon "took it upon himself" to investigate the situation. Based upon her testimony, and the inconsistent testimony of the other Defendants, I believe that it is imperative that the Plaintiffs take Detective Dymon's deposition. Please contact me to discuss a convenient date for Plaintiffs to do so.

As you know, I have re-noticed the deposition of former Officer Keith Bopko. I am aware that Mr. Bopko no longer resides in this state and is out West somewhere. As Mr. Bopko is a named Defendant and the Plaintiffs believe him to be a crucial witness, it is imperative that I take his deposition. In previous conversations with Attorney Varon, she indicated that she did not know how you would produce him or if you could produce him at all. Please contact me so we can discuss this issue.

Based upon the deposition testimony taken thus far, I believe that it is necessary for the Plaintiffs to hire an expert relating to police department policies and procedures. As you know, the Court's deadline for the Plaintiffs to disclose experts was December 9, 2005, and the Defendants deadline is January 6, 2006. Please let me know as soon as possible if you intend to object to the Plaintiffs retaining an expert. At this point in time, regardless of whether you object or not, I believe that based upon all of the issues contained in this letter, it may be necessary for me to file a motion with the Court to request that, once again, time be extended and hopefully that the procedural track for this case be put back in order. It appears that we are operating right now with the "cart before the horse" because of the numerous postponements and delays in the hope that we would settle the case during mediation.

I would appreciate an opportunity to discuss all of these issues with you and to figure out the best way to proceed. At this point, I believe that the best course of action may be for the Plaintiffs to file a motion to compel the discovery referenced in this letter, extend time to complete their depositions once the outstanding documents and information have been received, and request an extension to obtain an expert. I think that these issues need to be presented to the Court because otherwise I think we will find ourselves up against the March 16, 2006 pre-trial conference date and still not have these issues resolved. Please contact me as soon as possible to discuss. If I do not hear from you by the end of the day on Tuesday, December 27, 2005, I will be filing a motion with the Court.

Mr. Jeffrey McCormick
December 21, 2005
Page 5 of 5

Thank you for your attention to this matter.

Very truly yours,

Dawn D. McDonald

DDM/mdb

cc:   Deborah St. Peter
      Matthew Bogacz

**B**

LAW OFFICES

## COOLEY, SHRAIR P.C.

1380 MAIN STREET – FIFTH FLOOR
SPRINGFIELD, MASSACHUSETTS 01103-1616

TELEPHONE (413) 781-0750     TELECOPIER (413) 733-3042

WRITERS DIRECT DIAL
(413) 735-8045

EMAIL: dmcdonald@cooleyshrair.com

DAWN D. McDONALD*

*ALSO ADMITTED IN CONNECTICUT

FILE NO. 24334.001

April 8, 2005

Dorothy Varon, Esq.
Robinson, Donovan, Madden & Barry          SENT VIA FACSIMILE
1500 Main Street                           (413) 785-4658
Box 15609
Springfield, MA 01115

RE:   *Deborah St. Peter and Matthew Bogacz v. Agawam Police Department, et al.*
      Civil Action No. 04-30054-MAP

Dear Attorney Varon:

I am in receipt of your client's supplemental responses to the plaintiff's first request for production of documents and have had an opportunity to review the same. Pursuant to our phone conversation yesterday morning, I notice that there was no supplemental response from the Town of Agawam. Please be advised that the plaintiff's previous request to the defendants to supplement their discovery responses with respect to civilian complaints, internal affairs files and personnel files included a request that the town supplement their responses with regard to the same. More specifically, the town's responses to the plaintiff Deborah St. Peter's request for production of documents should be supplemented with respect to response number 1, number 2 and number 7. Additionally the town's answers to interrogatories propounded by the plaintiff Deborah St. Peter number 12 and number 14 are of similar subject matter and should similarly be supplemented.

As you are aware, the court ordered that all remaining responses to written discovery be provided by April 1, 2005. I received the supplemental responses of the individual defendants on April 4, 2005. I have yet to receive the signed confidentiality agreement and now I have discovered that the town has failed to supplement its' responses. The plaintiffs will be providing to the defendants by way of supplemental response relevant mental health records once the confidentiality agreement has been filed with the court and I am in receipt of a signed copy. As you are aware, last Friday I re-noticed the depositions of all if the defendants, as well as two other Agawam police officers to take place on May 26, May 27 and May 31, 2005. As I am sure you are also aware, the deadline for taking said depositions set by the court is June 3, 2005. It is imperative that I receive the town's supplemental responses in enough time that I may prepare for the taking of the depositions of the defendants.

