UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and | ) |
| MATTHEW BOGACZ, | ) |
|     Plaintiffs | ) |
| vs. | ) |
| | ) |
| TOWN OF AGAWAM, TOWN OF AGAWAM | ) |
| POLICE DEPT., AGAWAM POLICE CHIEF | ) |
| ROBERT CAMPBELL, ANTHONY GRASSO, | ) |
| JAMES WHEELER, RICHARD NILES, | ) |
| KEITH BOPKO, JOHN MOCCIO, | ) |
| OFFICER MCGOVERN, | ) |
|     Defendants | ) |

### DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES AND MOTION TO RE-SET AND CONTINUE DEADLINES

The defendants submit this limited opposition to the plaintiffs' above described motion, in large part to clarify issues and its reasons for various objections.

The defendants do not oppose the portion of the motion which requests a re-setting and continuing of deadlines in this case. In fact, counsel in the recent past have discussed the need and mutual desire to respectfully request that the court re-set deadlines so that discovery can be completed. In the last conversation that defendants' counsel had with plaintiffs' counsel, before the filing of the plaintiffs' current motions, there was even discussion about her drafting a joint motion for that very purpose. It was defendants' counsel's understanding that that motion, along with a separate motion to resolve discovery issues and objections, would be filed. Apparently plaintiffs' counsel chose to unilaterally file her own motions, which are now before the Court.

While there have been some delays in discovery during this case, much of it has been as a result of scheduling problems amongst the parties and counsel, and as a result of other cases

419489

being called to trial in which counsel were involved. The defendants vigorously deny the allegations in the plaintiffs' complaint, and there have been understandable differences of opinion as to issues of discovery. Despite their differences, the parties eventually agreed to take the matter to non-binding mediation and to hold off the completion of discovery in the hope that a resolution could be reached. In good faith the parties went forward with a mediation hearing. Unfortunately, those efforts were unsuccessful.

Following mediation, discovery went forward with the depositions of various defendants. Officers Anthony Grasso and James Wheeler were deposed on December 15. Officers Richard Niles and Edward McGovern were deposed on December 16. Detective Jennifer Blanchette (not a defendant in this case) was deposed the morning of December 19. Chief Robert Campbell was to be deposed on the afternoon of December 19, but, following the deposition of Detective Blanchette, it was suggested by plaintiffs' counsel that that deposition be postponed until some issues of discovery might be resolved. (Plaintiff's counsel had known for months before the depositions that defendants objected to production of the documents and information that are the subject of the current motion to compel. Certainly plaintiffs cannot claim now that the lack of those documents was any basis for discontinuing the depositions.) At the depositions of some of those officers, a question arose as to whether or not the Town of Agawam's interrogatory responses as to their training and the training of other defendants had been complete. A couple of the officers responded in testimony that the recitation of their training might be incomplete for the reason that their initial training at the "police academy" was not listed. They did testify, however, that of course they had attended the academy at the beginning of their law enforcement careers. In all other relevant respects, there was no reason at that time, however, to believe that the remaining listings of their training were incorrect or incomplete.

381914

Defendants' counsel has advised plaintiffs' counsel on a number of occasions that he has no objection to completing depositions, designation and discovery as to experts, or completion of any other form of discovery in a manner convenient to the parties and with the Court's permission. In fact, even though counsel has not designated any expert, there is no objection to doing so at this time, subject to appropriate discovery and the opportunity of defendants similarly to designate such an expert.

**DISPUTES AS TO DISCOVERY**

**1. Information as to Training of Officers.**

After the completion of the five depositions referred to above, counsel for the defendants requested that all of them review their training and the recitation of their training in the Town of Agawam's answers to interrogatories so that any possible confusion, or errors, might be resolved. They have done so and, to correct any minor discrepancies or omissions, a supplemental answer to the relevant interrogatories will be served upon plaintiffs' counsel next week. Counsel has no recollection of saying he would have such information available by January 20, 2006. The information was being gathered and clarified when plaintiffs' motion was received on that date.

