UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and<br>MATTHEW BOGACZ,<br>    Plaintiffs<br><br>v.<br><br>TOWN OF AGAWAM, TOWN OF<br>AGAWAM POLICE DEPT.,<br>AGAWAM POLICE CHIEF<br>ROBERT CAMPBELL<br>ANTHONY GRASSO, JAMES<br>WHEELER, RICHARD NILES,<br>KEITH BOPKO, EDWARD MCGOVERN,<br>ROBERT BURKE, BRIAN STRONG,<br>THERESA A. MOCCIO,<br>PAUL CHENEVERT, and<br>STEVEN J. GRASSO<br>    Defendants | **PLAINTIFFS' MOTION TO AMEND<br>THEIR COMPLAINT** |

Now come the Plaintiffs, Deborah St. Peter and Matthew Bogacz, in the above-entitled matter and respectfully request this Court grant them leave to file their Amended Complaint. A copy of the proposed Amended Complaint is filed herewith.

In support thereof, the Plaintiffs assert the following:

### I. FACTS

1. On or about March 15, 2004, the Plaintiffs filed their Complaint in Massachusetts Federal District Court.

2. This ten count Complaint alleges *inter alia* civil rights violations, assault and battery, false imprisonment, negligent supervision, training and negligent retention against both the Town of Agawam, its police department and a number of individual Defendants.

1

3. The Plaintiffs' claims arise out of an incident which occurred in the early morning hours of March 24, 2002, wherein they allege that they were assaulted and battered by a number of Agawam police officers. At the time of the incident and, indeed, at the time that the Complaint was filed, the Plaintiffs did not know the identity of all of the police officers that assaulted them and/or who had responded to the scene of the incident which is the subject of this litigation.

4. Throughout the course of discovery in this matter and through recent depositions taken of a number of the Defendant police officers, the Plaintiffs have now learned the identity of all of the officers who responded to the scene.

5. Those officers the Plaintiffs wish to add as Defendants are: Robert Burke, Brian Strong, Theresa A. Moccio, Paul Chenevert and Steven J. Grasso.

6. The Plaintiffs have also learned that one of the officers, John Moccio, which they named as a Defendant was, in fact, not working on the date of the incident nor was he working on the evening prior to the incident and, therefore, was mistakenly named as a Defendant in this action.

7. The Plaintiffs have already notified the Defendants that they wish to take the depositions of Officer Robert Burke, Officer Steven J. Grasso and Officer Brian Strong. The Defendants have agreed to make those individuals available following the resolution of the Plaintiffs' Motion to Compel with the Court.

8. Allowance of the Plaintiffs' motion would not cause any further undue delay or prejudice to the Defendants; in fact, it was the Defendants who suggested in their opposition to the Plaintiffs' Motion to Compel that the Plaintiffs amend their Complaint to name the appropriate Defendants.

## II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a), a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and, thereafter, by the parties consent or "by leave of court." Fed. R. Civ. P. 15(a). Fed. R. Civ. P. 15(a) provides, in pertinent part, that "leave shall be freely given when justice so requires." See Subaru Distribs. Corp. v. General Ship Corp., 167 F.R.D. 342, 343 (D. Mass. 1996)(leave to amend must be freely given when justice requires). Indeed, "a liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." Moore's Federal Practice 3d § 15.14. "During the pre-trial phase, a court should allow amendments to ensure that all the issues are before the court." Id.

Nonetheless, amendment is not automatic. The court will consider several factors in deciding whether granting leave to amend. These factors include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. Id. See Forman v. Davis, 371 US 178 (1962).

None of the aforementioned preclusive factors are present in this case. Allowing the Plaintiffs to name the proper individual Defendants will not cause any undue delay and will allow them to litigate all of their claims against the proper Defendants in the most efficient and expeditious manner possible. Moreover, these amendments are not requested in bad faith on the part of the Plaintiffs who, prior to engaging in discovery, did not know the identity of their assailants.

Finally, allowing the Plaintiffs to amend their Complaint so they may name the proper Defendants will not cause undue prejudice to the Defendants, as naming the proper Defendants will not affect the substance or procedural posture of this litigation, as the facts and

3

circumstances out of which the Complaint arises remain unchanged. Moreover, the Plaintiffs have already notified the Defendants of those additional individuals they wish to depose and the Defendants have agreed to make those officers available.

### III. CONCLUSION

Wherefore, the Plaintiffs respectfully request that this Honorable Court grant the Plaintiffs' Motion to Amend Their Complaint, to add the additional individual Defendants, and further to dismiss their claims against Officer John Moccio.

The Plaintiffs,
DEBORAH ST. PETER and MATTHEW BOGACZ

By Their Attorney,

Date: February 8, 2006

Dawn D. McDonald, BBO#647256
Cooley, Shrair P.C.
1380 Main Street
Springfield, MA 01103
Tel (413) 781-0750
Fax (413) 733-3042

### CERTIFICATE OF SERVICE

I, Dawn D. McDonald, Esq. do hereby certify that I made service of the foregoing document on this 8th day of February, 2006, via electronic filing to: Jeffrey L. McCormick, Esq., Robinson Donovan, P.C., 1500 Main Street, P. O. Box 15609, Springfield, MA 01115-5609.

Dawn D. McDonald, Esq.

89246

4