UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and<br>MATTHEW BOGACZ,<br>     Plaintiffs<br>vs.<br><br>TOWN OF AGAWAM, TOWN OF AGAWAM<br>POLICE DEPT., AGAWAM POLICE CHIEF<br>ROBERT CAMPBELL, ANTHONY GRASSO,<br>JAMES WHEELER, RICHARD NILES,<br>KEITH BOPKO, JOHN MOCCIO,<br>OFFICER MCGOVERN,<br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Simply stated, a matter has been proved by a preponderance of the evidence if you determine,

after you have weighed all of the evidence that that matter is more probably true than not true.

*Sargent v. Massachusetts Accident Co.,* 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940). *See also Lisbon v. Contributory Ret. App. Bd.*, 41 Mass. App. Ct. 246, 670 N.E.2d 392 (1996).

- 2 -

## 42 U.S.C. 1983 VIOLATIONS

## BURDEN OF PROOF

The plaintiffs have the burden of proving each and every element of their § 1983 claims by a preponderance of the evidence against the Town, the police chief and the officers individually. If you find that any one of the elements of plaintiffs' § 1983 claims have not been proven by a preponderance of the evidence as to a defendant, you must return a verdict in favor of that defendant. Your analysis of the evidence against the Town is somewhat different than your analysis against the individual defendants.

United States Supreme Court: *Gomez v. Toledo*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

450511

## ELEMENTS OF A § 1983 CLAIM

To establish a claim under § 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

United States Supreme Court: *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

First Circuit: *Martinez-Velez v. Simonet*, 919 F.2d 808 (1st Cir. 1990).

- 4 -

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of § 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state. The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

United States Supreme Court: *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *Monroe v. Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961); *Screws v. United States*, 325 U.S. 91, 65 S. Ct. 1031, 89 L Ed. 1495 (1945); *United States v. Classic*, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1361 (1941); *Hague v. C.I.O.*, 307. U.S. 496, 59 S. Ct. 954, 83 L Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles*, 227 U.S. 278, 33 S. Ct. 312, 57 L. Ed. 510 (1913); *Ex parte Virginia*, 100 U.S. 339, 25 L. Ed. 676 (1880).

- 5 -

The second element the plaintiff must prove is that he/she was deprived by the defendant of rights, privileges, or immunities secured and protected by the Constitution and laws of the United States.  This element has two subparts, each of which must be proved by a preponderance of the evidence:

1.    you must determine whether there has been a deprivation of a federally protected right; and

2.    you must determine whether the defendant's conduct was causally connected to the deprivation.

*Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir. 1989).

## <u>USE OF FORCE</u>

When placing the plaintiff under arrest, the defendant lawfully could use only that amount of force that a reasonable police officer would think necessary to bring the plaintiff into custody under the circumstances then confronting the defendant.

*Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tatro v. Kervin,* 41 F.3d 9, 14 (1st Cir. 1994); *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 205 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). *See also Fletcher v. Town of Clinton*, 196 F.3d 41, 53 n.15 (1st Cir. 1999).

Reasonable force must be judged from the perspective of a reasonable police officer on the scene, but this judgment is to be made objectively in light of facts and circumstances known to the defendant.

.

*Graham v. Connor*, 490 U.S. 386 (1989); *Alexis v. McDonald's Rests. of Massachusetts, Inc.*, 67 F.3d 341, 352 (1st Cir. 1995); *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 205 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991).

In determining the reasonableness of the force used by the defendant, you may consider all the facts and circumstances known to the defendant, including the severity of the crime, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff was actively resisting arrest or attempting to evade arrest by fleeing.

*Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Alexis v. McDonald's Rests. of Massachusetts, Inc.*, 67 F.3d 341, 352 (1st Cir. 1995); *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 205 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991).

You should keep in mind that not every push or shove rises to the level of a constitutional violation, and that police officers making arrests are often forced to make split-second decisions about the amount of force needed to effect an arrest while operating under tense, dangerous, and rapidly changing circumstances.

