## MITIGATION OF DAMAGES

The plaintiff has a duty to take reasonable steps to mitigate his/her damages. To mitigate means to avoid, reduce, or minimize damages.

The defendant has the burden of proving, by a preponderance of the evidence:

1.     That the plaintiff failed to make reasonable efforts to mitigate his/her damages; and

2.     The amount by which damages would have been reduced if the plaintiff had made reasonable efforts to mitigate his/her damage.

If you find that the plaintiffs failed to make reasonable efforts to lessen their damages, you should deny them recovery for the damages they could have avoided by making such reasonable efforts.

## RULE AGAINST DOUBLE RECOVERY GENERALLY

If you return a verdict for the plaintiff, you must award him/her such sum of money as you believe will fairly and justly compensate him/her for any injury you believe he/she actually sustained as a direct result of the unlawful conduct of a defendant. In this case, the plaintiffs claim that the defendants violated their rights in a number of ways. They claim a violation under the Federal Constitution and a violation of federal and state laws.

Because the plaintiffs present both federal § 1983 claims and supplemental state law claims based on the same events, you must be careful in fixing damages that you do not award double compensation for a single injury resulting from violations of the different rights. On the other hand, if a defendant violated more than one of the plaintiffs' rights and you can identify separate injuries from the separate violations, you should award an amount of compensatory damages that will fairly and justly compensate the plaintiff for each of his/her separate injuries. I emphasize again, however, that you should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, one federal and the other state.

## SEPARATE CONSIDERATION OF EACH DEFENDANT – APPORTIONMENT-JOINT AND SEVERAL LIABILITY

This case involves multiple defendants. Therefore, you must be careful to impose any damages that you may award only against the defendant or defendants that a plaintiff has proved liable. The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendant is liable as well. Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant.

If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. This requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a particular defendant's conduct. The law calls this apportionment.

The plaintiff, however, may be able to prove that more than one defendant is liable for a particular injury. If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights. The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable. So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for purposes of assessing damages. If he/she proves that two or more of the defendants are jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages. Each defendant would then be liable for the overall damages. The plaintiff, however, would be able to recover only once for his/her injury, because the law disallows double recoveries.

## NOMINAL DAMAGES

You may, if you decide it is fair and reasonable, award merely nominal damages.  If you find that the plaintiffs did meet the elements of a claim but did not sustain actual damages, you may award the nominal amount of $1 is recognition that the defendant's conduct did deprive the plaintiff of some rights secured by the Constitution or laws of the United States.

*Carey v. Piphus,* 435 U.S. 247, 266 (1978).

## PUNITIVE DAMAGES

If you have awarded a plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award the plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct. However, the law is very clear that punitive damages can be awarded only where certain egregious conduct has been proven.

If you should find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.  Thus you must take into account all the circumstances surrounding the actions of the defendants, including actions of the plaintiff that may have provoked the defendants, in deciding whether or not to award punitive damages.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury.  When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount

because of any sympathy, or bias, or prejudice with respect to any party to the case.  In fixing the

amount of punitive damages, you must consider the degree of reprehensibility of the defendant's

conduct and the relationship between the amount of punitive damages to any actual harm inflicted

upon the plaintiff.

*Federal Jury Practice and Instructions, §168.10-168.20 (O'Malley, et al, Fifth Edition 2001),(modified), quoting Smith v. Wade*, 461 U.S. 30, 35-36, 103 S. Ct. 1625, 1629, 75 L.Ed.2d 632 (1983).  See also *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 19 (1991).

## THE TOWN CANNOT BE ASSESSED PUNITIVE DAMAGES

Under the law, a municipality such as the Town has absolute immunity from punitive damages and, therefore, if you find that the Town is liable to a plaintiff using the instructions I gave you on municipal liability under § 1983, you may not award punitive damages against the Town.

*Federal Jury Practice and Instructions, §168.10-168.20 (O'Malley, et al, Fifth Edition 2001),(modified), quoting City of Newport v. Fact Concerts,* 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L.Ed.2d 616 (1981).

