- 50 -

The first element the plaintiffs must prove by a preponderance of the evidence is that a duty was owed to them by the defendant Town.

*Carrier v. Riddell, Inc.*, 721 F.2d 867, 868 (1st Cir. 1983); W. Prosser, *Handbook of the Law of Torts,* § 37 at 206 (4th ed. 1971); *Fed. Express Corp. v. State Dep't of Transp.*, 664 F.2d 830, 835 (1st Cir. 1981).

The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.

Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do.

The classic definition of negligence is this:  Negligence is the failure of a responsible person, either by omission or by action, to exercise that degree of care, diligence, and forethought which, in the discharge of the duty then resting on her, the person of ordinary caution and prudence ought to exercise under the particular circumstances.  It is a want of diligence commensurate with the requirement of the duty at the moment imposed by the law.

Negligence is the performance or the omission of some act in violation of a legal duty.

Ordinarily, where a duty of care is established by law, the standard by which a party's performance is measured is the conduct expected of a reasonably prudent person in similar circumstances.  The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent.  The same standard is frequently expressed in terms of "reasonable care."

*Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 267, 493 N.E.2d 206, 210, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986) (instruction on negligence must refer to reasonable person standard and to attendant circumstances).

*Massachusetts Lobstermen's Assoc., Inc. v. United States*, 554 F.Supp. 740, 742 (D.Mass. 1982). *Altman v. Aronson,* 231 Mass. 588, 591, 121 N.E. 505, 506 (1919); *Beaver v. Costin,* 352 Mass. 624, 626, 227 N.E.2d 344, 345–46 (1967). *Goldstein v. Gontarz*, 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974).

The second element which the plaintiffs must prove by a preponderance of the evidence is that the defendant Town did not exercise the required amount of care under the circumstances, that the defendant Town breached its duty of care, or, in other words, was negligent.

Since there is a duty to exercise reasonable care, the plaintiffs must prove by a preponderance of the evidence that the defendant Town failed to exercise the required amount of care in training the defendant offrcers..

The standard of care in negligence cases is how a person of reasonable prudence would act in similar circumstances.

*Brown v. Kendall*, 60 Mass. (6 Cush.) 292 (1850), *Perry v. Medeiros*, 369 Mass. 836, 343 N.E.2d 859 (1976).

*Kane v. Fields Corner Grille*, 341 Mass. 640, 642, 171 N.E.2d 287, 289–90 (1961). *Goldstein v. Gontarz,* 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974); *Adams v. Dunton*, 284 Mass. 63, 66–67, 187 N.E. 90, 91–92 (1933); *Clough v. New England Tel. & Tel. Co.*, 342 Mass. 31, 35, 172 N.E.2d 113, 115 (1961); *Gelinas v. New England Power Co.*, 359 Mass. 119, 124, 268 N.E.2d 336, 339 (1971); Restatement (Second) of Torts § 298 cmt. b (1965).

- 53 -

The amount of care that the prudent person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened.

Therefore, based on the facts you find from the evidence submitted in this case, you are to determine how a person of reasonable prudence would act in these circumstances.

*Goldstein v. Gontarz*, 364 Mass. 800, 805–06, 309 N.E.2d 200, 201 (1974).  *Kane v. Fields Corner Grille*, 341 Mass. 640, 643, 171 N.E.2d 287, 289–90 (1961).  *See also Hallett v. Town of Wrentham*, 398 Mass. 550, 558–59, 499 N.E.2d 1189, 1194 (1986) (citing *LaClair v. Siberline Mfg. Co.*, 379 Mass. 21, 27, 393 N.E.2d 867, 871 (1979)).  *See also* Restatement (Second) of Torts §§ 283, 298 (1965).

Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case. After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by this defendant Town. In determining whether or not the defendant Town acted with reasonable care, you are to consider not only whether it knew of the risks involved, but also whether it should have known of the risks.

The test is an objective one.

If you find that the defendant Town did exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then you must find that the defendant Town did not breach its duty of reasonable care to the plaintiff, and your verdict will be for the defendant Town. If, however, you find that the defendant Town did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that the defendant Town breached its duty of care to the plaintiff.

