UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and <br> MATTHEW BOGACZ, <br>     Plaintiffs <br><br> v. <br><br> TOWN OF AGAWAM, TOWN OF AGAWAM <br> POLICE DEPT., AGAWAM POLICE CHIEF <br> ROBERT CAMPBELL, ANTHONY GRASSO, <br> JAMES WHEELER, RICHARD NILES, <br> KEITH BOPKO, JOHN MOCCIO, <br> OFFICER MCGOVERN, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF, DEBORAH ST. PETER'S CRIMINAL RECORD PRIOR TO MARCH 24, 2002**

NOW COME the Plaintiffs in the above-captioned matter and respectfully request that this Honorable Court exclude any and all evidence of the Plaintiff, Deborah St. Peter's, criminal record prior to the date of the incident at issue, March 24, 2002. In support thereof, the Plaintiffs state that Federal Rule of Evidence 404 (b), dictates that, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The Plaintiffs further state that introduction of such evidence is unduly prejudicial and irrelevant to the matters now before this Court. Fed. R. Evid. 410, 403.

In this action, the Plaintiffs allege that the Defendants, individually and as a whole, violated their civil rights. The Plaintiff St. Peter's criminal record is, therefore, not relevant, as it does not have, "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even should this Court determine that her criminal record is

1

relevant, the "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury …." Fed. R. Evid. 403. The Defendants would only attempt to introduce such evidence for the highly prejudicial and inadmissible purpose of showing that the Plaintiff St. Peter acted in conformity with alleged prior acts, thereby, validating the Defendants' reaction on the night in question. The Plaintiff St. Peter, however, has not been convicted with any crime for which she was arrested on the night in question. Evidence of any prior crimes, therefore, is completely irrelevant to this action.

WHEREFORE, the Plaintiffs respectfully requests that this Court exclude from evidence, from testimony, and from any reference in any opening or closing statements reference to the Plaintiff St. Peter's criminal record prior to March 24, 2002.

Dated: August 24, 2006

THE PLAINTIFFS
DEBORAH ST. PETER &
MATTHEW BOGACZ

By: /s/ Dawn D. McDonald
Dawn D. McDonald, Esq., BBO # 647256
Cooley, Shrair, P.C.
1380 Main Street
Springfield, MA 01103
(413) 781-0750
(413) 733-3042 (facsimile)

### CERTIFICATE OF SERVICE

I, Dawn D. McDonald, Esq., hereby certify that on this 24th of August, 2006, I caused the foregoing document to be served upon all the Defendants the above Motion in Limine, via E-mail, as follows: Jeffrey L. McCormick, Esq., Robinson Donovan, 1500 Main Street, Suite 1600, P. O. Box 15609, Springfield, MA 01103; jmccormick@robinson-donovan.com

/s/ Dawn D. McDonald
Dawn D. McDonald, Esq.

96336