UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and | ) |
| MATTHEW BOGACZ, | ) |
|       Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF AGAWAM, TOWN OF AGAWAM | ) |
| POLICE DEPT., AGAWAM POLICE CHIEF | ) |
| ROBERT CAMPBELL, ANTHONY GRASSO, | ) |
| JAMES WHEELER, RICHARD NILES, | ) |
| KEITH BOPKO, JOHN MOCCIO, | ) |
| OFFICER MCGOVERN, | ) |
|       Defendants | ) |

## PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF PRIOR CIVIL SUITS AGAINST THE TOWN OF AGAWAM INVOLVING CLAIMS OF VIOLATIONS OF CITIZENS' CIVIL RIGHTS

NOW COME the Plaintiffs in the above-captioned matter and respectfully request that this Honorable Court allow evidence of any and all prior lawsuits, claims, prosecutions and actions involving violations of citizens' civil rights, to which the Defendant, the Town of Agawam, or any other named Defendant herein, has been a party, other than the within action. As grounds therefore, the Plaintiffs state that introduction of such evidence is relevant to the matters now before this Court, specifically with respect to Count II of the Plaintiffs' complaint against the Town of Agawam alleging that the Town violated a duty owed to the Plaintiffs to exercise reasonable care in hiring, supervising and training of its employees.

The Plaintiffs further state that they have the burden to establish that the "supervisors knew, of should have known, that the Defendants were very likely to violate constitutionally protected rights of members of the public," in order to substantiate a claim for negligent

24334 \ 1 \ 96264

supervision and hiring. *See generally* Dobos v. Driscoll, 404 Mass. 634. The Town of Agawam, in its Answers to Plaintiff, Deborah St. Peter's, First Set of Interrogatories, states that there are four cases wherein allegations of a violation of civil rights were made by the Plaintiffs therein. In one of the cases, Brunelle v. Town of Agawam, 3:01-cv-30098-KPN, Officer Richard Niles was a defendant. Since the time of that case, Officer Niles has been promoted to Sergeant and is now a Defendant in this case; the Plaintiffs allege that he made death threats when he booked them on March 24, 2002. In Gutierrez-Rodriguez v. Cartagena et al., 882 F.2d 553 (1989), the United States Court of Appeals, First Circuit, lays out the test used to determine whether introduction of such "prior bad acts" evidence is admissible. "We must first ask whether the evidence of prior bad acts was introduced for a legitimate purpose." … If it was introduced for a proper purpose, we next determine whether considerations of substantial prejudice require its suppression under Rule 403." *Id.* at 572.

The decision in Gutierrez allows introduction of evidence of other crimes, wrongs, or acts for many purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *Id.* at 572. Gutierrez involves a 42 U.S.C. § 1983 complaint filed by the plaintiff against police officers. The plaintiff in that case sought to introduce "case files concerning past civilian complaints against the defendant." *Id.* at 571. The Court determined that as the "evidence was not used to prove conduct … the evidence could only be used against [the officer] to show gross lapses in the supervision and discipline of [the officer]." *Id.* at 572. The evidence admitted, "helped the jury determine whether the responses of [the supervisors] to the complaints against [the officer] were improper and whether the disciplinary system was sorely inadequate." *Id.* at 573. The Court, therefore, determined that

24334 \ 1 \ 96264

as the "case-file evidence was highly probative on the issue of the supervisory liability of [the supervisors]," such evidence was rightly admitted. *Id.*

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court allow evidence of any and all prior lawsuits, claims, prosecutions and actions involving violations of citizens' civil rights to which the Defendant, the Town of Agawam, or nay other named Defendant herein, has been a party, other than the within action.

Dated: August 24, 2006

THE PLAINTIFFS
DEBORAH ST. PETER &
MATTHEW BOGACZ

By:      *Dawn D. McDonald*
Dawn D. McDonald, Esq., BBO # 647256
Cooley, Shrair, P.C.
1380 Main Street
Springfield, MA 01103
(413) 781-0750
(413) 733-3042 (facsimile)

## CERTIFICATE OF SERVICE

I, Dawn D. McDonald, Esq., hereby certify that on this 24th of August, 2006, I caused the foregoing document to be served upon all the Defendants the above Motion in Limine, via E-mail, as follows: Jeffrey L. McCormick, Esq., Robinson Donovan, 1500 Main Street, Suite 1600, P. O. Box 15609, Springfield, MA 01103, jmccormick@robinson-donovan.com.

*Dawn D. McDonald*
Dawn D. McDonald, Esq.

24334 \ 1 \ 96264