UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH ST. PETER and<br>MATTHEW BOGACZ,<br><br>Plaintiffs,<br><br>vs.<br><br>TOWN OF AGAWAM, TOWN OF<br>AGAWAM POLICE DEPT., AGAWAM<br>POLICE CHIEF ROBERT CAMPBELL,<br>ANTHONY GRASSO, JAMES WHEELER,<br>RICHARD NILES, KEITH BOPKO, JOHN<br>MOCCIO, OFFICER MCGOVERN,<br><br>Defendants | ) Case No.: 04-30054-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROPOSED INTRODUCTORY STATEMENT AND VOIR DIRE QUESTIONS

The Plaintiffs, Deborah St. Peter and Matthew Bogacz, by and through their undersigned attorney, hereby submit a suggested introductory statement to the Court and questions for use in examining the prospective panel of trial jurors on voir dire.

## INTRODUCTORY STATEMENT

Jury selection is also called voir dire, an ancient term meaning to "speak the truth". Voir dire questions are designed to assess a potential juror's qualifications. This is your time to speak the truth about what is in your mind and heart that could affect your willingness and ability to fairly apply the law to the facts presented by the evidence. Both sides are entitled to a fair trial by an impartial jury and the Court should know whether there is any prejudice or prejudgment that would prevent you from basing the verdict solely on the law and the evidence presented at trial.

Although the law will be given by the Court, the facts are the province of the jury. This duty and privilege of juries insures a fair trial and requires that citizens be willing to participate in the justice system by sitting as jurors in trials. Citizens may not always wish to take the time and effort from other activities in their lives and evaluate the testimony, documents, exhibits, and other evidence in light of the legal requirements set down by the Congress and the courts. The importance of a citizen jury to the justice system requires that any imposition on our personal lives be sacrificed in order to ensure a fair trial. Jury duty can be interesting and rewarding and can also be a great sacrifice and a difficult personal effort. A citizen's private opinions and desires may conflict with those obligations, but a jury must be willing to base the verdict solely upon the evidence presented in the trial. Only in this way can fairness and justice under law prevail.

In any court case, there may be exhibits or testimony that is tedious or even disturbing, to evaluate. This is the serious business of jury duty. The importance of the jury to our system rests in the jury's promise to be objective in finding the facts necessary to arrive at a verdict. This courageous and adult endeavor makes the privilege of providing such service one of the rewards of being a member citizen of this great nation.

## FACTS OF CASE

On or about March 24, 2002 Plaintiffs Deborah St. Peter and Matthew Bogacz were approached by Defendant Officer Grasso in the parking lot of the apartment building where St. Peter lived. A melee ensued in which the Plaintiffs claim the Defendants used a level of force against the them which included the physical striking of both Plaintiffs by the Defendants and the use of pepper spray against Bogacz. From the altercation both Plaintiffs have suffered physical, mental, and emotional harm.

Thereafter, Plaintiffs filed a civil complaint against the Defendants alleging violations of their civil rights pursuant to 42 U.S.C. § 1983 as well as the First, Fourth, Fifth, and Fourteenth Amendments.  Plaintiffs also allege violations of M.G.L. c.258 §4 by the Defendants, intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery, conspiracy to violate their civil rights, violations of M.G.L. c.12 §111, false imprisonment, and abuse of process.

The Defendants allege that the use of force was both justified and appropriate.

## GENERAL VOIR DIRE QUESTIONS

The Plaintiffs submit that the general questions required by statute and routinely asked of the venire panels in this Court will fairly and adequately determine their qualifications to serve on the jury in this matter.  In light of the admonitions given and understandings achieved with a proper introductory statement and commitment, as suggested above, the presumption should be that the panel of jurors would responsibly follow the oath of the jury and follow the instructions of the Court as required by law.

The Plaintiffs propose the following voir dire questions:

Ladies and gentlemen, without judging the opinions, views, agenda, effectiveness, or value of any particularized organization or group, the Court would like to know whether any of you have affiliations which relate to the subject matter of this case.

1) Do you have any affiliations with any police organization in the Commonwealth of Massachusetts or any other state?
2) Have you or has any member of your household or extended family ever worked for any law enforcement agency or otherwise contracted with such an agency?
3) Have you or any member of your household or extended family ever filed or been involved in a lawsuit involving police brutality?

4) Have you or any member of your household or extended family ever filed a complaint or complained of civil rights violations?

5) Have you or any member of your household or extended family ever been affiliated with any military or paramilitary organization?

6) Have you or any member of your household or extended family ever worked for the Town of Agawam through employment, contract, or otherwise?

7) Have you or any member of your household or extended family ever been employed by any municipal, state, or federal government?

8) Have you or any member of your household or extended family ever been affiliated with any civil rights organizations?

THE PLAINTIFFS,
Deborah St. Peter and
Matthew Bogacz

Date: August 24, 2006                                By: _____
                                                          Dawn D. McDonald, Esq.
                                                          BBO# 647256
                                                          Cooley, Shrair P.C.
                                                          1380 Main Street, 5th Flr.
                                                          Springfield, MA 01103
                                                          Tel: (413) 781-0750
                                                          Fax: (413) 733-3042

## CERTIFICATE OF SERVICE

I, Dawn D. McDonald do hereby certify that I made service of the foregoing document on this 24th day of August, 2006, by electronic mail to: Jeffrey L. McCormick, Esq., Robinson Donovan, P.C., 1500 Main Street, P. O. Box 15609, Springfield, MA 01115-5609; jmccormick@robinson-donovan.com.

_____
Dawn D. McDonald, Esq.

-4-