UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

DEBORAH ST. PETER and )
MATTHEW BOGACZ, )
        Plaintiffs, )
  )
  )
  )
  )
vs. )
  )
  )   CIVIL ACTION NO.: 04-30054-MAP
TOWN OF AGAWAM, TOWN OF )
AGAWAM POLICE DEPT., AGAWAM )
POLICE CHIEF ROBERT CAMPBELL, )
ANTHONY GRASSO, JAMES WHEELER, )
RICHARD NILES, KEITH BOPKO, JOHN )
MOCCIO, OFFICER MCGOVERN, )
        Defendants )
  )
  )

## PLAINTIFFS' REQUESTED JURY INSTRUCTIONS

### A. Violation of 42 U.S.C. §1983

1. The Plaintiffs claim that the Defendants, while acting under color of authority of the State of Massachusetts as members of the Police Department of the City of Agawam intentionally violated the Plaintiffs' constitutional rights. The constitutional rights that the Plaintiffs claim the Defendants violated are:

    1) The right not to be deprived of liberty without due process of law; and

    2) The constitutional right to be free from the use of excessive force during an arrest.

    Under the Constitution of the United States, a citizen has both the right to his liberty and the right not to be arrested without due process of law. He also has the right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even thought the arrest may otherwise be proper.

    A person may sue for an award of monetary damages against anyone who, "under color" of any State law or custom, intentionally violates his rights under the Constitution of the United States.

The Plaintiffs must prove each of the following by a preponderance of the evidence:

> 1) That the Defendants intentionally committed acts that violated one or more of the Plaintiffs' Federal constitutional rights that I have described to you;

> 2) That in so doing the Defendants acted "under color" of the authority of the State of Massachusetts; and

> 3) That the Defendants' acts were the legal cause of the Plaintiffs' damages.

*Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir. 1989).

2. State or local officials act "under color" of the authority of the State when they act within the limits of their lawful authority. However, they also act "under color" of the authority of the State when they act without lawful authority or beyond the bounds of their lawful authority if their acts are done while the officials are purporting or pretending to act in the performance of their official duties. An official acts "under color" of state authority if he abuses or misuses a power that he possesses only because he is an official.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Monroe v. Pape,* 365 U.S. 167, 184 (1961); *United States v. Classic*, 313 U.S. 299, 326 (1941).

3. In addition to their claims against the individual police officers whom the Plaintiffs claim violated their constitutional rights, the Plaintiffs are suing superior officials, in this case the Chief of Police, Robert Campbell, and the City of Agawam. To recover against these superior officials, the Plaintiffs must show that Chief Campbell and the City of Agawam had a legal duty to act to prevent the misdeeds of the police officers and that Chief Campbell's and the City of Agawam's failure to act amounted to gross negligence or deliberate indifference of Plaintiffs' rights.

The Plaintiffs claim that the City of Agawam, a municipality, is liable for the alleged constitutional deprivations. A city is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision. Therefore, if you find that the Plaintiffs were injured as the proximate or legal result of the City of Agawam's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the city itself will be responsible.

The Mayor, Richard A. Cohen, and the city council of Agawam both constitute officials whose acts amount to final official policy of the City of Agawam. Therefore, if you find that the acts of the Mayor and/or city council deprived the Plaintiffs of constitutional rights, the City of Agawam is liable for such deprivations.

*Carmouche v. Auster Oil and Gas, Inc.*, 488 U.S. 848 (1988).

4. The first aspect of the Plaintiffs' claim is that they were arrested and deprived of liberty "without due process of law." This means they were deprived of liberty without authority of law. You must first decide whether the Defendants committed the acts that the Plaintiffs claim they committed; and, if so, you must then decide whether the Defendants were acting within or beyond the bounds of their lawful authority under State law. If the Defendants acted within the limits of their lawful authority under State law, then they did not deprive the Plaintiffs of any right "without due process of law."

