UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and <br> MATTHEW BOGACZ, <br>     Plaintiffs <br><br> v. <br><br> TOWN OF AGAWAM, TOWN OF AGAWAM <br> POLICE DEPT., AGAWAM POLICE CHIEF <br> ROBERT CAMPBELL, ANTHONY GRASSO, <br> JAMES WHEELER, RICHARD NILES, <br> KEITH BOPKO, JOHN MOCCIO, <br> OFFICER MCGOVERN, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT PRE-TRIAL MEMORANDUM OF THE PARTIES

Plaintiffs' Concise Statement of the Evidence

The Plaintiffs will establish that the Defendants violated and deprived them of their civil rights as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and by the Commonwealth of Massachusetts, M.G.L. c. 12, §11 I; by actions of deliberate indifference toward their rights, negligence in supervising the officers of the Agawam Police Department, and by intimidating, threatening and beating the Plaintiffs.

The Plaintiffs will further show that the Defendants' actions in the early morning hours of March 24, 2002, were intentional, reckless, extreme and outrageous, beyond all bounds of decency, and utterly intolerable in a civilized community; and that these actions caused them significant physical and emotional injuries and distress. The Plaintiffs' evidence will further show that the Defendant Police Officers assaulted and battered the Plaintiffs thereby causing them to suffer physical and emotional injuries.

The Plaintiffs will further demonstrate that by their actions the Defendants unlawfully and intentionally confined them against their will, without right or privilege and further that by

1

their actions, the Defendants used legal process for improper purposes and otherwise perverted the case of legitimate process.

The Plaintiffs will present the testimony of Mr. Lou Reiter who will testify that the policies and procedures employed by the Defendant Town of Agawam Police Department were antiquated and that the Defendants actions did not conform to generally accepted principals and practices of the average police officer/department. Mr. Reiter will further testify that should a fact finder find the Plaintiffs' credible, that the Defendants violated department policies by *inter alia*, employing improper uses of force against the Plaintiffs. Mr. Reiter will further testify regarding a "wall of silence" and that certain evidence in this case indicates that the Defendants have built a "wall of silence" in this case.

The Plaintiffs will also introduce testimony of Ms. Phyllis DeLucchi, an independent, impartial eye witness to certain of the events of March 24, 2002, thereby offering independent corroboration to many of the Plaintiffs' allegations.

The Plaintiffs further intend to prove that the Agawam Police Department has a history of allegations such as the Plaintiffs' against it, such that both the Town and the Department supervisors knew or should have known that its officers were inadequately supervised and likely to violate the civil rights of the citizens of Agawam, including the Plaintiffs.

The Plaintiffs will produce evidence in the form of testimony, documentary evidence, and medical and psychiatric records, demonstrating both the physical and emotional distress they have suffered, as well as the consequential damages that they suffered due to the actions of the Defendants.

<u>Defendants' Concise Statement of Evidence</u>

The Defendants vigorously deny the allegations set forth in the Plaintiffs' Complaint, and vigorously deny any liability in this matter. As will be seen by the two narratives by the initial patrolmen on the scene (Anthony Grasso and James Wheeler), and as will be seen by the

testimony of the various officers who responded at the scene, this matter began as a routine stop of a motor vehicle shortly after midnight on March 24, 2002 because the vehicle was traveling sixty miles an hour in a residential forty mile per hour zone. The matter quickly escalated because of the actions of the plaintiffs, and nothing more. In addition, without stating facts exhaustively here, the police officers who arrived at the scene and who have been deposed will testify as to what was seen, heard and done at the scene and later at the Agawam Police Station, as well as testify concerning their observation of the Plaintiffs themselves.

Statement of Facts

1. On March 24, 2002, Officer Anthony Grasso followed the Plaintiffs into the parking lot of the Sheri Lane Condominium complex in which they resided.

