UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and | ) |
| MATTHEW BOGACZ, | ) |
|     Plaintiffs | ) |
| vs. | ) |
| | ) |
| TOWN OF AGAWAM, TOWN OF AGAWAM | ) |
| POLICE DEPT., AGAWAM POLICE CHIEF | ) |
| ROBERT CAMPBELL, ANTHONY GRASSO, | ) |
| JAMES WHEELER, RICHARD NILES, | ) |
| KEITH BOPKO, JOHN MOCCIO, | ) |
| OFFICER MCGOVERN, | ) |
|     Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE AND PROTECT PORTIONS OF THE PLAINTIFF,
MATTHEW BOGACZ'S, PSYCHIATRIC RECORDS**

The plaintiffs have moved in limine to exclude any evidence of the plaintiff, Matthew Bogacz's, psychiatric records. According to their motion, both plaintiffs began treatment with a therapist as a result of and following the incident with the Agawam police on March 24, 2002. Neither plaintiff is objecting to the admission of any records from March, 2002 through December, 2003. The plaintiff, Matthew Bogacz, is, however, seeking that any psychiatric records concerning his treatment after December, 2003 be excluded on the grounds of relevance. Mr. Bogacz claims that after December, 2003, he continued to treat with the same therapist "but for a completely separate and distinct issue which has absolutely no bearing or relevance to the matters now before the Court". He also represents that there is only one reference to the situation with the Agawam police in those records.

459786

The defendants and their counsel have not had any opportunity to review any of the plaintiff's psychiatric records including those which plaintiff Bogacz now seeks to exclude. The plaintiff's counsel has represented that she will make those records available to the defendants' counsel subject to a confidentiality agreement which has not yet been fully executed by the parties. The defendants respectfully request that they be granted an opportunity to review *all* of the plaintiff's psychiatric records, including those relating to Matthew Bogacz after December, 2003, in order to determine whether they wish to have them admitted at trial. These records may be highly relevant on the issue of Mr. Bogacz's credibility, particularly if they contain accounts of the incident which are inconsistent with the his trial or deposition testimony or admissions by a party opponent which are admissible under Rule 801(d)(2) of the Federal Rules of Evidence.

WHEREFORE, the defendants respectfully urge that the Court deny the plaintiffs' motion without prejudice to renew the motion after the defense have had full opportunity to review the plaintiff's psychiatric records and determine if they wish to have them admitted at trial.

THE DEFENDANTS
TOWN OF AGAWAM, TOWN OF AGAWAM POLICE DEPT., AGAWAM POLICE CHIEF ROBERT CAMPBELL, ANTHONY GRASSO, JAMES WHEELER, RICHARD NILES, KEITH BOPKO, JOHN MOCCIO, OFFICER MCGOVERN

By_____*/s/Jeffrey L. McCormick*_____
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 329740
jmccormick@robinson-donovan.com

459786

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of September, 2006.

                                                        */s/Jeffrey L. McCormick*
                                           Jeffrey L. McCormick, Esq.

459786