UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and | ) |
| MATTHEW BOGACZ, | ) |
|     Plaintiffs | ) |
| vs. | ) |
| | ) |
| TOWN OF AGAWAM, TOWN OF AGAWAM | ) |
| POLICE DEPT., AGAWAM POLICE CHIEF | ) |
| ROBERT CAMPBELL, ANTHONY GRASSO, | ) |
| JAMES WHEELER, RICHARD NILES, | ) |
| KEITH BOPKO, JOHN MOCCIO, | ) |
| OFFICER MCGOVERN, | ) |
|     Defendants | ) |

**DEFENDANTS' OPPOSITION TO:**

**(1) PLAINTIFFS' MOTION IN LIMINE TO ALLOW EVIDENCE OF PRIOR CIVILIAN COMPLAINTS AND INVESTIGATIONS CONDUCTEDIN RESPONSE THERETO CONCERNING ANY AGAWAM POLICE OFFICER INVOLVED IN THE INCIDENT OF MARCH 24, 2002; AND**

**(2) PLAINTIFFS' MOTION IN LIMINE TO ALLOW EVIDENCE OF PRIOR CIVIL SUITS AGAINST THE TOWN OFAGAWAM INVOLVING CLAIMS OF VIOLATIONS OF CITIZENS' CIVIL RIGHTS**

The plaintiffs have moved *in limine* requesting that the Court allow evidence of any and all prior civil complaints and investigations conducted in response thereto to which the defendant, Town of Agawam, the named defendants herein or any officer involved in the incident of March 24, 2002 has been a party. The plaintiff has also moved *in limine* that the Court allow any evidence of any and all prior lawsuits, claims, prosecutions, and actions involving claims of violations of citizens' civil rights to which the defendant, Town of Agawam, or any other named defendants herein has been a party, other than in this action. The defendants respectfully urge that both of these motions be denied on the grounds that such evidence is not

459791

admissible for any legitimate purpose, and will unfairly prejudice the defendant officers as well as the Town.

The admissibility of prior civil suits and prior civilian complaints is governed by the same set of rules. Generally, under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith although it may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Here, although the past incidents could conceivably be admitted to prove that the Town and the police chief had knowledge that certain officers were the subject of other complaints, whatever probative value this may have is outweighed by the strong likelihood of prejudice to the defendants. Rule 403.

The defendants represent that there have been four cases where an allegation of a violation of civil rights was brought against the Town of Agawam or its officers. Each of these suits was vigorously defended by the Town and settled by its insurance carrier with releases from the plaintiffs and no admissions of liability on the part of the Town or any individuals. The mere fact that such suits were brought against the Town of Agawam and the named individuals does not, of course, make them admissible in this case. The plaintiffs contend that there are also "numerous civilian complaints concerning potential civil rights violations and documents concerning investigations thereof" which the plaintiffs are requesting be allowed into evidence in advance of trial. Virtually all of these complaints were unsubstantiated civilian complaints that were investigated by the police department and found to be completely unwarranted. The plaintiffs have made absolutely no showing that any of these complaints are probative on any issue in this case including whether "the supervisors knew or should have known that the Agawam police officers in question were likely to violate the citizen's civil rights and failed to

459791

discipline any of the officers for their conduct," which is the only relevance ground stated in their motion.

In *Carter v. District of Columbia*, 795 F.2d 116 (D.C. Cir. 1986), the U.S. Court of Appeals for the D.C. Circuit held that the trial court had abused its discretion and committed reversible error by admitting evidence of prior complaints and lawsuits against the D.C. police department in a § 1983 excessive force case. In *Carter*, the plaintiffs alleged that the individual officers had violated their constitutional rights by engaging in a series of acts during an arrest including pointing weapons and shooting at them without cause, striking one of them with a pistol and kicking him in effecting his arrest, etc. The plaintiffs also brought a claim against the District of Columbia and its police chief under *Monell* contending that the police department had failed to adequately train, supervise, investigate and discipline its police officers and that it was the department's policy to tolerate and acquiesce in the misconduct which they had experienced. In support of their claims, the plaintiffs sought to introduce numerous types of evidence including bare complaints and pleadings, unsubstantiated by testimony, concerning alleged incidents of the use of excessive force by police officers. The evidence was offered not to establish that the incidents alleged actually occurred but to test the familiarity of the police chief and his chief lieutenant with the allegations and gauge their response to those claims with which they were familiar, in support of the *Monell* claim. The defendants contended on appeal that the trial court had committed an abuse of discretion in admitting this evidence. The Court of Appeals agreed, finding that the probative value of this evidence was far outweighed by its prejudicial effect, citing Fed. R. Evid. 403. It held that allowing specific accounts of allegations contained in newspaper articles to be read verbatim to the jury constituted "a conspicuous failure to exercise proper control by the trial judge", amounting to an abuse of discretion. *Id.* at 128.

