UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and | ) |
| MATTHEW BOGACZ, | ) |
|     Plaintiffs | ) |
| vs. | ) |
| | ) |
| TOWN OF AGAWAM, TOWN OF AGAWAM | ) |
| POLICE DEPT., AGAWAM POLICE CHIEF | ) |
| ROBERT CAMPBELL, ANTHONY GRASSO, | ) |
| JAMES WHEELER, RICHARD NILES, | ) |
| KEITH BOPKO, JOHN MOCCIO, | ) |
| OFFICER MCGOVERN, | ) |
|     Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF PLAINTIFF, DEBORAH ST. PETER'S,
CRIMINAL RECORD PRIOR TO MARCH 24, 2002**

    The plaintiffs seek to have this Court preclude any evidence of the plaintiff, Deborah St. Peter's, criminal record prior to the date of the incident, March 24, 2002, on the grounds that such evidence would be highly prejudicial, outweighing any probative value it might have.  The plaintiffs contend that the defendants would only attempt to introduce such evidence to show that the plaintiff St. Peter acted in conformity therewith on the night in question.  On the contrary, the defendants would only seek to introduce such evidence for the purpose of attacking Ms. Peters' credibility, which is specifically permitted under the Federal Rules of Evidence in certain circumstances.

    Rule 609(a) provides that for the purpose of attacking the credibility of a witness, evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to Rule 403 if the crime was punishable by death or imprisonment in excess of one year

459927

and the probative value of such evidence outweighs its prejudicial effect to the accused. Rule 609(a)(2) further provides that evidence that a witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

The plaintiff St. Peter's credibility is obviously going to be a key issue at trial. The defendants are entitled under Rule 609 to introduce evidence that Ms. St. Peter has been convicted of certain crimes for the sole purpose of attacking her credibility. Under Rule 609(b), evidence of St. Peter's prior convictions for such crimes is admissible provided that no more than 10 years has elapsed since the date of the conviction or a release from any confinement imposed for that conviction, whichever is later.

To the extent that Ms. St. Peter's criminal record contains criminal convictions which are admissible under Rule 609, they should be admitted for the sole purpose of impeaching Mr. St. Peter's credibility with an appropriate limiting instruction to the jury. Therefore, the defendants respectfully urge that the plaintiff's motion in limine to exclude evidence of plaintiff, St. Peter's, criminal record prior to March 24, 2002 be denied.

THE DEFENDANTS
TOWN OF AGAWAM, TOWN OF AGAWAM POLICE DEPT., AGAWAM POLICE CHIEF ROBERT CAMPBELL, ANTHONY GRASSO, JAMES WHEELER, RICHARD NILES, KEITH BOPKO, JOHN MOCCIO, OFFICER MCGOVERN

By    /s/Jeffrey L. McCormick
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 329740
jmccormick@robinson-donovan.com

459927

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of September, 2006.

                                                       /s/Jeffrey L. McCormick
                                                 Jeffrey L. McCormick, Esq.

459927