UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and | ) |
| MATTHEW BOGACZ, | ) |
|     Plaintiffs | ) |
| vs. | ) |
| | ) |
| TOWN OF AGAWAM, TOWN OF AGAWAM | ) |
| POLICE DEPT., AGAWAM POLICE CHIEF | ) |
| ROBERT CAMPBELL, ANTHONY GRASSO, | ) |
| JAMES WHEELER, RICHARD NILES, | ) |
| KEITH BOPKO, JOHN MOCCIO, | ) |
| OFFICER MCGOVERN, | ) |
|     Defendants | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE REPORT AND TESTIMONY OF THE DEFENDANTS' EXPERT**

The plaintiffs have moved to exclude the report and any testimony of the defendants' expert witness, Mr. Thomas F. Fitzgerald, on the grounds that Mr. Fitzgerald made numerous credibility determinations in arriving at his opinion in this case and thereby invaded the province of the fact finder. While it is true that Mr. Fitzgerald necessarily made certain credibility determinations in reaching his opinions in this case, this is no less true with respect to the plaintiffs' expert and is not sufficient reason for excluding his testimony *in limine*.

In his preliminary expert report and in his deposition testimony, Mr. Fitzgerald states that in order to accurately assess the propriety of the defendant police officer's actions, it was necessary to examine all of the available information and not simply accept the versions presented by either the plaintiffs or the defendant police officers. Mr. Fitzgerald "attempted to give each version the weight it deserves based upon the presence of supporting facts and information." Mr. Fitzgerald went on to state that in his opinion, the amount of force used on the

459682

plaintiffs was reasonable and necessary to effect their arrest and to prevent additional injury to the arresting officers and was in measured response to the level of resistance offered by them. Mr. Fitzgerald notes that the incident began with a simple motor vehicle violation and "Mr. Bogacz's refusal to produce his driver's license and to submit to the arrest." These facts are essentially undisputed. Mr. Bogacz does not dispute that Officer Grasso requested that he produce his driver's license or that he initially refused, stating to the officer, "What the f--- for ?" Nor is there any dispute between the parties as to the types of force that were subsequently used by the police in effecting the arrest, including striking with hand and fists, spraying with OC, the application of knee strikes and an arm bar takedown.

Although the plaintiffs and the defendant officers give diverging accounts as to the type and amount of resistance that the plaintiffs offered, Mr. Fitzgerald concludes that "…the arresting officers arrest narratives and depositions are very consistent [with each other] and give credibility to their version.…Additionally, the medical evidence supports the position that the force the defendant police officers claim was used was in fact the only force employed, resulting in the injuries sustained by the plaintiffs and that the arresting officers injuries are also consistent with their description of the events."

Although there is always some danger in permitting an expert witness to testify with respect to the credibility of a witness (see e.g., *United States v. Rosales*, 19 F.3d 763, 766 (1st Cir. 1994)), the court must assess whether the testimony is nevertheless relevant, that is, does the probative value of the expert's testimony outweigh the risk of any unfair prejudice under Rule 403. In this case, the probative value of Mr. Fitzgerald's testimony outweighs any potential prejudicial impact it may have on the jury.

459682

First, a portion of his testimony concerns the adequacy of the Town's procedures for monitoring and investigating citizen complaints which is not dependent on any credibility determination.

Second, to the extent Mr. Fitzgerald offers any opinion as to which version of the events appears to be more credible, the jury can and should be instructed that they are free to reject some or all of the opinions offered by the experts and that they alone are the judges of credibility.

Third, any credibility determinations made and relied upon by Mr. Fitzgerald are more than counterbalanced by those made by the plaintiff's expert. Here, plaintiffs' proffered expert, Lou Reiter, bases his entire opinion on his unquestioned acceptance of the plaintiffs' version of the events. Although Mr. Reiter states in his preliminary expert report that he is not making any credibility determinations and believes that "it would not be appropriate for someone like himself to do so without first hand knowledge of the incident or personal contact with the parties," he then goes on to relate in detail in six paragraphs the plaintiffs' version of the events as testified to in their depositions. He follows this with only one sentence presenting the defendants' view of the facts: "The officers have a totally different version of the events and deny using the types of force described by the plaintiffs." Preliminary Report at p. 12. Mr. Reiter states that "accepting these versions of the confrontation (i.e., as testified to by the plaintiffs) would indicate that the force used by members of the Agawam Police Department was contrary to generally accepted police practices and unreasonable for the circumstances of the encounter." Notably, Mr. Reiter does not offer any opinions accepting the versions of the confrontation offered by the defendants.

