UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

| | |
|---|---|
| DEBORAH ST. PETER and <br> MATTHEW BOGACZ, <br>     Plaintiffs <br> vs. <br> <br> TOWN OF AGAWAM, TOWN OF AGAWAM <br> POLICE DEPT., AGAWAM POLICE CHIEF <br> ROBERT CAMPBELL, ANTHONY GRASSO, <br> JAMES WHEELER, RICHARD NILES, <br> KEITH BOPKO, JOHN MOCCIO, <br> OFFICER MCGOVERN, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MEMORANDUM OF LAW CONCERNING NEED FOR EXPERT TESTIMONY TO SUPPORT A *MONELL* CLAIM**

At the Pre-Trial Conference, the Court requested that the parties submit memoranda of law addressing the question of whether the plaintiffs must present expert testimony in order to support their claims under *Monell*. It is the defendant's position that expert testimony is not required.

In the case of *Kibbe v. City of Springfield*, 777 F.2d 801 (1st Cir. 1985), the plaintiff brought a 1983 action against the City of Springfield and a number of its police officers arising from an incident in which the decedent was shot in the head and killed following a motor vehicle pursuit. The case, which was tried before Judge Freedman, resulted in a jury verdict in favor of the plaintiff and against the City. The district court refused to grant the City's post trial motions and the City appealed. Affirming the judgment, the First Circuit held that the evidence presented by the plaintiff, which did *not* include any expert testimony, was sufficient to support the verdict. The Court held that based on this evidence, "a jury reasonably could have found that it was the

459931

department's gross negligence in training that caused the premature use of deadly force against [the decedent]." *Id.* at 809. Citing *Monell* and another 1983 case, the First Circuit had recently decided, *Voutour v. Vitale*, 761 F.2d 812 (1st Cir. 1985), the Court of Appeals stated in *Kibbe* that "*[e]ven without expert testimony,* we believe the plaintiff could show by a preponderance of the evidence that, for example, the failure to train police officers in how to conduct high speed chases caused the death of an innocent pedestrian struck either by a police cruiser or the suspect's car." *Id.* at 804 (emphasis added).

The defendants' counsel has not located any case or other legal authority holding or even suggesting that expert testimony is required to support a *Monell* claim. Therefore, the defendants would respectfully urge the Court to preclude the plaintiffs' expert, Lou Reiter, from testifying at trial since his testimony is not only highly prejudicial and improper (to the extent that he would be vouching for the credibility of the plaintiffs), but also because such testimony is an unnecessary waste of the Court's time and resources.

THE DEFENDANTS
TOWN OF AGAWAM, TOWN OF
AGAWAM POLICE DEPT., AGAWAM
POLICE CHIEF ROBERT CAMPBELL,
ANTHONY GRASSO, JAMES
WHEELER, RICHARD NILES, KEITH
BOPKO, JOHN MOCCIO, OFFICER
MCGOVERN

By___/s/Jeffrey L. McCormick___
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 329740
jmccormick@robinson-donovan.com

459931

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 15th day of September, 2006.

                                           */s/Jeffrey L. McCormick*
                                     Jeffrey L. McCormick, Esq.

459931