UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH ST. PETER and<br>MATTHEW BOGACZ,<br>       Plaintiffs<br>v.<br><br>TOWN OF AGAWAM, TOWN OF AGAWAM<br>POLICE DEPT., AGAWAM POLICE CHIEF<br>ROBERT CAMPBELL, ANTHONY GRASSO,<br>JAMES WHEELER, RICHARD NILES,<br>KEITH BOPKO, JOHN MOCCIO,<br>OFFICER MCGOVERN,<br>       Defendants | CIVIL ACTION NO: 04-30054-MAP |

## PLAINTIFFS' MEMORANDUM OF LAW AS TO THE NECESSITY OF PRESENTING EXPERT TESTIMONY IN SUPPORT OF THEIR CLAIMS

Now come the Plaintiffs in the above-entitled matter and respectfully request that the Court allow them to present the expert testimony of Mr. Lou Reiter in support of their claims at the trial on this matter which is currently scheduled to begin December 11, 2006. As grounds therefore, the Plaintiffs state that their claims of negligence against the Town and supervisors of the Police Department concerning its policies, negligent training and supervision and reckless indifference to the rights of its citizens, require an expert in police department policies, practices and procedures to testify as to the adequacy and propriety of those policies, practices and procedures.

One of the areas that Mr. Reiter opines upon is the inadequacy and antiquated nature of Defendants' policies and practice regarding use of force reporting. This is not an area of testimony that requires him to make credibility determinations, nor is it Plaintiffs' intent to use Mr. Reiter to bolster their credibility[1]. By way of example, if a jury were to find the Plaintiffs credible, they

---

[1] Mr. Reiter explicitly explained that he was not making credibility determinations. The statement, "accepting these versions of the confrontation..." (meaning the Plaintiffs), could also have been phrased as "if one were to believe the Plaintiffs version..." At no point in his report or deposition testimony did Mr. Reiter state that he believed the Plaintiffs, found them credible, or that he did not believe the Defendants. Rather, he gave an opinion which in part stated that if a jury is to believe the Plaintiffs, then the Defendants violated their own policies. The other half of his report entitled "Agency Issues" states, "There are significant issues arising from this case which are indicative of a police agency not responding responsibly to the control of uses of force by its officers which are contrary to reasonable and generally accepted police practices. These deficiencies are the types of inaction, omission, or adverse action that can produce an environment within a police agency where a field officer can feel comfortable using reasonable force and fell that his/her actions will not be sanctioned." This portion of his opinion does not depend on the credibility of the parties.

would then need to determine if the Defendants violated their policies and procedures and further would need to gauge for purposes of municipal and supervisory liability, the adequacy of those policies and practices and how they compare with those of other police departments and what is recommended by experts in the field for the protection of citizens' Constitutional Rights. Arguably, if a jury were to believe the Plaintiffs, then it is likely that they would find the Defendants violated their policies; however, the next step to get to the negligent supervision and training as well as municipal or supervisory liability, would be virtually impossible without expert witness testimony. The Plaintiffs would have no witness through which to introduce evidence of these claims and certainly the Defendants would not be cooperative on cross-examination. A jury needs to be educated in police methods and procedures by someone other than the biased Defendants.

While the Plaintiffs have been unable to find case law which states that the use of an expert witness to prove claims such as the Plaintiffs' is necessary, the use of expert testimony regarding proper police practices is now regularly entertained by the courts. Gonzalez Perez v. Gomez-Aguila, 296 F.Supp.2d 110, 114 (1st Cir. 2003)(Lou Reiter's testimony found to be relevant and admissible on issue of supervisory liability); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989)(crediting and quoting extensively Lou Reiter's testimony on supervisory liability and police policies and practices); Wierstak v. Heffernan, 789 F.2d 968, 973 (1st Cir. 1986); Foley v. City of Lowell, 948 F.2d 10, 14-15 (1st Cir. 1991); Samples v. City of Atlanta, 846 F.2d 1328, 1334 (11th Cir. 1988)(reversing a grant of summary judgment on grounds, *inter alia,* that the district court improperly excluded the affidavit of the Plaintiff's expert witness). Indeed, it appears to be far more common than not that Plaintiffs have employed experts in this field, and the courts have allowed their testimony.

> "An expert may be called to testify about a wide variety of police practices. Whether municipalities have provided proper training to officers, whether supervisors have properly reviewed prior complaints of misconduct, and whether the policies of a department with respect to supervision and discipline are proper are probably best litigated with the use of experts.

2

> Experts can testify whether officers have properly used police equipment, such as handcuffs and mace, or whether proper procedures have been followed in situations frequently encountered by police, but not by ordinary citizens, for example, approaching an armed suspect. Experts might be called to testify about sociological phenomena in police work, e.g., the code of silence."

MICHAEL AVERY, DAVID RUDOVSKY AND KAREN BLUM, POLICE MISCONDUCT, LAW AND LITIGATION, §11:15 (3d ed. 2005).

