UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30054-MAP

DEBORAH ST. PETER and )
MATTHEW BOGACZ, )
    Plaintiffs )
 )
v. )
 )
TOWN OF AGAWAM, TOWN OF AGAWAM )
POLICE DEPT., AGAWAM POLICE CHIEF )
ROBERT CAMPBELL, ANTHONY GRASSO, )
JAMES WHEELER, RICHARD NILES, )
KETIH BOPKO, JOHN MOCCIO, )
OFFICER MCGOVERN, )
    Defendants )

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, Plaintiffs and Defendants represent that certain information, documents and things to be produced in this action are confidential, personal and private information and request the entry of an appropriate Protective Order pursuant to Rule 26(c) of the Federal Civil Procedure; and

WHEREAS, the parties have stipulated to the entry of such an Order.

IT IS HEREBY STIPULATED AND ORDERED, that while this action is pending, or until this Order is amended or superseded, or at any time after the final resolution of this matter, the parties will follow the procedures set forth below with respect to the use of all documents listed in paragraphs 1 and 2.

1. A copy of records contained in each and every one of the Defendants' personnel files, limited to those records relevant to the allegations in the Plaintiffs' Complaint including any and all complaints, disciplinary actions and/or written warnings. As to the Defendants, Wheeler and Grasso, all personnel records which relate to any and all medical conditions alleged to have arisen from the events at issue in the Complaint. As to each and every one of the Defendants, all personnel records which relate to any psychiatric condition relevant to

1

the allegations in the Complaint. All internal affair records, including but not limited to, any or all prior and/or recent complaints, disciplinary actions and/or written warnings relevant to the allegations. Any and all internal affair records which indicate any physical and/or mental conditions relevant to the allegations in this matter.

2. All medical and mental health records, notes and related bills of the Plaintiffs including but not limited to therapy records, medical records, records of treatment for emotional and/or physical conditions.

All material described in paragraphs 1 and 2 made available to any party (the "Receiving Party") shall be treated by the Receiving Party as confidential and for use solely in connection with this litigation and any appeals and not for any other purposes.

    a) It is understood that employees or agents and experts and witnesses of a party may need access to such information as covered by this Order. Such persons shall have access if in good faith the information is reasonably necessary to assist in the prosecution or defense of this action, <u>provided</u> that, prior to such disclosure, counsel for the party disclosing Confidential Matter shall advise such person or persons that the Court has ordered that such information, and that documents or things shall be kept confidential and may not be disclosed in any form or used for any purpose whatsoever other than as necessary for the prosecution and defense of this case.

    b) If any party desires to disclose Confidential Matter to any person or persons assisting them in this litigation, other than persons identified in subparagraphs 2(a), counsel for that party shall confer with counsel for the Producing Party, in a good faith effort, to resolve the question of whether the Confidential Matter may be disclosed for the purpose or purposes sought by the Receiving Party may, at any time, apply for this Court's permission to disclose the Confidential Matter, and shall state with reasonable particularity the identity of the persons to whom such Confidential Matter

is to be disclosed, along with a description of the Confidential Matter that is to be included in such disclosure. The Producing Party shall have ten days following service of such an application, unless the time for response is otherwise shortened or lengthened by the Court, to file any objections thereto; in such cases, no disclosure shall be made until the issue has been resolved by the Court or the parties.

3. In the event that a party decides to file with or submit to the Court any Confidential Matter or information derived therefrom, or any papers containing or making reference to such Confidential Matter shall be filed with the Court in sealed envelopes on which shall be endorsed the caption of this action and a statement in substantially the following form:

CONFIDENTIAL

This envelope contains documents that are the subject of a
Confidentiality Stipulation and Protective Order. This envelope may not
be opened or the contents hereof displayed or revealed except as
provided by Order of the Court.

The first page of each of these filings, to the extent it does not already bear a notation indicating its confidential character, shall be inscribed with the phrase: "Contains Confidential Discovery Materials – Subject to Court Order." Documents filed under seal will remain under seal or be released from seal upon order of the Court and will not become part of the public record of the Action, except upon order of the Court.

4. Nothing contained in this Stipulation and Order shall:

   a) Limit a Receiving Party's use of documents and information obtained lawfully from a source other than the Producing Party;

   b) Limit, expand or restrict any party's right to resist or compel discovery with respect to materials that they claim may be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Federal Rules of Civil Procedure.

3

c) Limit or restrict the right of any party to attach to or incorporate the content of any confidential documents in any paper filed with the Court, or to show a deponent at a deposition a document that has been designated "Confidential" pursuant to the provisions of this Stipulation and Order.

5. Any party shall have the right to challenge any designation of confidentiality of a deposition by seeking further orders of this Court. Before seeking any relief from the Court under this paragraph, the parties will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

This Order may be modified in the event that the parties agree to a modification of the provisions hereof or such modification is ordered by this Court.

SO ORDERED this ___15th___ day of ~~April, 2005~~ NOVEMBER 2006.

_____
U.S. Federal District Court

**STIPULATED AND AGREED BY:**

Attorney for the Plaintiffs

_____
Dawn D. McDonald, BBO# 647256
Lisa Brodeur-McGan, BBO# 556755
Cooley, Shrair P.C.
1380 Main Street
Springfield, MA 01103
(413) 781-0750 (p)
(413) 733-3042 (fax)

Attorney for the Defendants

_____
Jeffrey McCormick, BBO# 329740
Robinson, Donovan
1500 Main Street
Springfield, MA 01115
(413) 732-2301 (p)
(413) 785-4658 (fax)

4