{Document=X:\DOCS\24334\1\lettmemo\00076860.DOC;1}

Of additional concern, in the defendant's supplemental responses to the plaintiff's request for production of documents I discovered that the defendants redacted any and all information which would have been of use to the plaintiffs in bringing their case. In addition to the social security numbers of the defendants, you have also redacted the names of the citizens who filed complaints against the various police officers for conduct which is directly relevant to this litigation. In addition to redacting the names, you redacted addresses, telephone numbers and any other information which could have been used to identify the complaining individuals. Certainly the citizen complaint itself is a public record and any information contained therein is public. At the very least the name of the complaining party should be disclosed. The plaintiffs request that the defendants forward to them a revised supplemental response providing the names and addresses of the individuals who filed citizen complaints against all the various police officers in this case. See Globe Newspaper Company v. Police Commissioner of Boston, 419 Mass. 852 (1995).

With respect to your conversation with Attorney Brodeur-McGan, please be advised that the plaintiffs are not in possession of any documents at this time concerning the background of any of the individual defendants or any "questionable" associations of the individual defendants. Please be advised that should we come into possession of any such documentation that we believe are relevant to this case which we intend to use in this litigation we will of course forward it to you pursuant to the Federal Rules of Civil Procedure. However, regardless of the fact that we are not in possession of any such documentation, we remain of the belief that we are entitled to the social security numbers of the individual defendants.

Thank you for your attention to this matter. I remain hopeful that we can resolve all of our outstanding discovery issues amicably and as efficiently as possible. As always, please contact me if you have any questions or concerns.

Very truly yours,

Dawn D. McDonald

DDM/kkw
cc. Deborah St. Peter
     Matthew Bogacz

**Dawn D. McDonald**

| | |
|---|---|
| **From:** | VARON, D [dvaron@Robinson-Donovan.com] |
| **Sent:** | Thursday, April 28, 2005 11:36 AM |
| **To:** | dmcdonald@cooleyshrair.com |
| **Cc:** | MCCORMICK, J |
| **Subject:** | RE: Status |

Sounds good. I am getting the actual request sent over to me so I can make the formal objection. I'll do that today and get it over as soon as possible so you can have it for your Motion to Compel.

DV

-----Original Message-----
**From:** Dawn D. McDonald [mailto:dmcdonald@cooleyshrair.com]
**Sent:** Thursday, April 28, 2005 11:32 AM
**To:** VARON, D
**Subject:** RE: Status

Thanks Dorothy........I will be filing a motion to compel asap.  These emails together with the telephone calls and my previous letter to you constitute compliance with Local Rule 37.1 and I will be referencing them accordingly.

Dawn

-----Original Message-----
**From:** VARON, D [mailto:dvaron@Robinson-Donovan.com]
**Sent:** Thursday, April 28, 2005 11:16 AM
**To:** dmcdonald@cooleyshrair.com
**Cc:** MCCORMICK, J; MAZIARZ, L
**Subject:** Status

Hi Dawn,

Just wanted to f/u on some of the issues we discussed yesterday.

We will try to have as many of the signed confidentiality agreements to by next week. We will mail Bopko's to him today.

Jeff has decided not to produce IA records that do not pertain to the named defendants. We will prepare a supplemental resonse to the Doc Request stating our objections.

Jeff will contact the insurer regarding their review of the depo transcripts we sent and its willingness to mediate. Hopefully we can have an answer for you in that regard in the next week as well.

I believe I answered you question regarding the redacted identifying information from the IA records we did produce in my e-mail dated 4/27.

I believe this covers everything. Please let me know if I've not addressed all the issues.

Thanks and regards,

Dorothy

4/28/2005

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

Robinson Donovan, P.C - Telephone: (413) 732-2301
e-mail: service@robinson-donovan.com  -  http://www.robinson-donovan.com
This e-mail message has been scanned for Viruses and Content and cleared
by NetIQ MailMarshal

---

**Attention:**
The information contained in this message and or attachments is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from any system and destroy any copies.

Robinson Donovan, P.C - Telephone: (413) 732-2301
e-mail: service@robinson-donovan.com  -  http://www.robinson-donovan.com
This e-mail message has been scanned for Viruses and Content and cleared
by NetIQ MailMarshal

---