**2. Policies and Procedures Manual**

The issue as to the status and completeness of policies and procedures manuals at the Agawam Police Department has been further explored. The department, and specifically Chief Campbell, has clarified the matter by explaining the following. Had his deposition gone forward as scheduled, he could have answered questions about any confusion. To the best of the department's knowledge, the policies and procedures manuals that have been produced already in this case are the current manuals. The adoption of each and every section of the manual for

381914

the Police Department of the Town of Agawam is subject to negotiation. Generally, the process is that prior to adoption of the sections, they are drafted. Thereafter, the Chief sits down with two unions and negotiates the impact of them, their adoption, etc. Then each section is handed out at role call to the officers in the form initially adopted. They are then reviewed for approximately a week to make sure that all officers get them and have an opportunity to comment. It is a lengthy process. On the date of the incident involved in this lawsuit, March 23, 2002, the manual that was in effect is the one that has already been produced. The person who can best discuss and clarify, however, what actual sections of that manual were in effect at what time (including the date of the alleged incident) is Chief Campbell. Not all sections of the manual had been negotiated and adopted as of the date of the alleged incident. Confusion on this issue is apparent in counsel's letter of December 21, 2005 attached to the plaintiffs' motion. While the letter expresses the belief that the manuals produced are incomplete, and that "It appears that I am missing a portion of the "Administration section, the Traffic section, the Property Management section, and the Special Occurrences section," in reality, those sections were not in the manual produced because they were not adopted until after the alleged incident. The Chief advises that the Traffic section, Property Management section, and Special Occurrences section were not adopted until 2005. All of those missing sections will be copied from the Town offices and produced by February 10, along with a schedule as to when sections were approved and adopted. Thereafter, perhaps the best way to obtain a complete understanding of the policies and procedures manuals, their adoption, etc. would be through a deposition of Chief Campbell as originally scheduled. Again, counsel has no recollection of saying that "updated" policies and procedures would be provided by January 20, the date when plaintiffs' motion was filed.

381914

### 3. Identity of Persons Who Might Have Made Civilian Complaints
### Against Named Defendants

The defendants have always objected to, and expressed the concern about, producing the names of citizens who may have filed civilian complaints concerning officer misconduct. To the best of defendants' knowledge, any complaints by civilians found in personnel files or Internal Affairs files relating to named defendant officers have been produced with the names of the individual complainants excised. Additionally, the defendants have at all times in this case respectfully objected to, and would not agree to, the production of citizen complaints, investigations or discipline for any of the officers at the scene of the incident who were not named defendants.

This has been considered by Town Counsel as well. It is felt in good faith that neither the defendants nor the Town of Agawam Police Department should be required to divulge the names of persons making civilian complaints to the extent that they exist in file materials. The defendants and the Town are concerned that the production of identities and addresses of complainants within the community would be violative of those individuals' privacy rights. The defendants and the Town are understandably concerned about the potentiality of lawsuits being filed by those individuals against the defendants or the Town if their names are divulged without their knowledge or permission. Further, it is felt that the divulging of such names would have a chilling effect on individuals who wish to complain about police officers and their alleged actions in any circumstance, whatever town they might occur in. As to the named defendants, such complaints have already been produced, as have the outcome of any such complaint to the extent that action was taken on them. The names of complainants have simply been blacked out.

381914

### 4. Defendants Should Not be Required to Produce Files or Documentation About Officers Who Have Not Been Named as Defendants

Certainly, the defendants do not believe that it is reasonable for the plaintiffs to obtain any information, either investigative materials, complaints, personnel files, Internal Affairs files, or any other files or documentation within the Town or within the Town Police Department regarding officers who appeared to be at the scene of the alleged incident but who are <u>not</u> named defendants. Seeking such documentation is clearly nothing more than a fishing expedition and no legitimate need has been shown for the production of such information. The incident reports and officers' narratives as to the incident have been produced. They recite the names of all officers who responded to the scene. Those officers who have been deposed have identified who else they recall being present as well. If the plaintiffs feel that any of those officers have done anything inappropriate, they most certainly already know who they are and can amend the complaint to name them as defendants.

Short of that, there is no basis for obtaining their personal information or other documentation as to them.

### CONCLUSION

The defendants join with the plaintiffs in respectfully requesting from the Court some additional time to complete discovery. The defendants, however, must in good conscience continue to object to the aspects of discovery raised in plaintiffs' motion and referred to above, for that reason that plaintiffs seek inappropriately information that is not relevant to their claims and would be violative of the rights of defendants, of other officers that are not parties, or of

381914

citizens that have nothing to do with this case.

RESPECTFULLY SUBMITTED
THE DEFENDANTS
TOWN OF AGAWAM, TOWN OF
AGAWAM POLICE DEPT., AGAWAM
POLICE CHIEF ROBERT CAMPBELL,
ANTHONY GRASSO, JAMES
WHEELER, RICHARD NILES,
KEITH BOPKO, JOHN MOCCIO,
OFFICER MCGOVERN

By    */s/ Jeffrey L. McCormick*
Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
jmccormick@robinson-donovan.com
BBO No.:  329740

### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 31, 2006.

                              */s/ Jeffrey L. McCormick*

381914