*Graham v. Connor*, 490 U.S. 386, 393-394 (1989); *Alexis v. McDonald's Rests. of Massachusetts, Inc.*, 67 F.3d 341, 352 (1st Cir. 1995); *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 303, 205 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991).

## <u>CONSPIRACY TO VIOLATE CIVIL RIGHTS</u>

A civil rights conspiracy, pursuant to § 1983 "is a combination of two or more persons acting in concert to commit an unlawful act, or to commit an unlawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages."  In order for a conspiracy to be actionable under § 1983, the plaintiff must have proved by a preponderance of the evidence that there has been, besides an agreement, an actual deprivation of a right secured by the constitution and laws.

See, *Landrigan v. City of Warwick,* 628 F.2d 736, 742 (1st Cir. 1980).    See generally, S. Nahmod, Civil Rights and Civil Liberties Litigation, § 2.11 (1986).

- 11 -

The Court instructs you that if you have not found an underlying deprivation of a right secured by the constitution or laws, then you must find that the plaintiff has failed to sustain her burden with respect to the civil rights conspiracy allegation.

*Id.*

- 12 -

## SUPERVISORY LIABILITY

If you find that the plaintiffs' Fourth Amendment rights were violated, you must go on to determine if Chief Campbell is liable in his supervisory capacity.

In order to hold Chief Campbell liable, the plaintiffs must prove by a preponderance of the evidence that his conduct or inaction amounted to a reckless or callous indifference of the constitutional rights of the plaintiffs and that there was an affirmative link between his conduct and the defendant officers' conduct which resulted in injury to the plaintiffs.

*Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91-92 & n.4 (1st Cir. 1994); *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir. 1989).  *See also Camilo-Robles v. Zapata*, 175 F.3d 41, 43-44 (1st Cir. 1999).

Inadequate training of subordinates may form the basis for a § 1983 claim against a superior officer, such as Chief Campbell.

*City of Canton v. Harris,* 489 U.S. 378, 388-389 (1989); *Kibbe v. Springfield,* 777 F.2d 801, 807 (1st Cir. 1985), *cert. dismissed,* 480 U.S. 257 (1987).

- 14 -

An isolated instance of unconstitutional activity is ordinarily insufficient to establish a superior's policy or custom or to otherwise show deliberate indifference. *Id.*

*Camilo-Robles v. Zapata,* 175 F.3d 41, 46 (1st Cir. 1999).

*Maldonado-Denis v. Castillo-Rodriguez,* 23 F.3d 576, 582 (1st Cir. 1994).

*Oklahoma City v. Tuttle,* 471 U.S. 808, 823-824 (1985); *Rodriguez v. Furtado,* 950 F.2d 805, 813 (1st Cir. 1991).

*Febus-Rodriguez v. Betancourt-Lebron,* 14 F.3d 87, 91 (1st Cir. 1994).

450511

- 15 -

## MUNICIPAL LIABILITY

The rules that apply to the plaintiff's claims against the Town are different from the rules that apply to the plaintiffs' claims against each individual defendant and these claims must be considered separately.

Ordinarily, a corporation, including a public body or agency such as the Town, is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of *respondeat superior*, which means "let the supervisor respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs. This doctrine *does not* apply, however, in a case such as this where the plaintiffs claim a violation of constitutional rights by a municipality.

So, in this case, the Town can be held liable only if you find that there was an actual deprivation of an underlying constitutional right and that the deprivation of the plaintiffs' constitutional right was the direct result of the Town's ordinance, regulation, decision, policy or custom.

If you found that the plaintiffs' Fourth Amendment rights were violated, you must go on to determine if the Town is liable. A governmental entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by the lawmakers or by those whose acts may fairly be said to represent official policy. It is not enough to show that a Town employee caused the plaintiff's injury.