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

In this case, the plaintiffs claim that the defendant officers intentionally or recklessly caused infliction of emotional distress by their conduct. In order to recover, the plaintiffs must prove by a preponderance of the evidence that:

1.    the defendants intended to inflict emotional distress or that the defendant, knew or should have known that emotional distress was likely to result from their conduct;

2.    the defendants' conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3.    the defendants' conduct caused the plaintiff's emotional distress, and

4.    the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

It is not necessary for the plaintiffs to prove that physical injury resulted from the severe emotional distress.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.,* 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976); *Cady v. Marcella*, 49 Mass. App. Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000); *Brown v. Nutter, McClennen & Fish*, 45 Mass. App. Ct. 212, 218, 696 N.E.2d 953, 957 (1998); *Conway v. Smerling*, 37 Mass. App. Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

*Agis v. Howard Johnson Co.*, 371 Mass. 140, 144, 355 N.E.2d 315, 318 (1976). *See also Simon v. Solomon*, 385 Mass. 91, 95, 431 N.E.2d 556, 561 (1982).

In order to prove intentional infliction of severe emotional distress, the plaintiff must prove that the defendants acted either with the desire or knowledge that emotional distress would result from their conduct or that she should have known that her conduct would cause the plaintiff to suffer emotional distress.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Simon v. Solomon,* 385 Mass. 91, 96–97, 431 N.E.2d 556, 562 (1988); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318 (1976); *George v. Jordan Marsh Co.*, 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971).

"Extreme and outrageous" conduct is more than just work a day insults, hurt feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence. What is extreme and outrageous is for you to consider, given all the facts.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Boyle v. Wenk*, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055–56 (1979); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 319 (1976); *Conway v. Smerling*, 37 Mass. App. Ct. 1, 8–9, 635 N.E.2d 268, 273 (1994).

*Bresnahan v. McAuliffe*, 47 Mass. App. Ct. 278, 282–83, 712 N.E.2d 1173, 1176–77 (1999) (parents had a reasonable expectation of proving at trial that the funeral home's communications and conduct in providing funeral services for their stillborn child were extreme and outrageous); *Brown v. Nutter, McClennen & Fish*, 45 Mass. App. Ct. 212, 218–19, 696 N.E.2d 953, 957–58 (1998) (legal secretary's allegations that her longtime supervisor had caused her to engage in illegal conduct for his own benefit and had continued to contact her despite her requests that he stop created a triable issue); *Boyle v. Wenk*, 378 Mass. 592, 595–96, 392 N.E.2d 1053, 1055–56 (1979); *George v. Jordan Marsh Co.*, 359 Mass. 244, 254–55, 268 N.E.2d 915, 921 (1971); *see also Simon v. Solomon*, 385 Mass. 91, 96–97, 431 N.E.2d 556, 561–62 (1982).

If you find that the plaintiff has satisfied each and every element of his/her claim for intentional infliction of emotional distress, you must consider the issue of damages. The rule of damages is a practical instrumentality for the administration of justice. Its object is to afford the equivalent in money for the actual loss caused by the wrong of another. You must consider what amount of money would be full, fair and reasonable based on all the evidence. The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination.

*Rombola v. Cosindas,* 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Co. Inc. v. American & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); *Daniels v. Celeste*, 303 Mass. 148, 150, 21 N.E.2d 1, 2 (1939); *Sullivan v. Old Colony St. Ry. Co.*, 197 Mass. 512, 516, 83 N.E. 1091, 1092 (1908).

## **FALSE IMPRISONMENT**

False imprisonment is the intentional and unlawful confinement of a person, directly or indirectly, of which the person confined is conscious or by which the person is harmed.

*Noel v. Town of Plymouth,* 895 F.Supp. 346, 354 (D.Mass. 1995); *see Sarvis v. Boston Safe Deposit and Trust*, 47 Mass.App.Ct. 86, 97-98, 711 N.E.2d 911, 919, *further app. rev. denied*, 430 Mass. 1106, 717 N.E.2d 1015 (1999).

- 38 -

The plaintiffs have brought a claim alleging that the defendants are liable for false imprisonment.

To prove false imprisonment, the plaintiffs must prove the following elements by a fair preponderance of the evidence:

1.      that the defendants unlawfully confined the plaintiffs, directly or indirectly;

2.      that the defendants intentionally confined the plaintiffs; and

3.      that the plaintiffs were either conscious of the confinement or harmed by the confinement.