*Romano v. Massachusetts Port Auth.*, 3 Mass. App. Ct. 765, 330 N.E.2d 495 (1975) (rescript) and Restatement (Second) of Torts § 290 (1965).

If you decide that the defendant Town was negligent, you must then consider whether the defendant Town's negligent conduct caused [or worsened] the plaintiffs' injuries. Even if you find that the defendant Town was negligent, it is not liable to the plaintiffs unless its negligence caused the plaintiffs harm. To meet their burden, the plaintiffs need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant Town was responsible than from any other cause.

The defendant Town's conduct was the legal cause of the plaintiffs' injuries if it was a substantial factor in bringing it about [and without which the harm would not have occurred. In other words, if the harm would have occurred anyway, the defendant Town is not liable].

It does not matter whether other concurrent causes contributed to the plaintiffs' injuries so long as you find that the defendant Town's conduct was a substantial factor. "Substantial" is used here in its ordinary sense which requires no further elaboration.

Furthermore, to establish causation, the plaintiffs must show that the harm was reasonably foreseeable to a person in the defendant Town's position at the time of the defendant Town's negligence. The plaintiffs do not have to establish that the defendant Town foresaw, or should have foreseen, the exact manner in which the harm occurred; but they must show that this harm was a natural and probable consequence of the defendant Town's negligence.

What the plaintiffs must show is that the harm was more likely due to the defendant Town's negligence than to some other cause.

*Simmons v. Monarch Mach. Tool Co.*, 413 Mass. 205, 212, 596 N.E.2d 318, 323 (1992) (liability attaches where defect enhances the injuries a person sustains in an otherwise foreseeable accident).
Restatement (Second) of Torts § 430 (1965).
*Mullins v. Pine Manor Coll.*, 389 Mass. 47, 58, 449 N.E.2d 331, 338–39 (1983) (citing *McLaughlin v. Bernstein,* 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969)).

The plaintiffs also have the burden of proving by the preponderance of the evidence that the defendant Town's negligence substantially contributed to causing the plaintiffs' injuries. The plaintiffs do not have to prove that the defendant Town's negligence was the only or predominant cause of the injuries. If two or more factors, which operated concurrently, contributed to the plaintiffs' injuries, so that in effect the damages suffered were inseparable, then it is enough for the plaintiffs to prove that the defendant Town's negligence was a substantial contributing factor in causing the injuries.

By "substantial" I mean that the defendant Town's contribution to the harmful result, i.e., the defendant Town's negligence, was not an insignificant factor. The defendant Town's negligence must contribute significantly to the result; it must be a material and important ingredient in causing the harm. If the defendant Town's negligence was a substantial factor, then it is considered a legal cause of the plaintiffs' injuries, and the plaintiffs are entitled to recover. If it was not a substantial factor, if the negligence was only slight, insignificant, or tangential to causing the harm, then even though you may have found the defendant Town negligent, it cannot be held liable to pay damages to the plaintiffs on this claim.

See *O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591–92, 518 N.E.2d 510, 512–13 (1988) (asbestos case).

*O'Connor v. Raymark Indus., Inc.*, 401 Mass. at 592, 518 N.E.2d at 513.

The defendant Town is liable for those injuries that are a reasonably foreseeable consequence of its negligence. When we say that something is foreseeable, we mean that it is a probable and predictable consequence of the defendant Town's negligent acts or omissions. Thus, if the defendant Town should have realized that its conduct might cause harm to a person in the plaintiff's position in substantially the manner in which it was brought about, the injury is regarded as the legal consequence of the defendant Town's negligence.

*Jorgensen v. Massachusetts Port Auth.*, 905 F.2d 515 (1st Cir. 1990); *Wiska v. St. Stanislaus Social Club, Inc.,* 7 Mass. App. Ct. 813, 390 N.E.2d 1133 (1979).

*See Kline v. 1500 Massachusetts Ave. Apartment Corp.*, 439 F.2d 477, 483 (D.C. Cir. 1970).