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

5. The second aspect of the Plaintiffs' claim is that the Defendants used excessive force in making the arrest. Every person has the constitutional right not to be subjected to unreasonable or excessive force while being arrested by law enforcement officers, even if such arrest is otherwise proper. However, in making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to complete the arrest. You must determine whether the force used in making the arrest of the Plaintiffs was unnecessary, unreasonable or excessively violent. The force used in making an arrest is unnecessary, unreasonable or excessively violent if the arresting officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances.

The Plaintiffs must prove by a preponderance of the evidence that the act or failure to act by the Defendants was a cause-in-fact of the damage Plaintiffs suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiffs must also prove by a preponderance of the evidence that the act or failure to act by the Defendants was a proximate cause of the damage Plaintiffs suffered. An act or omission is a proximate cause of the Plaintiffs' injures or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

*Anderson v. Nosser,* 456 F.2d 835 (5th Cir. 1972).

## B. Damages for 42 U.S.C. §1983 Violations

1. If you do find that the Defendants are guilty of the Plaintiffs' accusations, then the Plaintiffs may be entitled to compensatory damages based on any injuries incurred as a result of the Defendants' misconduct. This includes damages based on monetary loss, physical pain and suffering, or demonstrable mental and emotional distress. Under §1983, Plaintiffs may also recover for any impairment of reputation or personal humiliation.

*Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000).

2. If you find that the Defendants have violated the Plaintiffs' constitutional rights as protected by 42 U.S.C. §1983, punitive damages are also available as a remedy for the Plaintiffs. This is true if the Defendants' conduct is shown to be motivated by evil

motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. In gauging punitive damages, keep in mind that the purpose of punitive damages is to punish the defendant and to deter him or her and others from similar conduct in the future.

*Smith v. Wade*, 461 U.S. 30, 56 (1983); *Vasbinder v. Scott,* 976 F.2d 118, 121 (2nd Cir. 1992).

3. The factors for you to consider in determining the applicability of punitive damages are:

   1) Whether the Defendants' conduct was violent or presented a threat of

   violence;

   2) Whether the Defendants acted with malice as opposed to mere negligence;

   and

   3) Whether the Defendants have engaged in repeated instances of misconduct.

*BMW of North America v. Gore*, 116 S.Ct. 1589 (1996).

4. Three guideposts you may use in determining the amount of punitive damages are:

   1) The degree of reprehensibility of the tortuous conduct;

   2) The ratio of punitive damages to compensatory damages; and

   3) The difference between this remedy and the civil penalties authorized or imposed in comparable cases. *Id.*

## C. Negligent Supervision

1. A public employer may be held liable for negligent supervision of its public employee who commits an intentional wrong during the course of his employment. The doctrine of negligent supervision of agents requires that a principal whose agents are brought into contact with members of the public has a duty to exercise reasonable care in the supervision and retention of the agents. The courts have ruled that individual police chiefs and commissioners may be held personally liable to citizens if they fail to supervise, train, investigate, discipline or take remedial action with regard to troubled police officers appropriately.

Mass. Gen. Laws Ch. 258, §2; *Tambolleo v. Town of West Boylston*, 34 Mass. App. Ct. 526, 533 (1993); *Sheehy v. Town of Plymouth*, 948 F. Supp. 119, 126 (D. Mass. 1996); *Melendez v. City of Worcester*, 870 F. Supp. 11, 14 (D. Mass. 1994); *Foster v. The Loft, Inc.*, 26 Mass. App. Ct. 289 (1988); *Doe v. Blandford*, 402 Mass. 831 (1988); *Mullins v.*

*Pine Manor College*, 389 Mass. 47 (1983); *Brown v. Knight*, 362 Mass. 350 (1972); *Vannah v. Hart Private Hosp.*, 228 Mass. 132 (1917)*; Camilo-Robles v. Hoyos*, 151 F.3d 1, 13 (1st Cir. 1998); *Diaz v. Martinez*, 112 F.3d 1, 4 (1st Cir. 1997).

2. Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case. After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by these Defendants. In determining whether or not the Defendants acted with reasonable care, you are to consider not only whether they knew of the risks involved, but also whether they should have known of the risks.

The test is an objective one. If you find that the Defendants did exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then you must find that the Defendants did not breach their duty of reasonable care to the Plaintiffs, and your verdict will be for the Defendants. If, however, you find that the Defendants did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that the Defendants breached their duty of care to the Plaintiffs.

*Romano v. Massachusetts Port Auth.*, 3 Mass.App.Ct. 765, 330 N.E.2d 495 (1975) (rescript) and Restatement (Second) of Torts § 290 (1965).

## D. Intentional Infliction of Emotional Distress

In this case, the Plaintiffs are claiming that the Defendants by their conduct intentionally or recklessly caused infliction of emotional distress. It is not necessary for the plaintiff to prove that physical injury resulted from the severe emotional distress. In order to recover, the Plaintiffs must prove by a preponderance of the evidence that:

1) The Defendants intended to inflict emotional distress or that the Defendants, knew or should have known that emotional distress was likely to result from their conduct;

2) The Defendants' conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3) The Defendants' conduct caused the Plaintiffs' emotional distress, and

4) The emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000);

*Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218, 696 N.E.2d 953, 957 (1998); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

1. In order to prove intentional infliction of emotional distress, the Plaintiffs must prove that the Defendants acted either with the desire or knowledge that emotional distress would result from their conduct or that they should have known that their conduct would cause the Plaintiffs to suffer emotional distress.  *Id.*

## E. Negligent Infliction of Emotional Distress

1. The law in this Commonwealth is that a person may be awarded compensation for negligently inflicted emotional distress in addition to whatever compensation he or she receives for physical pain and suffering caused by another's negligence.  In order to recover for negligently inflicted emotional distress the Plaintiffs must prove that:

    1) The Defendants were negligent;

    2) They suffered emotional distress;

    3) Their distress was caused by the Defendants' negligence;

    4) Their emotional distress is related to a physical harm that is manifested by objective symptomatology; and

    5) That a reasonable person would have suffered emotional distress under the circumstances of the case.

    *Payton v. Abbott Labs,* 386 Mass. 540 (Mass. 1982).

2. Keep in mind that the outrageous and intentional nature of a defendant's conduct permits a jury to infer that the plaintiff suffered genuine emotional distress.  *Id.*

## F. Assault and Battery

1. Massachusetts law recognizes a tort action commonly knows as "assault and battery". This tort action consists of two elements: an assault and a battery. But an action will lie for either tort.  An assault consists of the intentional creation of an apprehension of immediate physical harm by means of an overt act or gesture.

    Nolan & Sartorio, Massachusetts Practice, Tort Law, ss 11 (1995); Restatement (Second) of Torts, Sec. 21.

2. An assault is an intentional tort. Intent must be distinguished from the act itself and the motive underlying the act. "Intent is concerned with consequences of [the] movement; motive, with reasons for desiring certain consequences.  Intent covers a broader range than just the desire to bring about a particular result. It extends not only to those consequences which are desired, but also to those which the actor does." There must be

more than ".... mere knowledge and appreciation of the risk ..." There is no liability for the negligent creation of an apprehension of harm. The intent required is the intent to make the victim apprehensive of immediate physical harm. It is not necessary to prove that the Defendants intended to inflict bodily harm; rather, it is the intent to produce a reasonable apprehension of immediate bodily harm. It is not necessary to prove hostility towards the Plaintiffs on the part of the Defendants.

Prosser and Keeton on Torts (5th ed. 1984), Sec. 8, p. 35; Restatement, (Second), Torts Sec. 28; Restatement, Second, Torts Sec. 34.

3. A battery consists of intentional and unjustified use of force upon the person of another, however slight. A battery is an intentional tort, though it is sufficient if the Plaintiffs proves that the Defendants intended the act. It is not necessary to prove that the Defendants intended the specific harm which befell the Plaintiffs. It is the conduct, then, which must be intended, not the result. Conduct which is negligent or even grossly negligent is not sufficient. It must be willful, wanton and reckless because such conduct, in legal contemplation, is intentional, though the Defendants might think that they are acting carefully.