2. Plaintiff Bogacz was outside of the vehicle and walking toward his residence when Officer Grasso arrived.

3. Plaintiff St. Peter was still in the vehicle when Officer Grasso arrived.

4. Officer Grasso asked Plaintiff Bogacz for his license.

5. Plaintiff Bogacz asked why the Officer wanted his license.

6. Officer Grasso decided to place Plaintiff Bogacz under arrest.

7. Officers James Wheeler, Theresa Moccio, Paul Chenevert, Brian Strong, Robert Burke, Sgt. Stephen Grasso, Edward McGovern, Keith Bopko, and Andrew Parelli were dispatched to Sheri Lane.

8. Both Plaintiffs were arrested.

9. Plaintiff Bogacz was charged with disorderly conduct, two counts of assault and battery on a police officer, resisting arrest, fail to stop for police, speeding, and assault and battery with a dangerous weapon.

10. Plaintiff St. Peter was charged with disorderly conduct, resisting arrest and assault and battery on a police officer.

11.  Sgt. Richard Niles was the booking Sergeant who booked the Plaintiffs.

12.  The Plaintiffs treated at the Noble Hospital Emergency Room.

13.  Records of the District Court reflect that on 11/6/02 the charge against Mr. Bogacz of Assault & Battery with a Dangerous Weapon was disposed via a Nolle Prosequi. On the charges of Fail to Stop for Police, sufficient facts were found but continued without guilty finding until 11/6/04. On the charge of Disorderly Person, the court also imposed a fine of $200.00, costs of $200.00, and a victim witness assessment of $50.00. The charge of Assualt & Battery on a Police Officer (two counts) and resisting arrest were continued without finding until 11/6/04. On 11/22/04 the continued cases were dismissed on recommendation of the Probation Department. Finally, on the offense of Speeding, the record reflects that Mr. Bogacz was found "responsible" and the case was filed with his consent.

## Contested Issues of Fact

All facts, other than those cited above, are contested issues between the parties in this case.

## Jurisdictional Questions

None.

## Questions Raised by Pending Motions

There are no motions pending at this time.

## Issues of Law/Evidentiary Questions

The Plaintiffs have filed separately this date, Motions in Limine raising various evidentiary issues to be decided by the Court.

## Amendments to Pleadings

None.

Additional Matters to Aid in Disposition of the Case

A confidentiality agreement has been agreed to by the parties. Plaintiffs have signed this agreement and at least one of the Defendants has signed. Defense counsel will be following up on the status of the Defendants' signatures and once obtained will file the agreement with the Court.

Probable Length of Trial

Two weeks, ½ days, jury trial.

Plaintiffs' Witnesses

| | |
|---|---|
| Matt Bogacz<br>14 Riverview Place, 2nd Floor<br>Chicopee, MA 01014 | Robert D. Campbell<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 |
| Deborah St. Peter<br>42 Sibley Avenue<br>West Springfield, MA 01089 | Jennifer Blanchette<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 |
| Lou Reiter<br>Lou Reiter & Associates<br>58 Smith Avenue<br>Greenville, RI 02828 | Robert Burke<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 |
| Phyllis DeLucci<br>38 Sheri Lane<br>Agawam, MA 01001 | Anthony S. Grasso<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 |
| Theresa Moccio<br>681 Mill Street<br>Feeding Hills, MA 01030 | Edward McGovern<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 |
| Brian Strong<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 | Keith Bopko |
| Paul Chenevert<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 | Minden Nevada<br><br>Steven Grasso<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001 |
| James M. Wheeler<br>Agawam Police Department<br>36 Main Street | |

| |  |
|---|---|
| Agawam, MA 01001<br><br>Richard Niles<br>Agawam Police Department<br>36 Main Street<br>Agawam, MA 01001<br><br>Roland J. Dymon<br>60 Deering Street<br>Agawam, MA 01001 | |

The Plaintiffs will testify as to the allegations in their complaint. Phyllis DeLucchi was a resident of Sheri Lane and an eye witness to events of the altercation between the Plaintiffs and the Agawam Police. Lou Reiter is Plaintiffs expert in police department policy and procedure and will testify as to the matters contained in his report.

The listed police officers and named Defendants will be examined with regard to their involvement in the incident which lead to this complaint and the investigation which followed.