459791

The Court of Appeals also found that the trial court abused its discretion by admitting inflammatory material from the defendant officer's individual personnel files including "highly inflammatory complaints and allegations that were unquestionably capable of causing unfair prejudice to the defendants." The Court of Appeals stated as follows:

> Permitting the jury to consider the complaint and the counts of misconduct contained in the personnel files of Officer Vanderbloemen and the other defendants presented a grave danger of unfair prejudice. Following the reading of account after account of alleged misconduct by the defendants, there was a significant risk that the jury would conclude that the evidence established the bad character of the defendants and that the defendants were likely to have acted in the same way on the night in question. Use of the "other acts" evidence for this purpose is, of course, precisely what Rule 404(b) proscribes.

*Id.* at 131.

In a § 1983 action by parents of a man shot by an officer after the man approached the officers with a gun drawn, the Court of Appeals for the Ninth Circuit held the district court did not abuse its discretion in excluding evidence about another shooting that the defendant officer was involved in three days after the instant shooting, on grounds that the marginally probative value of this evidence was substantially outweighed by the danger of unfair prejudice and that, in order to admit this evidence, the court would have to have a "full-blown trial within this trial" so that the marginal value of the evidence was substantially outweighed by the danger of confusion of the issues, misleading the jury, or undue delay and waste of time. *Duran v. City of Maywood*, 221 F.3d 1127, 54 Fed. R. Evid. Serv. 1451 (9th Cir. 2000).

The plaintiffs rely heavily in their motion on the case of *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989). The facts in that case stand in sharp contrast to the instant case. In *Gutierrez-Rodriguez*, there were at least 13 separate civilian complaints over a four year period against Officer Soto, the police officer who shot the plaintiff during a traffic stop. There was also evidence Soto was the subject of five other complaints the year that the

459791

plaintiff was shot and that Soto and another officer in the department had the greatest number of civilian complaints lodged against them. There was also evidence that Soto had a reputation among supervisors for having a violent character and mistreating citizens. Under these very different facts, the Court found that the case files relating to these complaints were highly probative on the issue of supervisory liability. Even though these files were not introduced to show Soto's propensity for violence or to prove that he acted in conformity with his past behavior on the night in question (which Rule 404(b) prohibits) the First Circuit also acknowledged "that the jury may have used that evidence for just such an improper purpose and may have held the prior incidents and misconduct against Soto in evaluating his case" which presented a "much closer question" as to whether the trial court abused its discretion in admitting the evidence over the defendant Soto's objections.

The defendants would submit that the *Carter* case is much closer to the instant case on the facts and that this Court should hold as the Court of Appeals did in *Carter* that any probative value that this evidence may have is far outweighed by its prejudicial effect and that it should therefore be excluded. In the alternative, given the substantial likelihood of prejudice and jury confusion, the Court should simply refrain from making any pre-trial rulings on the admission of any prior civilian complaints or law suits until the plaintiffs have satisfied the Court as to the admissibility of each and every such complaint and lawsuit that they seek to have introduced.

WHEREFORE, the defendants respectfully urge that the plaintiffs' motions *in limine* to allow evidence of prior civil suits and prior civil complaints and investigations be denied.

459791

THE DEFENDANTS
TOWN OF AGAWAM, TOWN OF
AGAWAM POLICE DEPT., AGAWAM
POLICE CHIEF ROBERT CAMPBELL,
ANTHONY GRASSO, JAMES
WHEELER, RICHARD NILES, KEITH
BOPKO, JOHN MOCCIO, OFFICER
MCGOVERN

By    */s/Jeffrey L. McCormick*
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 329740
jmccormick@robinson-donovan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of September, 2006.

       */s/Jeffrey L. McCormick*
Jeffrey L. McCormick, Esq.

459791