459682

Thus, the opinions of the plaintiffs' expert rely even more than those of the defendants' expert on assessments of credibility. If the Court is inclined to preclude Mr. Fitzgerald from testifying in whole or in part on these grounds, it must also exclude Mr. Reiter.[1] Arguably, there is no need for expert testimony for either side. The defendants' expert, Mr. Fitzgerald, conceded in his deposition that if he believed 100% of what the plaintiffs had said he would have found that the officers used excessive force and that there would have been no need for an arrest. The opinion of the plaintiffs' expert, which is based on his 100% acceptance of the plaintiffs' version of the events, is the same as Mr. Fitzgerald's with respect to the reasonableness of force used. Since it is the jury's function to assess credibility and the experts do not differ on the question of reasonable force if the jury finds that the plaintiffs' version is 100% accurate, there is no need for expert testimony on this issue.

On the other hand, both Mr. Fitzgerald and Mr. Reiter also offer opinions as to whether the Agawam Police Department put procedures in place to document the use of force by field officers and provide reasonable oversight by supervisory personnel. Mr. Fitzgerald's opinion that there was an adequate procedure in place to document the use of force by field officers and provide reasonable oversight by supervisory personnel is not based on any credibility assessment, but rather on his assessment of the reporting procedure which was actually used by the defendant officers in this case to document the arrest and the use of OC spray and the fact that there are relatively few officers in the department. Therefore, even if the Court is inclined to

---

[1] Mr. Reiter states in ¶ 3 of his report that approximately two-thirds of the 950 related cases he has been retained in are on behalf of the plaintiff. In *Beal v. Blache*, 2005 WL 352861 (D. Mass. February 14, 2005), Judge Stearns noted that Mr. Reiter who had submitted an Affidavit for the plaintiff in opposition to a motion for summary judgment in that case was also the plaintiff's expert in *Clancy v. McCabe*, 441 Mass. 311, 805 N.E.2d 44 (2004). Mr. Reiter was also the plaintiff's expert in *Gutierrez-Rodriguez v. Cartagena*, 882 F. 2d 553 (1st Cir. 1989) and *Ringuette v. City of Fall River*, 888 F. Supp. 258 (D. Mass. 1995)

459682

exclude Mr. Fitzgerald from testifying as to whether excessive force was used, he should not be precluded from offering his opinion as to these procedures.

It should be noted that in the *Rosales* case, the U.S. Court of Appeals for the First Circuit held that it was not plain error to admit the expert testimony of a child psychologist even though the court agreed that he had sent an implicit message to the jury that children who were allegedly victims of sexual abuse had testified truthfully. The court noted that the jury was also presented with expert testimony by the defendants directly contradicting the objectionable testimony offered by the psychologist and that the court had instructed the jurors that they were free to reject the opinions offered by the experts. The court went on to find that under the circumstances the psychologist's testimony was not so prejudicial to the defendant as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice. 19 F.3d 763 at 766.

Similarly, in *Hoult v. Hoult,* 57 F. 3d 1 (1st. Cir. 1995), the Court of Appeals concluded that the admission of the opinion testimony of a psychiatrist concerning repressed memory "may have crossed the line in commenting upon the plaintiff's credibility" but "did not so plainly usurp the jury's function as to constitute a violation of due process" where the psychiatrist testified she had no way of knowing if the plaintiff's allegations were true and the trial court expressly instructed the jury that they were free to reject her opinions. 57 F. 3d at 7-8.

Here, if the Court permits Mr. Fitzgerald to testify to that portion of his opinion which is based on his assessment of the parties' credibility, the jury will also hear the contradictory opinions voiced by Mr. Reiter. The jury will also be instructed by the Court that they are free to reject the opinions offered by either or both of these experts. Ultimately, it is the jury that will assess the credibility of the parties and base its verdict on that assessment whether the experts are permitted to testify or not.

459682

WHEREFORE, the defendants respectfully urge that the plaintiffs' motion in limine to exclude the report and testimony of the defendants' expert, be denied in all respects.

        THE DEFENDANTS
TOWN OF AGAWAM, TOWN OF AGAWAM POLICE DEPT., AGAWAM POLICE CHIEF ROBERT CAMPBELL, ANTHONY GRASSO, JAMES WHEELER, RICHARD NILES, KEITH BOPKO, JOHN MOCCIO, OFFICER MCGOVERN


By    /s/Jeffrey L. McCormick
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  329740
jmccormick@robinson-donovan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of September, 2006.

    /s/Jeffrey L. McCormick
Jeffrey L. McCormick, Esq.

459682