It is for exactly these purposes that the Plaintiffs need the testimony of Mr. Reiter. In addition to his opinions regarding the Defendants policies, practices and procedures, Mr. Reiter has opined that there is evidence that may suggest a "code of silence." Only an expert in police policies, procedures, and practices is appropriate to testify as to what a "code of silence" is. The Defendants will certainly not cooperate in their testimony on this issue and in fact deny that the phenomena occurred in this instance. If in fact a jury were to believe that a "code of silence" is present in this case, it could show that the elements of a civil conspiracy to violate the Plaintiffs' civil rights are present; i.e. that the Defendants acted in concert with one another to violate the Plaintiffs' civil rights. Without expert testimony, the Plaintiffs likelihood of success in proving this claim is drastically diminished.

The Defendants' citing the Kibbe v. City of Springfield, 777 F.2d 801 (1st Cir. 1985) case is misleading and misplaced. A full reading of the opinion reveals that the Court in that case found that the evidence of failure to train police officers, which included a number of eye witnesses, was so overwhelming that "even without expert testimony, we believe the plaintiff could show by a preponderance of the evidence that, for example, the failure to train police officers in how to conduct high speed chases caused the death of an innocent pedestrian struck either by a police cruiser or the suspects car." Id at 804. This case does not say that an expert is not needed to prove such a case, it says only that because of the overwhelming evidence in *that* case that expert testimony was not needed.

3

The Defendants' citing of <u>Voutour v. Vitale</u>, 761 F.2d 812 (1st Cir. 1985) is also misplaced. In this case the Court was deciding a motion for summary judgment and found that the plaintiff's expert's affidavit, "if admissible under Fed. R. Civ. P. 56(e)" provided additional support for the plaintiff's claims, but stated that "we need not consider the question of its admissibility since, even without it, we think there was enough evidence from which causation might reasonably be inferred to make summary judgment inappropriate." <u>Id</u> at 822. Again, this case does not stand for the proposition that an expert is not needed for claims such as the Plaintiffs' in the instant case.

It is imperative to the Plaintiffs' case that Mr. Reiter be allowed to testify. Mr. Reiter has not thus far, and will not be testifying at trial, as to the credibility of the parties. His purpose is only to educate the jury. A reading of his expert report makes clear that he has not made credibility determinations, but rather has merely stated his opinion ***if the Plaintiffs were to be believed***. (A copy of Mr. Reiter's expert report is attached hereto as Exhibit A). At Mr. Reiter's deposition, Defense counsel attempted to get Mr. Reiter to say that he had in fact made credibility determinations. Mr. Reiter explained precisely how ***he did not*** make credibility determinations and further explained his role as he understands it and how he evaluated this case. (See deposition testimony of Lou Reiter, attached hereto as Exhibit B, pp. 24-27). Additionally, as stated previously, many of his opinions remain the same regardless of who a fact finder finds credible. Mr. Reiter is qualified to testify by knowledge, skill, experience, training and education; his testimony concerns specialized knowledge of police practices; and his testimony is admissible and will assist the trier of fact in understanding and determining the issues in this case. <u>Gonzalez-Perez v. Gomez-Aguila</u>, 296 F.Supp.2d 110 (1st Cir. 2003). Because he did not make credibility determinations, his testimony does not invade the province of the jury. <u>Figueroa v. Simplicity Plan de Puerto Rico</u>, 267 F.Supp.2d 161 (1st Cir. 2003).

Plaintiffs renew their objection to the testimony of the Defendants expert for all the reasons set forth in their Motion in Limine to exclude Mr. Fitzgerald's testimony. 99% of Mr. Fitzgerald's

4

report was based upon the credibility determinations he made when he evaluated the case. Plaintiffs refer the Court to their Motion in Limine so as not to belabor the issue in this memorandum.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court allow them to introduce the testimony and report of their expert witness, Mr. Lou Reiter at the trial on this matter. Furthermore, the Plaintiffs request that the Court allow their Motion in Limine to Exclude the Testimony and Report of Defendants Expert for the reasons stated therein.

THE PLAINTIFFS
DEBORAH ST. PETER &
MATTHEW BOGACZ

Dated: September 29, 2006   By: _____
Dawn D. McDonald, Esq., BBO # 647256
Cooley, Shrair, P.C.
1380 Main Street
Springfield, MA 01103
(413) 781-0750
97669   (413) 733-3042 (facsimile)

## CERTIFICATE OF SERVICE

I, Dawn D. McDonald, Esq., hereby certify that on this 29th of September, 2006, I caused the foregoing document to be served upon all the Defendants the foregoing document, via E-mail, as follows: Jeffrey L. McCormick, Esq., Robinson Donovan, 1500 Main Street, Suite 1600, P. O. Box 15609, Springfield, MA 01103; jmccormick@robinson-donovan.com.

_____
Dawn D. McDonald, Esq.

5