*Federal Jury Practice and Instructions, §168.10-168.20 (O'Malley, et al, Fifth Edition 2001), (modified), quoting Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S. Ct. 2018, 56 Led.2d 611 (1978).

- 16 -

In order for you to find that the Town is liable to the plaintiffs, you must find by a preponderance of the evidence:

1.     that the actions of the defendant officers were done in accordance with a custom or policy of the city; and

2.     that those actions caused the deprivation of the plaintiffs' rights. Put another way, the plaintiffs must demonstrate by a preponderance of the evidence that through its deliberate conduct, the Town was the moving force behind the injuries alleged.

Thus, the plaintiffs must prove that the Town caused the constitutional violation by showing the existence of a policy or custom and by showing a causal link between that policy or custom and the constitutional violation.

*Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 117 S.Ct. 1382 (1997); *Bordanaro v. McLeod,* 871 F.2d 1151, 1155 (1st Cir.), *cert. denied sub nom. Everett v. Bordanaro*, 493 U.S. 820 (1989); *Kibbe v. City of Springfield*, 777 F.2d 801, 810 (1st Cir. 1985)*, cert. denied as improvidently granted*, 480 U.S. 257 (1987). *See also Fletcher v. Town of Clinton*, 196 F.3d 41, 55 (1st Cir. 1999); *Martineau v. Kurland*, 36 F.Supp.2d 39, 42 (D.Mass. 1999); *Tedeschi v. Reardon*, 5 F.Supp.2d 40, 47 (D.Mass. 1998).

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Santiago v. Fenton,* 891 F.2d 373, 381 (1989). *See also Fletcher v. Town of Clinton*, 196 F.3d 41, 55 (1st Cir. 1999).

The phrase "custom or usage" appearing in Section 1983 means practices of Town officials or employees that are permanent and well settled, that is, the way things are done.

In order to find that the Town is liable based upon custom or practice, you must find by a preponderance of the evidence that

1.    the practice of the Town employees was so well settled and widespread that the policymaking officials of the city either knew or should have known of it but did nothing to end the practice and therefore the Town implicitly authorized, approved of, or acquiesced to the practice; and

2.    the custom or practice must have been the cause of and the moving force behind the deprivation of the plaintiff's civil rights.

*Monell v. City of New York Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Roma Constr. Co. v. Russo,* 96 F.3d 566, 575 (1st Cir. 1996); *Kibbe v. City of Springfield,* 777 F.2d 801, 806 (1st Cir. 1985), *cert. dismissed as improvidently granted,* 480 U.S. 257 (1987). *Tedeschi v. Reardon*, 5 F.Supp.2d 40, 47 (D.Mass. 1998).

*Roma Constr. Co. v. Russo*, 96 F.3d 566, 575 (1st Cir. 1996); *Bordanaro v. McLeod,* 871 F.2d 1151, 1157 (1st Cir.), *cert. denied sub nom. Everett v. Bordanaro,* 493 U.S. 820 (1989); *Kibbe v. City of Springfield,* 777 F.2d 801, 810 (1st Cir. 1985), *cert. dismissed as improvidently granted,* 480 U.S. 257 (1987).

In this case, the plaintiff has alleged that the Town failed to train the defendant officers adequately.  In order to find the Town responsible based upon its training of those officers, you must find that the failure to train was a deliberate or conscious choice by the Town, that is, it was a policy of the Town.

In order for you to find that the Town's failure to train was a deliberate or conscious choice, that is, a policy, you must find that the need for training the defendants in order to avoid the conduct that caused the plaintiffs' injuries was obvious, and that the failure to provide such training was so likely to result in the conduct that caused the injuries that the policymakers of the Town were deliberately indifferent to the need for training.

In order for you to find that the Town was liable for lack of training its employees, it is not enough that the plaintiff's injury could have been avoided if the defendant had received more or better training sufficient to have avoided the injury-causing conduct, and it also is not enough that the training program was administered negligently.