Restatement (Second) Torts § 35, False Imprisonment. *See Noel v. Town of Plymouth,* 895 F.Supp. 346, 354 (D.Mass. 1995) ("The tort of false imprisonment consists in the (1) intentional and (2) unlawful (3) confinement of a person, (4) directly or indirectly (5) of which the person confined is conscious or is harmed by such confinement") (citing *Santiago v. Fenton*, 891 F.2d 373, 383 (1st Cir. 1989) and *Wax v. McGrath*, 255 Mass. 340, 342, 151 N.E. 317, 318 (1926)).

The confinement need not be substantial; unlawful restraint of a person's freedom of movement is sufficient.

The plaintiff who relinquishes his right to move about freely as the only available alternative to relinquishment of another right, such as the right to an unsullied reputation, is restrained or imprisoned for the purpose of the tort of false imprisonment.

*Rogers v. Okin*, 478 F.Supp. 1342, 1383 (D.Mass. 1979), *aff'd in part, rev'd in part*, 634 F.2d 650 (1st Cir. 1980), *cert. granted*, 451 U.S. 906 (1981), *vacated and remanded sub nom. Mills v. Rogers*, 457 U.S. 291 (1982), *on remand, Rogers v. Okin*, 738 F.2d 1 (1st Cir. 1984).
*Foley v. Polaroid Corp.,* 400 Mass. 82, 91, 508 N.E.2d 72, 77 (1987).

- 40 -

Confinement that is justified is not false imprisonment. The defendant has the burden of proving that the confinement was justified.

*Wax v. McGrath,* 255 Mass. 340, 342, 151 N.E. 317, 318 (1926).

To establish that the confinement was justified, the defendant must prove by a preponderance of the evidence that, under all of the circumstances, he acted as a reasonably cautious and prudent person and was justified in entertaining suspicions that the plaintiff had committed a crime.

*Wax v. McGrath,* 255 Mass. 340, 344, 151 N.E. 317, 319 (1926).

In an action for false imprisonment, the defendant is liable for the damages that are the direct result of his wrongful conduct. Such damages include the value of time spent in confinement. Such damages also include bodily suffering, if any, and injuries to the plaintiff's feelings occasioned by the wrongful act.   The plaintiff may recover for his emotional distress, if any, including shame, humiliation, and mental anguish.

*Bilodeau v. Maffei,* 309 Mass. 237, 238, 34 N.E.2d 687, 688 (1941).

*Tyler v. Pomeroy*, 90 Mass. (8 Allen) 480, 505 (1864).

*Foley v. Polaroid Corp.*, 400 Mass. 82, 92-93, 508 N.E.2d 72, 78 (1987).

**ABUSE OF PROCESS**

There is also a claim in this case for abuse of process.  To recover, the plaintiffs must prove to you by a preponderance of the evidence that a defendant:

1.    used legal process

2.    for an ulterior or illegitimate purpose

3.    resulting in damage to the plaintiff.

*Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 775–76, 489 N.E.2d 185, 195 (1980); *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 340 N.E.2d 484 (1976); *American Mgmt. Servs., Inc. v. George S. May Int*'l Co., 933 F. Supp. 64 (D. Mass. 1996); *Milford Power Ltd. P'ship By Milford Power Assocs., Inc. v. New England Power Co.,* 918 F. Supp. 471 (D. Mass. 1996); *General Elec. Co. v. Lyon,* 894 F. Supp. 544 (D. Mass. 1995). *See also Kobayashi v. Orion Ventures, Inc.,* 42 Mass. App. Ct. 492, 504–05, 678 N.E.2d 180, 188, *further app. rev. denied,* 425 Mass. 1102, 680 N.E.2d 101 (1997).

- 44 -

"Process" refers to papers issued by a court to bring a party or property within the jurisdiction of the court.

*Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 390, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater,* 35 Mass. App. Ct. 451, 621 N.E.2d 686, *further app. rev. denied,* 416 Mass. 1109, 630 N.E.2d 603 (1993); *Ferraro v. First Safety Fund Nat'l Bank*, 11 Mass. App. Ct. 928, 416 N.E.2d 225 (1981) (rescript); *Chemawa Country Gulf, Inc. v. Wnuk,* 9 Mass. App. Ct. 506, 402 N.E.2d 1069 (1980).