Restatement (Second) of Torts § 435 cmt. a & b (1965); *Rae v. Air-Speed, Inc.,* 386 Mass. 187, 193, 435 N.E.2d 628 (1982).

As a defense to this action, the defendant Town is claiming that the plaintiffs were negligent and that their own negligence caused their injuries. We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendant Town to the negligence, if any, of the plaintiffs.

Unlike the previous elements where the plaintiff has the burden of proof, as to this issue, the defendant Town has the burden of proving by a preponderance of the evidence that the plaintiff was negligent and that this negligence contributed to cause the plaintiffs' injuries.

When you are determining whether the plaintiffs were negligent, remember the instructions on causation. The plaintiffs' negligence must have contributed to the cause of their injuries for this comparative negligence analysis to apply.

A plaintiff's negligence causally contributes to his/her injury if he/she ought to have foreseen that his/her conduct in connection with other causes would be likely to produce an accident. If you are convinced by a preponderance of the evidence that the plaintiff was negligent, you are to compare that negligence to the negligence of the defendant Town. To accomplish this comparison, determine the percentage that the plaintiff was negligent and the percentage that each defendant Town was negligent. The combined total of the negligence of the plaintiff and all the defendants must equal 100 percent. If the negligence of the plaintiff is greater than the combined negligence of the defendants, the plaintiff will not be entitled to recover any damages.

If the negligence of the plaintiff is equal to or less than the negligence of all the defendants combined, the plaintiff's damages will be diminished by the percentage of her own negligence. If the negligence of the plaintiff is less than 50 percent, the amount you determine to be the plaintiff's damages will be reduced by that percentile by the clerk. For example, if you

determine that the plaintiff was 20 percent negligent and that the combined negligence of all defendants was 80 percent, the amount of the plaintiff's total damages will be reduced by 20 percent by the clerk. You should write in the full amount of the damages without making any deduction for comparative negligence, keeping in mind that the clerk will make any such deduction after you render your verdict.

Where more than one defendant is being sued, the jury is to compare the negligence of the plaintiff against the total negligence of all concurrent tortfeasors combined. G.L. c. 231, § 85; *cf. Riley v. Davison Constr. Co.*, 381 Mass. 432, 409 N.E.2d 1279 (1980).

*Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 265, 493 N.E.2d 206, 208–09, *review denied,* 398 Mass. 1103, 497 N.E.2d 1096 (1986); G.L. c. 231, § 85. The defense of assumption of the risk was abolished under l973 Mass. Acts 1123, G.L. c. 231, § 85.

Comparative negligence is not applicable to breach of warranty claims or where the defendant's conduct is willful or wanton. *Lane v. Meserve*, 20 Mass.App.Ct. 659, 663–64 & n.6, 482 N.E.2d 530, 532–33 & n.6 (1985).

*Correia v. Firestone Tire & Rubber Co.,* 388 Mass. 342, 356, 446 N.E.2d 1033, 1040 (1983).

While G.L. c. 231, § 85 (1973 Mass. Acts 1123) reinstated the plaintiff's "presumption of due care," the Massachusetts higher courts do not favor use of that language in an instruction.

It is within the discretion of the judge to inform the jury that a finding of greater negligence of the plaintiff means a verdict for the defendant. However, where "the jurors ask questions as to the effect of their answers to special questions and a party requests that the judge inform the jurors as to the effects of their answers, the judge must do so." *Dilaveris v. Rich,* 424 Mass. 9, 15, 673 N.E.2d 562, 566 (1996).

The fourth element the plaintiffs must prove is damages.  You will only reach the issue of damages if you find that a defendant was negligent and that the defendant's negligence caused injury to the plaintiffs.

As with all the other elements, the plaintiffs bear the burden of proving their damages by a fair preponderance of the evidence.

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.

The object is to try to restore the person to the position he/she would have been in had the wrong not occurred.  The purpose is not to reward the plaintiff and not to punish the defendant Town.  Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to him/her by the defendant Town.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.

There is no special formula under the law to assess the plaintiffs' damages.  It is your obligation to assess what is fair, adequate, and just.  You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiffs for their injuries.  You must be guided by your common sense and your conscience.