Restatement (Second) of Torts, Sec. 13; Restatement, Second, Torts, Sec. 16; *Com v. Welansky*, 316 Mass. 383, 398-399 (Mass. 1944).

## G. **False Imprisonment**

1. False imprisonment is the intentional and unlawful confinement of a person, directly or indirectly, of which the person confined is conscious or by which the person is harmed. The plaintiff has brought a claim alleging that the defendant is liable for false imprisonment. To prove false imprisonment, the plaintiff must prove the following elements by a fair preponderance of the evidence:

   1) That the Defendants unlawfully confined the Plaintiffs, directly or indirectly;

   2) That the Defendants intentionally confined the Plaintiffs; and

   4) That the Plaintiffs were either conscious of the confinement or harmed by the confinement.

*Noel v. Town of Plymouth,* 895 F.Supp. 346, 354 (D.Mass. 1995); *see Sarvis v. Boston Safe Deposit and Trust,* 47 Mass.App.Ct. 86, 97-98, 711 N.E.2d 911, 919, *further app. rev. denied,* 430 Mass. 1106, 717 N.E.2d 1015 (1999); Restatement (Second) Torts § 35, False Imprisonment. *See Noel v. Town of Plymouth,* 895 F.Supp. 346, 354 (D.Mass. 1995).

## H. **Abuse of Process**

1. To recover for abuse of process, the Plaintiffs must prove to you by a preponderance of the evidence that the Defendants:

    1) used legal process

    2) for an ulterior or illegitimate purpose

    3) resulting in damage to the Plaintiffs.

    *Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 775–76, 489 N.E.2d 185, 195 (1980); *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 340 N.E.2d 484 (1976).

2. "Process" refers to papers issued by a court to bring a party or property within the jurisdiction of the court.

    *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 390, 340 N.E.2d 484, 486 (1975).

## I. **Violation of M.G.L. c.12 §11I**

1. The Plaintiffs in this case allege that the Defendants violated the Massachusetts Civil Rights Act (G.L. c. 12, §§ 11H and 11I), which provides, in pertinent part:

    Any person whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of the Commonwealth, has been interfered with, or attempted to be interfered with, by any person by means of threats, intimidation or coercion, may bring an action for money damages.

    In order to prevail on a claim under the Massachusetts Civil Rights Act, the Plaintiffs must prove by a preponderance of evidence the following three elements:

    1) The Plaintiffs' exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth,

    2) has been interfered with, or attempted to be interfered with, by the Defendants, and

    3) the interference or attempted interference was by threats, intimidation, or coercion.

    *Swanset Dev. Corp. v. City of Taunton*, 423 Mass. 390, 395, 668 N.E.2d 333, 337 (1996); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

2.  To establish the first element of their claim, the Plaintiffs must prove by a preponderance of the evidence that they were engaged in the exercise or enjoyment of rights secured by the Constitution or by the laws of the United States or of the Commonwealth.

     The term "secured" means "created by, arising under or dependent upon," rather than "fully protected." A right is secured by the Constitution or laws if it emanates from the Constitution or from the laws; if it finds its source in the Constitution or the laws of the United States or of the Commonwealth.

*Deas v. Dempsey*, 403 Mass. 468, 470–71, 530 N.E.2d 1239, 1241 (1988); *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 99, 502 N.E.2d 1375, 1378–79 (1987); *Elwood v. Pina*, 815 F.2d 173, 177 (1st Cir. 1987).

3.  The third element of the Plaintiffs' claim is that the Defendants interfered with or attempted to interfere with the Plaintiffs' enjoyment of secured rights by threats, intimidation, or coercion. The Massachusetts Civil Rights Act protects rights secured by the Constitution or laws of the United States, or rights secured by the constitution or laws of this Commonwealth, only against interference or attempted interference "by threats, intimidation or coercion." Those words must be applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate.

*Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 781, 506 N.E.2d 1152, 1159 (1987); *Smith v. Longmeadow*, 29 Mass.App.Ct. 599, 603, 563 N.E.2d 697, 699 (1990).

4.  When considering whether the Defendants threatened, intimidated, or coerced the Plaintiffs, you are to consider the issue with an objective standard, that is, whether a reasonable person in the Plaintiffs' circumstances would be threatened, intimidated, or coerced by the defendant's conduct. In determining how a reasonable person would react in the same circumstances, you may consider how other persons actually responded to events in this case.

*Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474–75, 477, 631 N.E.2d 985, 990–91, *cert. denied*, 513 U.S. 868 (1994). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998).

5.  In order to recover under the Massachusetts Civil Rights Act, the Plaintiffs must prove by a preponderance of the evidence that the interference or attempted interference with the secured right involved an actual or potential physical confrontation accompanied by a threat of harm.

*Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 473–75, 631 N.E.2d 985, 989, *cert. denied*, 513 U.S. 868 (1994).

6.  The term "threat" involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm. *Id.*

7.  The term "intimidation" means the putting in fear for the purpose of compelling or deterring conduct. *Id.*

8.  The term "coercion" means "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Stated differently, "coercion" is the active domination of another's will, or the use of physical or moral force to compel another to act or assent, or to refrain from acting or assenting.

    *Freeman v. Planning Bd. of West Boylston,* 419 Mass. 548, 565, 646 N.E.2d 139, 149 (1995); *Deas v. Dempsey*, 403 Mass. 468, 471, 530 N.E.2d 1239, 1241 (1988).

## J.  Compensatory Damages

1.  If you find for the Plaintiffs you must determine Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. "Damages" means the amount of money that will reasonably and fairly compensate the Plaintiffs for the deprivation of their rights caused by the Defendants. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence. The rule of damages is a practical instrumentality for the administration of justice. Its object is to afford the equivalent in money for the actual loss caused by the wrong of another. You must consider what amount of money would be full, fair and reasonable based on all the evidence. The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination.

    You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

    1)  The reasonable cost of Plaintiffs' medical care and hospitalization;

    2)  Plaintiffs' physical or emotional pain and mental anguish.

    3)  Punitive damages as explained in these instructions.

    *Rombola v. Cosindas,* 351 Mass. 382, 385 (Mass. 1966).

2.  The law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

    *Biondo v. City of Chicago*, 2002 U.S. Dist. LEXIS 3463 (N.D.Ill. 2002).

**K.  Punitive Damages**

1.  In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

   If you find in favor of the Plaintiffs and against the Defendants then, in addition to any other damages to which you find Plaintiffs entitled, you may, but are not required to, award Plaintiffs an additional amount as punitive damages if you find it is appropriate to punish the Defendants or deter the Defendants and others from like conduct in the future. Whether to award the Plaintiffs punitive damages and the amount of those damages are within your sound discretion.

   You may assess punitive damages against any and all defendant police officers or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

*Smith v. Wade,* 461 U.S. 30, 56 (1983).

                                        THE PLAINTIFFS,
                                        Deborah St. Peter &
                                        Matthew Bogacz


Date:  August 24, 2006              By: _____
                                        Dawn D. McDonald, Esq.
                                        BBO# 647256
                                        Cooley, Shrair P.C.
                                        1380 Main Street, 5th Flr.
                                        Springfield, MA 01103
                                        Tel:  (413) 781-0750
                                        Fax:  (413) 733-3042

CERTIFICATE OF SERVICE

   I, Dawn D. McDonald, do hereby certify that I made service of the foregoing document on this 24th day of August, 2006, by via hand delivery to: Jeffrey L. McCormick, Esq., Robinson Donovan, P.C., 1500 Main Street, P.O. Box 15609, Springfield, MA 01115-5609; jmccormick@robinson-donovan.com .

                                        _____
                                        Dawn D. McDonald, Esq.

96253