Defendants' Witnesses

The Defendants intend to testify on their own and to call and examine all of the individuals named in the Plaintiffs' List of Witnesses. Further, the Defendants will testify as to the allegations against them in the Plaintiffs' Complaint. Finally, Thomas Fitzgerald, a professor at American International College on State Street in Springfield, Massachusetts, will testify as to the appropriateness of the level of force used in the Plaintiffs' arrests and the adequacy of supervision within the Agawam Police Department. He will also refute the Plaintiffs' expert's claims of a "code of silence" among the Agawam Police Officers. Mr. Fitzgerald has been deposed and his report has already been produced.

Proposed Exhibits

Agreed to:

1. All officers' training records produced in discovery.

2. Tow Report

3.  Witness Statement of Steven Grasso

4.  Narrative by Anthony Grasso

5.  Narrative by James Wheeler

6.  Supervisors Investigation Report

7.  Agawam Police Policy and Procedure Manual in effect at time of incident

8.  Updated Agawam Police Policy and Procedure Manual

9.  Supplemental Narrative of Anthony Grasso re: 3/24/02 Incident

10. Police Department Call Log for 3/23/03-3/24/02

11. Police Dispatch Log re call #02-3585 on 3/24/02

12. Arrest Report for Matthew Bogacz dated 3/24/02

13. Arrest Report for Deborah St. Peter dated 3/24/02

14. Plaintiff's Noble Hospital Emergency Room Records and pictures taken.

15. Plaintiff's M.G.L. C. 258 Demand Letter.

16. Plaintiff's photographs of Matthew Bogacz produced in conjunction with his response to Request for Production of Documents.

17. Plaintiff's photographs of Deborah St. Peter produced in conjunction with his response to Request for Production of Documents.

18. Records regarding injuries sustained by Anthony Grasso during incident.

19. Records regarding injuries sustained by James Wheeler during incident.

With Objection:

1.  All disciplinary documents and civilian complaints and investigations thereof related to Keith Bopko.

2.  All disciplinary documents and civilian complaints and investigations thereof related to Anthony Grasso.

3.  All disciplinary documents and civilian complaints and investigations thereof related to Brian Strong.

4.  All disciplinary documents and civilian complaints and investigations thereof related to Theresa Moccio.

5. All disciplinary documents and civilian complaints and investigations thereof related to Robert M. Burke.

6. All disciplinary documents and civilian complaints and investigations thereof related to Paul J. Chenevert.

7. Relevant portions of Plaintiff's Psychological Records

8. Documents re: damages disclosed in discovery

9. Report of Lou Reiter dated May 11, 2006

10. Report of Thomas Fitzgerald dated June 9, 2006

11. 3/24/02 Agawam Police Department "Report of the Chief of Police" as to the injuries to Matthew Bogacz

12. Six pages of documents from the Springfield District Court relating to charges against Matthew Bogacz.

## Jury Instructions

Jury instructions will be submitted independently by the parties.

RESPECTFULLY SUBMITTED BY:

| THE PLAINTIFFS, | THE DEFENDANTS, |
|---|---|
| Deborah St. Peter & Matthew Bogacz | Town of Agawam, et. als. |

By: ____/s/____
Dawn D. McDonald, Esq.
BBO# 647256
Cooley, Shrair P.C.
1380 Main Street
Springfield, MA 01103
(413) 781-0750
(413) 733-3042 (fax)

By: ____/s/____.
Jeffrey L. McCormick, Esq.
BBO# 329740
Robinson, Donovan, P.C.
1500 Main Street
Springfield, MA 01115
(413) 732-2301
(413) 785-4658 (fax)

## CERTIFICATE OF SERVICE

I, Dawn D. McDonald, do hereby certify that I made service of the foregoing document on this 24th day of August, 2006, by electronic mail, to Jeffrey L. McCormick, Esq., Robinson, Donovan P.C., 1500 Main Street, P. O. Box 15609, Springfield, MA 01115; jmccormick@Robinson-Donovan.com

96255

____/s/____.
Dawn D. McDonald, Esq.