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Santiago v. Fenton,* 891 F.2d 373, 381 (1st Cir. 1989). *Town of Fletcher v.Clinton*, 196 F.3d 41, 55 (1st Cir. 1999).

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

- 19 -

You may find that the Town failed to train its employees adequately, even if you find that the conduct of an individual defendant that demonstrated failure of training occurred in a single event, if you find evidence of the policy other than the event and if you find concerted action by more than one employee.

If you find that an individual defendant's actions were taken pursuant to a decision by someone who had policymaking authority for the city, then you may find that the actions were taken pursuant to a policy of the city even though the decision was a single and discrete event. In order to find the defendant liable, however, you also must find that the decision was made with deliberate indifference to a known or obvious risk that a violation of a particular constitutional or statutory right would follow the decision, and that there was a direct causal link to the violation alleged in this case.

*Bordanaro v. McLeod*, 871 F.2d 1151, 1157 (1st Cir.), *cert. denied sub nom. Everett v. Bordanaro,* 493 U.S. 820 (1989).

*Pembaur v. Cincinnati*, 475 U.S. 469, 483–84 (1986).

*Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 117 S.Ct. 1382 (1997).

## COMPENSATORY DAMAGES UNDER § 1983

If you return a verdict for the plaintiffs, then you must consider the issue of actual damages.

If you return a verdict for the plaintiffs, then you must award a sum of money as you believe will fairly and justly compensate for any injury you believe he/she actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that each plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find each plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of § 1983. That is, you may not simply award actual damages for any injury suffered by a plaintiff--you must award actual damages only for those injuries that are a direct result of actions by this defendant and that are a direct result of conduct by defendants which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. In assessing damages, you must consider each defendant separately. The mere fact that you award damages against one defendant does not necessarily mean you should award damages against another defendant.

United States Supreme Court:  *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); *Smith v. Wade,* 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983); *Carey v. Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).

First Circuit:  *Davet v. Maccarone ,* 973 F.2d 22 (1st Cir. 1992).

- 21 -

The plaintiffs must prove by a preponderance of the evidence that such emotional distress did in fact occur and that its cause was the constitutional deprivation itself and cannot be attributable to other causes.

*Knussman v. Maryland,* 272 F.3d 625, 640 (4th Cir. 2001).

Damages under § 1983 are intended to compensate for actual injuries caused by constitutional violation; therefore, a § 1983 plaintiff alleging emotional distress must demonstrate that the emotional distress resulted from the constitutional violation itself and not from other troubles the plaintiff may have had in his/her life.  You are not to award damages for the stresses and strains of litigation.

*Carey v. Piphus,* 435 U.S. at 263, 98 S. Ct. 1042.

- 23 -

In order to prove intentional infliction of severe emotional distress, the plaintiffs must prove that the defendants acted either with the desire or knowledge that emotional distress would result from their conduct or that they should have known that their conduct would cause the plaintiffs to suffer emotional distress.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Simon v. Solomon,* 385 Mass. 91, 96–97, 431 N.E.2d 556, 562 (1988); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318 (1976); *George v. Jordan Marsh Co.*, 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971).

- 24 -

## INSTRUCTION RE COUNSEL'S REQUEST FOR DAMAGES

I instruct you that an attorney's statement to you of the amount of damages you should award the plaintiff is not binding upon you.  It is not evidence; it is only a lawyer's statement.

It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages she has sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

## **ATTORNEYS' FEES AND COURT COSTS SHOULD NOT BE CONSIDERED**

If you should find for the plaintiffs, you should not take into consideration attorneys' fees or court costs in deciding on the amount of his or her compensatory damages.  The matter of attorneys' fees and costs will be decided later by the Court.

Adopted from Eleventh Circuit Pattern Jury Instructions Civil, Supplemental Damages Instruction 6.1.  *See also Brooks v. Cook*, 938 F.2d 1048 (9th Cir. 1991).

456874