The plaintiffs must show that the process was used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the particular process employed.

If the stated objective of the process was the actual objective, then there is no abuse of process.

*Ladd v. Polidoro,* 424 Mass. 196, 198–00, 675 N.E.2d 382, 384 (1997); *FDIC v. Greenberg,* 851 F. Supp. 15 (D. Mass. 1994); *Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035 (1983); *Quaranto v. Silverman,* 345 Mass. 423, 187 N.E.2d 859 (1963); *Altenhaus v. Louison,* 342 Mass. 773, 172 N.E.2d 230 (1961); *Elliot v. Warwick Stores, Inc.,* 329 Mass. 406, 108 N.E.2d 681 (1953); *Noyes v. Shanahan,* 325 Mass. 601, 91 N.E.2d 841 (1950); *Gabriel v. Borowy,* 324 Mass. 231, 85 N.E.2d 435 (1949); *Carroll v. Gillespie,* 14 Mass. App. Ct. 12, 436 N.E.2d 431 (1982).

*Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 391, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater,* 35 Mass. App. Ct. 451, 455, 621 N.E.2d 686, 688, *further app. rev. denied,* 416 Mass. 1109, 630 N.E.2d 603 (1993).

- 46 -

The fact that a party will have to spend time and money to defend a legal action does not prove an ulterior purpose for filing the legal action.

*Broadway Management Servs., Ltd. v. Cullinet Software, Inc.,* 652 F. Supp. 1501, 1503–04 (D. Mass. 1987).

Mere commencement of litigation to enforce a claim that the person commencing the litigation knows or reasonably should have known to be groundless does not constitute legal abuse of process without proof of any ulterior purpose.

Proof of groundlessness of an action is not an essential element of a claim for abuse of process; however, that the person commencing the litigation knew or had reason to know that her claim was groundless is relevant as tending to show that the process was used for an ulterior purpose.

*Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035 (1983); *Bednarz v. Bednarz,* 27 Mass. App. Ct. 668, 673–74, 542 N.E.2d 300, 303 (1989).

*Fishman v. Brooks,* 396 Mass. 643, 487 N.E.2d 1377 (1986).

The plaintiffs must show that damage occurred as the natural and probable consequence of the process initiated by the defendant.  If there were no damages, then the plaintiff does not have a claim, even if the process was for an ulterior motive.

You may consider damages to compensate the plaintiff for injury to business, reputation, and feelings.

*Ledgehill Homes, Inc. v. Chaitman,* 348 Mass. 777, 202 N.E.2d 920 (1964); *Quaranto v. Silverman,* 345 Mass. 423, 427, 187 N.E.2d 859, 862 (1963); *Swartz v. Brockton Sav. Bank,* 318 Mass. 66, 69, 60 N.E.2d 362, 363 (1945); *Madan v. Royal Indem. Co.,* 26 Mass. App. Ct. 756, 532 N.E.2d 1214, *further app. rev. denied,* 404 Mass. 1103, 536 N.E.2d 1093 (1989).

*Malone v. Belcher*, 216 Mass. 209, 212, 103 N.E. 637, 638 (1913).

- 49 -

## NEGLIGENCE

In this case the plaintiff also claims that the Town was negligent in its hiring, supervising and training of the defendant officers.

In order to recover for negligence, the plaintiffs have the burden of proving by a preponderance of the evidence the following four elements:

First, the plaintiffs must prove that the defendant Town owed them a duty of care.

Second, the plaintiffs must prove that the defendant Town breached that duty of care

Third, the plaintiff must prove that they suffered injury or harm.

Fourth, the plaintiff must prove that the defendant Town's breach of duty was a cause of the plaintiff's injury or harm.

*O'Leary v. Jacob Miller Co.*, 19 Mass. App. Ct. 947, 948, 473 N.E.2d 200, 201 (1985) (rescript).

*Irwin v. Town of Ware*, 392 Mass. 745, 764, 467 N.E.2d 1292, 1305 (1984); *Goldstein v. Gontarz*, 364 Mass. 800, 804, 309 N.E.2d 196, 199-200 (1974).