In determining the amount of damages which the plaintiffs are entitled to recover, there are certain areas which you should take into consideration.

W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–67 (5th ed. 1984).

*Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

*Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990); *see also Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir. 1975).

The first area is pain and suffering.  Pain and suffering are of two types: physical pain and suffering, and mental pain and suffering.

For physical pain and suffering, you are to consider the areas of the body, if any, in which you find the plaintiff physically injured. You are to take into account the past pain and suffering endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury.

Also, you should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused her a loss of pleasures which she otherwise probably would have had in the form of work or play or family life or whatever.

To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure to compensate for past, present, and future suffering such as you find has been proved by the evidence.

*Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–66 (5th ed. 1984).

The next area of damages which you are to consider is medical, hospital, and nursing expenses incurred by the plaintiffs on account of their injuries.

The plaintiffs are entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary. Therefore, you must determine whether the expense was reasonably related to the treatment and care of the plaintiffs, and whether the charge itself was reasonable.

You may also consider and allow the plaintiffs a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident.

The plaintiffs are entitled to recover for whatever expenses they prove are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. The plaintiffs are entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident.

*Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 572 (1943).

*Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Cross v. Sharaffa*, 281 Mass. 329, 331–32, 183 N.E. 838, 838–39 (1933); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

The third area of damages for your consideration is loss of earning capacity.

Whether we are employed, are retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry.

If someone hurts us so that we cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you. [Even when a person does not lose wages because her pay is continued by her employer as a gratuity or as compensation for disability, this person may nevertheless recover damages for impairment of earning capacity.]

"[And,] a person may have an earning capacity in excess of the wages paid him or her in the job that he [or she] happens to have at the time of the injury."

Evidence of wages paid is but one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earning capacity of these plaintiffs themelves, and not some standard of a normal person in their position, that furnishes the test.

Therefore, you may consider evidence of what the plaintiffs did until their injuries, what the plaintiffs' interests were, what the plaintiffs' training and experience had been, what the plaintiffs' talents were, and generally what they were like in order to help determine their capacity to earn since the accident and into the future. You may not take into account anything that is merely possible, speculative, or imaginative. Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.

- 64 -

If the plaintiffs had the ability to earn money before the accident and you find there was a period of time after he/she the incident that, by reason of the injury caused by the defendant Town, he/she was unable to exercise the necessary body or mental function to earn money, then that is an area which he/she is entitled to have you consider.

*Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

*Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity, and [any] future diminution of earning capacity, you should add up each of these damages to arrive at the total award.   There must not be any overlapping of the various elements constituting the damages. The total sum must be fair compensation for the entire injury, no more and no less.

*Rodgers v. Boynton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

## VIOLATIONS OF M.G.L. C. 12 §§11 H AND I

The plaintiffs in this case also allege that the defendants violated the Massachusetts Civil

Rights Act (G.L. c. 12, §§ 11 H and 11 I), which provides, in pertinent part:

> Any person whose exercise or enjoyment of rights secured by the constitution or
> laws of the United States, or of rights secured by the constitution or laws of the
> commonwealth, has been interfered with, or attempted to be interfered with, [by
> any person by means of threats, intimidation or coercion], may [bring an action
> for money damages].In order to prevail on a claim under the Massachusetts Civil
> Rights Act, the plaintiff must prove by a preponderance of evidence the following
> three elements:
>
> 1.      [his/her] exercise or enjoyment of rights secured by the Constitution or laws of
> either the United States or of the Commonwealth,
>
> 2.      has been interfered with, or attempted to be interfered with, by the defendant, and
>
> 3.      the interference or attempted interference was by threats, intimidation, or
> coercion.

G.L. c. 12, § 11 I.

*Swanset Dev. Corp. v. City of Taunton,* 423 Mass. 390, 395, 668 N.E.2d 333, 337 (1996); *Sarvis
v. Boston Safe Deposit and Trust Co.,* 47 Mass. App. Ct. 86, 91, 711 N.E.2d 911, 917 (1999);
*Reproductive Rights Network v. President of the Univ. of Mass.,* 45 Mass. App. Ct. 495, 505, 699
N.E.2d 829, 837 (1998); *Freeman v. Planning Bd. of West Boylston,* 419 Mass. 548, 564, 646
N.E.2d 139, 148, *cert. denied,* 516 U.S. 931 (1995); *Bally v. Northeastern Univ.,* 403 Mass. 713,
717, 532 N.E.2d 49, 51-52 (1989); *see also LaManque v. Massachusetts Dept. of Employment &
Training,* 3 F. Supp.2d 83, 93 (D. Mass. 1998); *French v. United Parcel Serv., Inc.,* 2 F. Supp.2d
128, 133 (D. Mass. 1998); *Brum v. Town of Dartmouth,* 428 Mass. 684, 707-08, 704 N.E.2d
1147, 1162 (1999); *Sarvis v. Boston Safe Deposit and Trust Co.,* 47 Mass. App. Ct. 86, 91, 711
N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.,* 45
Mass. App. Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

The Massachusetts Civil Rights Act protects rights secured by the Constitution or laws of the United States, or rights secured by the constitution or laws of this Commonwealth, only against interference or attempted interference "by threats, intimidation or coercion:  Those words must be applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate.

When considering whether the defendants threatened, intimidated, or coerced the plaintiffs, you are to consider the issue with an objective standard, that is, whether a reasonable person in the plaintiffs' circumstances would be threatened, intimidated, or coerced by the defendants' conduct.  In determining how a reasonable person would react in the same circumstances, you may consider how other persons actually responded to events in this case.

In order to recover under the Massachusetts Civil Rights Act, the plaintiffs must prove by a preponderance of the evidence that the interference or attempted interference with the secured right involved an actual or potential physical confrontation accompanied by a threat of harm.

The term "threat" involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.

The term "intimidation" means the putting in fear for the purpose of compelling or deterring conduct.

The term "coercion" means "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Stated differently, "coercion" is the active domination of another's will, or the use of physical or moral force to compel another to act or assent, or to refrain from acting or assenting.

If the defendants' words could reasonably be under-stood only to express an intention to use lawful means to hinder the plaintiffs, those words would not be a threat, intimidation, or coercion actionable under the Massachusetts Civil Rights Act.  In other words, a threat to use lawful means to reach an intended result is not action-able under Section 11I.

The defendants' fear of business disruption, fear for economic loss, or fear for physical safety are not justifications for acting in violation of the Massachusetts Civil Rights Act.

*Freeman v. Planning Bd. of West Boylston,* 419 Mass. 548, 564, 646 N.E.2d 139, 149, *cert. denied,* 516 U.S. 931 (1995).  *See also LaManque v. Massachusetts Dept. of Employment & Training,* 3 F. Supp.2d 83, 93 (D. Mass. 1998); *French v. United Parcel Serv., Inc.,* 2 F. Supp.2d 128, 133 (D. Mass. 1998); *Brum v. Town of Dartmouth,* 428 Mass. 684, 707-08, 704 N.E.2d 1147, 1161-62 (1999); *Sarvis v. Boston Safe Deposit and Trust Co.,* 47 Mass. App. Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.,* 45 Mass. App. Ct. 495, 505-10, 699 N.E.2d 829, 837 (1998).

*Pheasant Ridge Assocs. Ltd. P'ship v Town of Burlington,* 399 Mass. 771, 781, 506 N.E.2d 1152, 1159 (1987); *Smith v. Longmeadow,* 29 Mass. App. Ct. 599, 603, 563 N.E.2d 697, 699 (1990).

*Planned Parenthood League of Mass., Inc. v. Blake,* 417 Mass. 467, 474-75, 477, 631 N.E.2d 985, 990-91, *cert. denied,* 513 U.S. 868 (1994).  *See also Tedeschi v. Reardon,* 5 F. Supp.2d 40, 46 (D. Mass. 1998).

*Planned Parenthood League of Mass., Inc. v. Blake,* 417 Mass. 467, 473-75, 631 N.E.2d 985, 989, *cert. denied,* 513 U.S. 868 (1994) (rejecting argument that facts did not establish an actual or potential physical confrontation accompanied by a threat of harm, "proof of which has been an element of [Massachusetts Civil Rights Act] claims," and observing, in footnote 8, that "[t]he Massachusetts Civil Rights Act was enacted in response to deprivations of secured rights by private individuals using violence or threats of violence amounting to racial harassment.  Our cases holding that the Massachusetts Civil Rights Act was violated have involved actual or potential physical confrontations involving a threat of harm"); *Longval v. Commissioner of Corr,* 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989).  *See also Tedeschi v. Reardon,* 5 F. Supp.2d 40, 46 (D. Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training,* 3 F. Supp.2d 83, 93 (D. Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.,* 47 Mass. App. Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999).  *But see Swanset Dev. Corp. v. City of Taunton,* 423 Mass. 390, 396 n.11, 668 N.E.2d 333, 338 n.11 (1996) *and Freeman v. Planning Bd. of West Boylston,* 419 Mass. 548, 566 n.18, 646 N.E.2d 139, 150 n.18, *cert. denied,* 516 U.S. 931 (1995) (Supreme Judicial Court assumed without deciding that coercion, which does not involve physical force, might violate the Massachusetts Civil Rights Act).  *See also Tortora v. Inspector*

*of Bldgs. of Tewksbury,* 41 Mass. App. Ct. 120, 123 n.7, 668 N.E.2d 876, 878 n.7 (1996) (summary judgment inappropriate when building inspector threatened to arrest plaintiff homeowner without having sought criminal complaint and without notice required by G.L. c. 143, § 51; "threats of arrest would appear to satisfy any requirement (if such there is) that there be `a physical confrontation accompanied by a threat of harm'"); *Fusaro v. Blakely,* 40 Mass. App. Ct. 120, 661 N.E.2d 1339 (1996) (affirming defendants' liability under Massachusetts Civil Rights Act when defendants, who were members of Medical Center's police force, summoned plaintiff to police station and during interview (1) told plaintiff that if he did not confess they would have him fired from his job, arrange for someone to plant drugs in his car, and arrange for his arrest; (2) searched plaintiff's clothes and body; and (3) threatened to get warrant from district attorney for plaintiff's arrest).

*Planned Parenthood League of Mass., Inc. v. Blake,* 417 Mass. 467, 474, 631 N.E.2d 985, 990, cert. *denied,* 513 U.S. 868 (1994) (quoting *Redgrave v. Boston Symphony Orchestra, Inc.,* 399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J., dissenting)); *Delaney v. Chief of Police of Wareham,* 27 Mass. App. Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("acts or language by which another is placed in fear of injury or damage").  *See also Tedeschi v. Reardon,* 5 F. Supp.2d 40, 46 (D. Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training,* 3 F. Supp.2d 83, 93 (D. Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.,* 47 Mass. App. Ct. 86, 91-92, 711 N.E.2d 911 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.,* 45 Mass. App. Ct. 495, 505, 699 N.E.2d 829, 837 (1998).  But note that, by itself, a threat to use lawful means to reach an intended result is not actionable under Section 11I. *Sena v. Commonwealth,* 417 Mass. 250, 263, 629 N.E.2d 986, 994 (1994) (citing *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington,* 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987)).

*Planned Parenthood League of Mass., Inc. v Blake,* 417 Mass. 467, 474, 631 N.E.2d 985, 990 cert. *denied,* 513 U.S. 868 (1994); *Redgrave v Boston Symphony Orchestra, Inc.,* 399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J. dissenting); *Delaney v Chief of Police of Wareham,* 27 Mass. App. Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("creation of fear to compel conduct").  *See also Tedeschi v Reardon,* 5 F. Supp.2d 40, 46 (D. Mass. 1998);

*LaManque v Massachusetts Dept. of Employment & Training,* 3 F. Supp.2d 83, 93 (D. Mass. 1998); *Sarvis v Boston Safe Deposit and Trust* Co., 47 Mass. App. Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999); *Reproductive Rights Net-work v President of the Univ. of Mass.,* 45 Mass. App. Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

*Freeman v Planning Bd. of West Boylston,* 419 Mass. 548, 565, 646 N.E.2d 139, 149 (1995); *Deas v Dempsey,* 403 Mass. 468, 471, 530 N.E.2d 1239, 1241 (1988) (quoting *Webster's New International Dictionary* at 519 (2d ed. 1959)); *Delaney v Chief of Police of Wareham,* 27 Mass. App. Ct. 398, 409, 539 N.E.2d 65, 72 (1989).  *See also Tedeschi v Reardon,* 5 F. Supp.2d 40, 46 (D. Mass. 1998); *LaManque v Massachusetts Dept. of Employment & Training,* 3 F. Supp.2d 83, 93 (D. Mass. 1998); *Sarvis v Boston Safe Deposit and Trust Co.,* 47 Mass. App. Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999); *Reproductive Rights Net-work v President of the Univ. of Mass.,* 45 Mass. App. Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

*Sena v Commonwealth,* 417 Mass. 250, 263, 629 N.E.2d 986, 994 (1994) (citing *Pheasant Ridge Assocs. Ltd. P'ship v Town of Burlington,* 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987)); *Pheasant Ridge Assocs. Ltd. P'ship .v Town of Burlington,* 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987) (citing *Bell v Mazza,* 394 Mass 176, 183, 474 N.E.2d 1111, 1115 (1985)). *See also Sarvis v Boston Safe Deposit and Trust Co.,* 47 Mass. App. Ct. 86, 93-94, 711 N.E.2d 911, 918-19 (1999); *Reproductive Rights Network v President of the Univ. of Mass.,* 45 Mass. App. Ct. 495, 506-08, 699 N.E.2d 829, 837-39 (1998).

*Redgrave v Boston Symphony Orchestra, Inc.,* 399 Mass. 93, 101, 502 N.E.2d 1375, 1379 (1987).

## **ASSAULT & BATTERY**

An assault is an attempt to offer with force and violence to do injury to a person either from malice or wantonness.  Battery requires that an unlawful touching is actually inflicted under such circumstances.   In order to sustain burden of proof, the plaintiff must show by a preponderance of the evidence:

That there was an overt act on the part of the individual defendant;
That the plaintiff had a reasonable belief or fear that physical harm to himself would result from the individual defendant's act; and
In the case of battery, that there was actually an intentional and unjustified use of force; and
The plaintiff sustained damages.

See *Glover v. Callahan,* 299 Mass. 55 (1937).  Also *Jesionowski v. Beck,* 937 F. Supp. 95, 105 (D. Mass 1996); *Noel v. Town of Plymouth,* 895 F. Supp. 346, 354 (D. Mass. 1995); *Commonwealth v. McCan,* 277 Mass. 199, 203 (1931).

To sustain an allegation of assault, the plaintiffS must show that there was an offer to do harm which was immediately accompanied by an ability of the individual defendant to do such harm.

See *Ross v. Michael,* 246 Mass. 126, 140 (1923).

- 73 -

While an assault is an attempt to do another some personal harm, it is not necessary that the plaintiff prove that the defendant actually touched the person.  However, a battery requires proof that there was an intentional and unjustified use of force.

See *Lesaint v. Weston,* 301 Mass. 136 (1938).

## DAMAGES UNDER M.G.L. C. 12 §11 I

A plaintiff under G.L. c. 12, § 11I is entitled to compensatory monetary damages but not punitive damages.

M.G.L. c. 17, § 11I.

See *Gardner v. Governor Apartments Assoc.,* 396 Mass. 661, 663 n.2, 488 N.E.2d 3, 5 n.2 (1986).

_/s/ Jeffrey L. McCormick_
Jeffrey L. McCormick. Esq./BBO# 329740
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
(413)732-2301/Fax (413) 785-4658

## CERTIFICATE OF SERVICE

I, Jeffrey L. McCormick, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this 24th day of August, 2006.

Subscribed under the penalties of perjury.

_/s/ Jeffrey L. McCormick_
Jeffrey L. McCormick, Esq.

456874